# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| C. M. COLLINS, N. J. LUNDY, and R. C. L. MAYS, *individually and on behalf of all others similarly situated*, §§§§ Plaintiffs, §§ v. §§ CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC., §§§§§§ Defendants. § | CIVIL ACTION NO. 4:22-cv-1073<br><br>Collective Action under<br>29 U.S.C. § 216(b)<br><br>JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Collins, Lundy, and Mays, individually and on behalf of all others similarly situated, file this Original Complaint and respectfully show as follows:

### I.    SUMMARY

1.  This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Plaintiffs worked for Defendants as Desk Adjusters whose primary responsibility was to process first-party claims such as theft, vandalism, and minor fire and water damage under personal lines of coverage. Plaintiffs routinely worked in excess of 40 hours per week but were not paid lawfully for doing so because Defendants misclassified Plaintiffs and other Desk Adjusters as independent contractors and failed to pay them overtime compensation as required by the FLSA. Plaintiffs file this suit on behalf of themselves and all other similarly-situated former and current Desk Adjusters working for Defendants ("Putative Class

Members"). Defendants' actions in failing to pay its Desk Adjusters overtime as required by the FLSA were willful.

## II.     PARTIES

2. Plaintiff Carla M. Collins ("C. M. Collins" and "Collins" herein) is an individual residing in Florida who was employed by Defendants within the meaning of the FLSA. Her consent to proceed in this action is attached as Exhibit A.

3. Plaintiff Natine J. Lundy ("N. J. Lundy" and "Lundy" herein) is an individual residing in Florida who was employed by Defendants within the meaning of the FLSA. Her consent to proceed in this action is attached as Exhibit B.

4. Plaintiff Rasheedah C. L. Mays ("R. C. L. Mays" and "Mays" herein) is an individual residing in Louisiana who was employed by Defendants within the meaning of the FLSA. Her consent to proceed in this action is attached as Exhibit C.

5. Plaintiff Collins, Lundy, and Mays (collectively, "Plaintiffs") and the similarly-situated Putative Class Members are Defendants' current and former Desk Adjusters who were misclassified as independent contractors and paid on a day rate basis.

6. Defendant Catastrophe Response Unit USA, Inc. ("CRU USA") is a for-profit corporation registered in Florida that does business in Texas and the United States. CRU USA may be served by serving its registered agent, Joseph P. Patton, at 2910 Kerry Forest Parkway, #D4-150, Tallahassee, Florida 32309.

7. Defendant Catastrophe Response Unit, Inc. ("CRU Inc.") is a for-profit corporation registered in Canada that does business in Texas and the United States. CRU Inc. may be served pursuant to Article 10 of the Hague Convention at 2001 Sheppard Ave East, Suite 810, Toronto, Ontario M2J 4Z8.

### III. JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. Defendants as employers under the Fair Labor Standards Act are subject to the overtime provisions of the FLSA with respect to Plaintiffs.

9. Venue is proper in this district as CRU USA contractually required that disputes between CRU USA and Plaintiffs be heard in Denton County, Texas, which is within this district and division. Furthermore, CRU USA is headquartered in this district and division.

### IV. COVERAGE UNDER THE FLSA

10. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cell phones, and office supplies – that have been moved in or produced for commerce by any person and in that Defendants have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members are and were[1] individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

14. Defendants provide insurance adjuster services to major insurance carriers throughout the United States and Canada.

15. Plaintiffs and Putative Class Members are current and former Desk Adjusters who worked for one or both Defendants at any time within the three years prior to the filing of this Complaint, and who worked one or more workweeks during that time in excess of 40 hours without being paid an overtime premium of time-and-one-half their regular rate for all hours over 40.

16. Despite being misclassified as independent contractors, Defendants controlled substantial aspects of Plaintiffs' work. Specifically, Defendants hired and fired, issued pay, supervised, directed, disciplined, scheduled, and performed all other duties generally associated with that of an employer with regard to Plaintiffs. Additionally, Defendants required Plaintiff to work a set schedule, provided their tools, maintained control over their opportunity for profit, and otherwise exercised the level of control over Plaintiffs typical of an employer.

17. As Desk Adjusters, Plaintiffs' primary duty was to process first-party claims such as theft, vandalism, and minor fire and water damage under personal lines of coverage. Plaintiffs performed this work remotely using the phone and internet, unlike field adjusters who go to the sites of damage and loss to investigate claims firsthand. Plaintiffs' work periods are quite

---

[1] All references to the present tense within this Complaint should be deemed to refer to past events and conditions as well, for Plaintiffs and the Putative Class Members who are not currently employed by Defendants.

measurable and highly supervised, with each having a team supervisor to supervise the quantity and quality of their work and resolve any issues that arise. If Plaintiffs' work is inadequate, they are subject to discipline by Defendants.

18. Defendants pay Plaintiffs on a day rate basis that pays a flat rate for their work on any given workday, regardless of the number of hours actually worked by the Desk Adjuster that day. Defendants dock or threaten to dock Plaintiffs' pay for various reasons outside of their control. If Plaintiffs do not perform any work in a single day, they are not paid for that day.

19. Plaintiffs routinely work over 40 hours per week. In fact, Plaintiffs frequently work in excess of 60 hours in a week. A base workweek for Plaintiffs is often 10 hours per day, Monday through Saturday, and sometimes Sunday. Defendants know that Plaintiffs work in excess of 40 hours per week and allow and direct them to work these excessive hours without paying them the overtime required by the FLSA.

20. Defendants have employed and are employing other Desk Adjusters subject to the same treatment as Plaintiffs in that they are misclassified as independent contractors and not paid overtime premiums for hours worked over 40 per workweek ("Putative Class Members").

21. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the Putative Class Members their overtime compensation due. Defendants' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

22. Defendants are liable for Plaintiffs' and the Putative Class Members' unpaid overtime wages in an amount equal to one-and-one-half times their rate of pay, plus liquidated damages in an amount equal to the unpaid overtime wages, expert witness fees, attorney fees, costs, and pre- and post-judgment interest at the highest rates allowed by law.

## VI. COLLECTIVE ACTION ALLEGATIONS

23. Plaintiffs incorporate all previous paragraphs and allege that the illegal pay practices Defendants imposed on Plaintiffs were likewise imposed on the Putative Class Members.

24. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

25. Numerous other Desk Adjusters who worked for Defendants within the three years prior to the filing of this Complaint were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

26. Based on their experiences and tenure with Defendants, Plaintiffs are aware that Defendants' illegal practices were imposed on the Putative Class Members.

27. The Putative Class Members were all improperly classified as independent contractors and not provided the overtime compensation due by law when they worked in excess of forty (40) hours per week.

28. Defendants' failure to pay wages and overtime compensation at the rates required by federal law has resulted from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members.

29. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

30. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA.

31. Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

32. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

33. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

## VII.   CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

34. The acts described in the preceding paragraphs violate the Fair Labor Standards Act of 1938, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

35. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the Putative Class Members overtime compensation. Defendants' failure to pay overtime compensation to these employees was neither reasonable nor was the decision not to pay overtime made in good faith.

36. Defendants are liable for Plaintiffs' and the Putative Class Members' unpaid overtime wages in an amount equal to one-and-one-half times their regular rate of pay, plus liquidated damages in an amount equal to the unpaid overtime wages, expert witness fees, attorney fees, costs, and pre- and post-judgment interest at the highest rates allowed by law.

37. Defendants operate an integrated, joint enterprise with respect to Plaintiffs and are jointly liable for the violations alleged by Plaintiffs in this Complaint.

## VIII.   JURY DEMAND

38. Plaintiffs demand a trial by jury.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiffs (including those who join the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (including those who join the suit);

b. For an Order awarding Plaintiffs (including those who join the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Plaintiffs (including those who join the suit) their attorneys' fees;

d. For an Order awarding Plaintiffs (including those who join the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Plaintiffs (including those who join the suit) declaratory and injunctive relief as necessary to prevent Defendants' further violations of, and to effectuate the purposes of, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,



**Kerry V. O'Brien**
Texas Bar No. 24038469

O'BRIEN LAW FIRM
TEXASEMPLOYEES.COM

1011 Westlake Drive
Austin, Texas 78746
phone: (512) 410-1960
fax: (512) 410-6171
email: ko@obrienlawpc.com

**LEAD COUNSEL FOR PLAINTIFFS**

and

*/s/ Travis Gasper*
**Travis Gasper**
Texas Bar No. 24096881

GASPER LAW, PLLC
1408 N. Riverfront Blvd., Suite 323
Dallas, Texas 75207
phone: (972) 504-1420
fax: (833) 957-2957
email: travis@travisgasper.com

**CO-COUNSEL FOR PLAINTIFFS**