**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **C. M. COLLINS, N. J. LUNDY and R. C. L. MAYS,** *individually and on behalf of all others similarly situated*, | § § § § | |
| **Plaintiffs,** | § § | |
| **VS.** | § § | **CIVIL ACTION NO. 4:22-cv-1073** |
| **CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC.,** | § § § § | |
| **Defendants.** | § § | |

## DEFENDANTS' ORIGINAL ANSWER

**TO THE HONORABLE U.S. DISTRICT JUDGE SEAN JORDAN:**

Defendants Catastrophe Response Unit, Inc. ("CRU Canada") and Catastrophe Response Unit USA, Inc. ("CRU USA") (collectively, "Defendants") hereby file this Original Answer to Plaintiffs' Original Complaint.

### I.
### SUMMARY

1.     Defendants admit that the Plaintiffs allege that this is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and that Plaintiffs claim to be filing suit on behalf of themselves and all other similarly situated former and current Desk Adjusters working for Defendants. [1]   Defendants, however, deny that this action is appropriate.  Defendants admit that Plaintiffs provided contracted with CRU USA to provide Desk Adjuster services.  Defendants deny the remaining allegations contained in this Paragraph.

---

[1] "Plaintiffs" refers to the three individuals named in the Complaint who have consented to proceed in this action.

## II.
## PARTIES

2.      Defendants admit that Plaintiff Carla M. Collins ("Collins") is an individual. Defendants are without knowledge or information sufficient to form a belief as to whether Collins resides in Florida.  Defendants deny that either Defendant employed Collins within the meaning of the FLSA.  Defendants admit that Collins provided her written consent to proceed in this action, and that her written consent is attached as Exhibit A to the Complaint.

3.      Defendants admit that Plaintiff Natine J. Lundy ("Lundy") is an individual. Defendants are without knowledge or information sufficient to form a belief as to whether Lundy resides in Florida.  Defendants deny that either Defendant employed Lundy within the meaning of the FLSA.  Defendants admit that Lundy provided her written consent to proceed in this action, and that her written consent is attached as Exhibit B to the Complaint.

4.      Defendants admit that Plaintiff Rasheedah C. L. Mays ("Mays") is an individual. Defendants are without knowledge or information sufficient to form a belief as to whether Mays resides in Louisiana.  Defendants deny that either Defendant employed Mays within the meaning of the FLSA.  Defendants admit that Mays provided her written consent to proceed in this action, and that her written consent is attached as Exhibit C to the Complaint.

5.      Defendants admit that Plaintiffs were paid on a day rate basis by CRU USA. Defendants deny the remaining allegations contained in Paragraph 5 of the Original Complaint.

6.      Defendants admit that CRU USA is a for-profit corporation registered in Florida that does business in Texas and the United States.  CRU USA answers and appears herein.

7.      Defendants admit that CRU Canada is a for-profit corporation registered in Canada. Defendants deny that CRU Canada does business in Texas or anywhere else in the United States. CRU Canada answers and appears herein.

### III.
### <u>JURISDICTION AND VENUE</u>

8.      Defendants admit that this Court has original subject matter jurisdiction to the claims as alleged pursuant to 28 U.S.C. §1331 because the claims, as alleged, involve a federal question under the FLSA.  The remainder of this Paragraph sets forth legal conclusions and questions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

9.      Defendants admit that Mays' and Collins' independent contractor agreements with CRU USA each provides that any claim or action brought regarding her independent contractor agreement must be brought in Denton County, Texas.  Defendants deny the remaining allegations contained in this Paragraph.

### IV.
### <u>COVERAGE UNDER THE FLSA</u>

10.     This Paragraph sets forth legal conclusions and questions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

11.     This Paragraph sets forth legal conclusions and questions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

12.     This Paragraph sets forth legal conclusions and questions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

13.    This Paragraph sets forth legal conclusions and questions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

**V.**
**FACTUAL ALLEGATIONS**

14.    Defendants admit CRU USA provides independent adjuster services to major insurance carriers throughout the United States, but deny that CRU USA provides independent adjuster services outside of the United States.  Defendants admit CRU Canada provides independent adjuster services to major insurance carriers throughout Canada, but deny that CRU Canada provides independent adjuster services outside of Canada.

15.    Defendants admit that Plaintiffs are independent adjusters who have provided independent adjusting services on behalf of CRU USA within the three years prior to the filing of this Complaint.  Defendants deny that this case is appropriate for a collective action and deny that "Putative Class Members" currently exist or will exist.  Defendants admit that each Plaintiff provided independent adjuster services on behalf of CRU USA in excess of 40 hours in at least one week over the last three years.  Defendants deny that any such week was a "workweek" as defined in the FLSA.  Defendants deny that any of the Plaintiffs was entitled to earn, and/or did earn, any sort of overtime premium for any hours worked over 40, including an overtime premium of one and one-half times her regular rate of pay.  Defendants deny the remaining allegations contained in this Paragraph.

16.    Defendants deny that Plaintiffs were misclassified as independent contractors. Defendants deny that they controlled substantial aspects of Plaintiffs' work.  Defendants admit that CRU USA contracted with the Plaintiffs to work as independent contractors and paid the Plaintiffs for their work.  Defendants deny the remaining allegations contained in this Paragraph.

17.     Defendants deny that all of the Plaintiffs' primary duty was to process first-party claims such as theft, vandalism, and minor fire and water damage under personal lines of coverage. Defendants admit that Plaintiffs performed their independent adjuster services for CRU USA remotely using the phone and internet.  Defendants deny the remaining allegations contained in this Paragraph.

18.     Defendants admit that Plaintiffs were paid on a day rate basis by CRU USA. Defendants further admit that if one of the Plaintiffs did not perform any work on a particular day, then she would not get paid for performing any work on that day.  Defendants deny the remaining allegations contained in this Paragraph.

19.     Defendants admit that Plaintiffs routinely performed independent adjusting services on behalf of CRU USA for over 40 hours per week.  Defendants deny the remaining allegations contained in this Paragraph.

20.     Defendants deny the allegations contained in this Paragraph.

21.     Defendants deny the allegations contained in this Paragraph.

22.     Defendants deny the allegations contained in this Paragraph.

## VI.
## <u>COLLECTIVE ACTION ALLEGATIONS</u>

23.     Defendants incorporate their answers to all previous paragraphs, and deny the remaining allegations contained in Paragraph 23 of the Original Complaint.

24.     Defendants deny the allegations contained in this Paragraph.

25.     Defendants deny the allegations contained in this Paragraph.

26.     Defendants deny the allegations contained in this Paragraph.

27.     Defendants deny the allegations contained in this Paragraph.

28.     Defendants deny the allegations contained in this Paragraph.

29.     Defendants deny the allegations contained in this Paragraph.

30.     Defendants deny the allegations contained in this Paragraph.

31.     Defendants deny the allegations contained in this Paragraph.

32.     Defendants deny the allegations contained in this Paragraph.

33.     Defendants deny the allegations contained in this Paragraph.

## VII.
## CAUSE OF ACTION:
## FAILURE TO PAY WAGES IN ACCORDANCE
## WITH THE FAIR LABOR STANDARDS ACT

34.     Defendants deny the allegations contained in this Paragraph.

35.     Defendants deny the allegations contained in this Paragraph.

36.     Defendants deny the allegations contained in this Paragraph.

37.     Defendants deny the allegations contained in this Paragraph.

## VIII.
## JURY DEMAND

38.     Defendants admit that Plaintiffs have demanded a trial by jury.

## IX.
## PRAYER FOR RELIEF

39.     Defendants deny that Plaintiffs are entitled to any relief sought.

## X.
## AFFIRMATIVE DEFENSES

40.     For further answer, if any is needed, and subject to and without waiving the foregoing denials, Defendants allege that Plaintiffs cannot maintain this action as a collective action under 29 U.S.C. § 216, because they are not similarly situated to any other independent contractors for purposes of the allegations and claims made in this lawsuit.

41.    For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants alleges that any alleged damages to Plaintiffs and the "Putative Class Members" described in Paragraph 22 of the Complaint, which Defendants continue to deny, are the result of the acts or omissions of Plaintiffs and/or the "Putative Class Members," and/or others over which Defendants have no control and for whom Defendants have no responsibility.

42.    For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that they did not employ Plaintiffs and/or the "Putative Class Members" described in Section VI of the Complaint, thus barring recovery from Defendants.

43.    For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that to the extent Plaintiffs and/or the "Putative Class Members" described in Section VI of the Complaint are not independent contractors, they most certainly would be exempt from the overtime provisions of the FLSA based on their employment in bona fide executive, administrative, or professional capacities. *See* 29 U.S.C. § 213(a)(1).

44.    For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that Plaintiffs and the "Putative Class Members" described in Section VI of the Complaint have been paid all sums legally due under the FLSA.

45.    For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that Plaintiffs and the "Putative Class Members" described in Section VI of the Complaint are not entitled to recover wages for time that is not compensable work under the FLSA.

46.     For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that Plaintiffs and the "Putative Class Members" described in Section VI of the Complaint are not entitled to recover wages for the time allegedly worked without their employer's actual or constructive knowledge.

47.     For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that Plaintiffs and the "Putative Class Members" described in Section VI of the Complaint are not entitled to recover wages for preliminary and postliminary acts under the Portal-to-Portal Act.

48.     For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that they acted in conformity with the official written interpretations of the FLSA.

49.     For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that they had reasonable grounds to believe, in good faith, that they were not violating the FLSA.

50.     For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, to the extent there are FLSA violations, if any, Defendants did not "willfully and intentionally" violate the FLSA.

51.     For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege Plaintiffs' and the "Putative Class Members" described in Section VI of the Complaint, claims for unpaid overtime wages are precluded, in whole or in part, by the FLSA's two-year statute of limitations.  *See* 29 U.S.C. § 255(a).

52.     For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that Plaintiffs and the "Putative Class Members" described in Section VI of the Complaint failed to mitigate their damages.

53.     For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants alleges that Plaintiffs' and the "Putative Class Members" described in Section VI of the Complaint, damages are reduced by the equitable doctrine of laches, because to the extent there are FLSA violations, Plaintiffs and the "Putative Class Members" failed to report these FLSA violations to Defendants or the U.S. Department of Labor so that such practices could be corrected.  Therefore, the damages alleged in this lawsuit should be reduced to the extent they were caused by the Plaintiffs' own acts and/or omissions.

54.     For further answer, if any is needed, Defendants alleges that Plaintiffs and the "Putative Class Members" described in Section VI of the Complaint failed to exhaust all administrative remedies.

55.     For further answer, if any is needed, Defendants alleges that the claims for relief of Plaintiffs and the "Putative Class Members" described in Section VI of the Complaint are limited to the extent statutory damages limitations apply.

56.     For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendants allege that they acted in conformity with the official written interpretations of the FLSA.

57.     Defendants reserve the right to assert additional defenses as permitted by the Court.

**<u>P<small>RAYER</small></u>**

Wherefore, premises considered, Defendants request judgment of the Court as follows:

1.      Plaintiffs take nothing by way of this suit;

2.      Defendants recover all costs, including attorneys' fees, expended on their behalf; and

3.      Defendants recover such other and further relief, either at law or in equity, to which they may be justly entitled.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By:    *Monte K. Hurst*
_____
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Laster
State Bar No. 24076499
KBrumbalow@hallettperrin.com

*Counsel for Defendants Catastrophe*
*Response Unit, Inc. and Catastrophe*
*Response Unit USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 24, 2023, I served a copy of the foregoing document on Plaintiffs' counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Kerry O'Brien
O'BRIEN LAW FIRM
1011 Westlake Drive
Austin, Texas 78746
KO@obrienlawpc.com

Mr. Travis Gasper
GASPER LAW, PLLC
1408 North Riverfront Boulevard, Suite 323
Dallas, Texas 75207
Travis@travisgasper.com

*Monte K. Hurst*
_____
Monte K. Hurst