UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CARLA M. COLLINS, Individually and on behalf of all others similarly situated | § § § § | |
| v. | § § | CIVIL NO. 4:22-CV-1073-SDJ |
| CATASTROPHE RESPONSE UNIT USA, INC. ET AL. | § § § | |

## PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary for the parties or third parties to disclose certain categories of confidential information relating to the subject matter of this action. The parties agree that certain categories of information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

Protection of the identified categories of confidential information is necessary because discovery in this action will require disclosure of documents that are relevant to the claims and defenses asserted, and it is likely that such documents will contain confidential personal information, financial information, and/or proprietary or trade secret information of the parties.

For good cause shown under Federal Rule of Civil Procedure 26(c), the Court grants the parties' joint request and hereby enters the following Protective Order:

## I. PROCEEDINGS AND INFORMATION GOVERNED

1. This Protective Order is made under Federal Rule of Civil Procedure 26(c). It governs any document, information, or other thing furnished by any party or third party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given, or filed in this action that are designated by a party or non-party as "Confidential Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

## II. DESIGNATION AND MAINTENANCE OF INFORMATION

2. For purposes of this Protective Order, the "Confidential Information" designation means that the document or information is comprised of: (i) proprietary information and literature; (ii) sensitive business or financial information; (iii) confidential research, development, or commercial information; (iv) trade secrets; (v) financial, technical, marketing, or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(1)(G); or (vi) other information required by law or agreement to be kept confidential including, but not limited to, confidential or sensitive personal information concerning current or former employees (such as addresses and phone numbers, social security numbers, HIPAA information, familial

information, and financial information). Confidential Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made (the "Receiving Party") unless the Receiving Party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2 above may be designated in good faith by the party or non-party producing the document or thing to the Receiving Party (the "Producing Party") as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

4. A party may designate information disclosed at a deposition as Confidential Information by requesting the court reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after receipt of the final deposition transcript to designate, in writing to the other parties and to the court reporter, whether the transcript, or portions of the transcript, are to be designated as Confidential Information. If no such designation is made at the deposition or within this fourteen (14) calendar-day period (during which period the transcript must be treated as Confidential Information, unless the disclosing party consents to non-confidential treatment of the information), the entire deposition will

be considered devoid of Confidential Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody, or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.

### III. INADVERTENT FAILURE TO DESIGNATE

5. The inadvertent failure to designate any information or documents containing information as Confidential Information will not be deemed to waive a later claim that such information is Confidential Information or to stop the Producing Party from designating such information as Confidential Information at a later date in writing and with particularity. The information must be treated by the Receiving Party as Confidential Information from the time the Receiving Party is notified in writing of the change in the designation. Within three (3) days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party or destroy, and certify in writing such destruction, any documents or tangible items that the Producing Party represents were inadvertently or mistakenly produced without the Confidential Information designation. The Receiving Party shall also destroy all copies of any such inadvertently or mistakenly undesignated information. At the same time this request is made, the Producing Party must reproduce to the Receiving Party the mistakenly undesignated information with the proper Confidential Information designation.

6. This Protective Order is intended to be an order within the meaning of Federal Rules of Evidence 502(d) and 502(e) and to be accorded scope to the fullest

extent permitted thereunder. Nothing in this Protective Order shall be construed to require disclosure of information, documents, or tangible items that counsel contends are protected from disclosure by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.

### IV. CHALLENGE TO DESIGNATIONS

7. A Receiving Party may challenge a Producing Party's designation at any time. Any Receiving Party disagreeing with a designation may request in writing that the Producing Party change the designation. The Producing Party will then have ten (10) business days after receipt of a challenge notice to advise the Receiving Party whether it will change the designation. If the parties are unable to reach an agreement after the expiration of ten (10) business days, and after the conference required under Local Rule CV-7(h), the Receiving Party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

### V. DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION

8. Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information may not be used under any circumstances for any other purpose.

9. Subject to paragraph 10 below, Confidential Information may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order and the terms in

5

paragraph 10 of this Protective Order are satisfied: (a) in the case of an individual Receiving Party, then the Receiving Party; (b) in the case of an entity Receiving Party, two (2) employees of the Receiving Party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the Producing Party in advance of the disclosure; (c) two (2) in-house counsel who are identified by the Receiving Party; (d) outside counsel for the Receiving Party; (e) employees and independent contractors of (c) and (d), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services, to whom it is necessary that the material be shown for purposes of this litigation; (f) experts and consultants; (g) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents in connection with this litigation; (h) the Court and its personnel; and (i) if the Court so elects, any other person designated by order of this Court after notice and hearing to all parties.

10. Prior to disclosing Confidential Information to an individual Receiving Party or the Receiving Party's proposed expert, consultant, or employees designated pursuant to Paragraph 9(b), such individual must provide to the Producing Party a signed Confidentiality Agreement in the form attached as Exhibit A. If the proposed individual is an expert or consultant, such individual also must provide the expert or consultant's resume or curriculum vitae, the expert or consultant's business affiliations, and a list of all other cases in which, during the previous four years, the

6

expert or consultant testified as an expert at trial or by deposition under Federal Rule of Civil Procedure 26(a)(2)(B)(v). The Producing Party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the Receiving Party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten-day objection period unless that period is waived by the Producing Party or, if any objection is made, until the parties have resolved the objection or the presiding judge has ruled upon any resultant motion.

11. Counsel for the hiring party is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

12. Confidential Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under Federal Rule of Civil Procedure 30(b)(6), and that person agrees to be bound by this Order;

(b) the person is a director, officer, employee, consultant, or agent of the Producing Party; or

7

(c) counsel for the Producing Party agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the court reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material under this paragraph does not constitute a waiver of the confidential status of such material.

## VI. NON-PARTY INFORMATION

13. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony as Confidential Information pursuant to the procedure outlined for parties in this Protective Order.

## VII. FILING DOCUMENTS WITH THE COURT

14. If any party wishes to submit to the Court information that the party seeks to keep under seal—for instance, information designated as Confidential Information—the party must also file a motion to seal pursuant to Local Rule CV-5(a)(7). The Court will evaluate such motions in accordance with the judicial-record sealing standard.[1]

---

[1] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–18 (5th Cir. 2021) (explaining that "courts are duty-bound to protect public access to judicial proceedings and records," a duty that is all too "easy to overlook" in the context of stipulated sealings, and that it is

8

Such submissions must be filed under seal on CM/ECF, if filed electronically, or, if filed in hard copy, in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**

**Carla M. Collins, et al. v. Catastrophe Response Unit USA, Inc., et al., Civ. No. 4:22-CV-1073**

**This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.**

### VIII. NO PREJUDICE

15. Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

---

inappropriate to "presum[e] that whatever satisfies the lenient protective-order standard will necessarily satisfy the stringent sealing-order standard").

## IX. Conclusion of Litigation

16. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the Producing Party all materials and documents containing Confidential Information, and to certify to the Producing Party that this destruction or return has been completed. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## X. Other Proceedings

17. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose a Producing Party's information designated as Confidential Information pursuant to this Protective Order must promptly notify that Producing Party of the motion so that the Producing Party may have an opportunity to appear and be heard on whether that information should be disclosed.

## XI. Remedies

18. It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in Federal Rule of Civil Procedure 37(b) and any other sanctions

as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

19. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

## XII. MISCELLANEOUS

20. Nothing in this Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any information designated under this Protective Order as Confidential Information provided that counsel does not disclose the material contents of the designated information in a manner not specifically authorized under this Order.

21. Nothing in this Protective Order shall be deemed to prevent the parties from introducing any information designated under this Protective Order as Confidential Information into evidence at the trial of this action, or from using any information designated under this Protective Order as Confidential Information at the trial of this action, subject to any pretrial order issued by this Court.

22. The parties may, by stipulation, provide for exceptions to this Protective Order.

23. Nothing in this Protective Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of the parties to assert any applicable discovery or trial privilege.

24. All obligations and duties arising under this Protective Order shall survive the termination of this action. The Court retains jurisdiction indefinitely over the

parties and any persons provided access to Confidential Information under the terms of this Protective Order with respect to any dispute over the improper use of such Confidential Information.

25. Nothing in this Protective Order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information. Each party shall retain the right to file a motion with the Court to: (a) modify this Protective Order to allow disclosure of information designated hereunder as Confidential Information to additional persons or entities if reasonably necessary to prepare and present this action; and (b) apply for additional protection of information designated under this Protective Order as Confidential Information. In the event a new party is added, substituted, or brought into this action, this Protective Order will be binding on and inure to the benefit of the new party, subject to the new party's right to seek relief from or modification of this Protective Order, as set forth herein.

**So ORDERED and SIGNED this 11th day of April, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CARLA M. COLLINS, Individually and on behalf of all others similarly situated | § § § § |
| v. | §   CIVIL NO. 4:22-CV-1073-SDJ |
| CATASTROPHE RESPONSE UNIT USA, INC. ET AL. | § § § |

**CONFIDENTIALITY AGREEMENT FOR ANY PARTY, EMPLOYEE OF ANY PARTY, EXPERT, OR CONSULTANT**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," as defined in the Protective Order in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as Confidential Information or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials or are to be destroyed.

Date: _____

Printed Name: _____

Signature: _____

Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CARLA M. COLLINS, Individually and on behalf of all others similarly situated | § § § § | |
| v. | § | CIVIL NO. 4:22-CV-1073-SDJ |
| CATASTROPHE RESPONSE UNIT USA, INC. ET AL. | § § § § | |

**<u>CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS</u>**

I, on behalf of [Vendor Name] (the "Vendor") hereby affirm that:

Information, including documents and things, designated as "Confidential Information," as defined in the Protective Order in the above-captioned action, is being provided to the Vendor pursuant to the terms and restrictions of the Protective Order.

I am an authorized representative of the Vendor.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree on behalf of the Vendor to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

The Vendor agrees not to use any Confidential Information disclosed to the Vendor pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those

specifically authorized by the Protective Order, without the express written consent of the party who designated the information as Confidential Information or by order of the presiding judge.

I understand that the Vendor is to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in the Vendor's custody until the completion of the Vendor's assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by the Vendor containing any Confidential Information, are to be returned to counsel who provided the Vendor with such documents and materials or are to be destroyed.

Date: _____

Vendor Name: _____

Representative Name: _____

Signature: _____