IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| C. M. COLLINS, N. J. LUNDY and R. C. L. MAYS, *individually and on behalf of all others similarly situated*, | § § § § | |
| *Plaintiffs,* | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-cv-1073 |
| CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC., | § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFFS' AND DEFENDANTS' JOINT MOTION FOR
EXTENSION OF DEADLINES**

COME NOW, all Plaintiffs and Defendants, and hereby jointly move for an extension of the deadlines in the Court's Preliminary Scheduling Order (Dkt. No. 18) by 60 days from the date of the Court's Order on this Motion for Extension. The Parties have concluded that more time is necessary due to the additional discovery needs of the Parties and the addition of six new opt-in plaintiffs to the case.

**I. BACKGROUND AND BASIS FOR MOTION**

This is a Fair Labor Standards Act collective action overtime case, filed under 29 U.S.C. §216(b). The three original Plaintiffs are former desk adjusters for Catastrophe Response Unit USA, Inc. (CRU USA), each of whom was, within the three years prior to the filing of this lawsuit, classified as an independent contractor and performed services for CRU USA in exchange for a day rate. Plaintiffs contend they were legally employees and are therefore entitled to overtime pay

1

when their work hours exceeded 40 in a workweek. Defendants contend that they were properly classified as independent contractors.

The group of workers proposed by Plaintiffs includes what they argue are similarly situated current and former desk adjusters who, within the past three years, were also classified as independent contractors and performed services for Defendants in exchange for a day rate. Plaintiffs will seek the Court's approval to issue notice to this group. As a result, this case is proceeding in two phases. Pursuant to *Swales v. KLLM Transport Services,* 985 F.3d 430 (5th Cir. 2021), "Phase 1" of the case is limited to the considerations set out within that case. As such, the Parties are conducting limited discovery relevant to the issues in Phase 1 in anticipation of Plaintiffs filing a Motion for Issuance of Notice ("Notice Motion").

On April 10, 2023, the Court issued its Preliminary Scheduling Order based on the original suggestions of the Parties. The Preliminary Scheduling Order sets out deadlines for briefing on Plaintiffs' anticipated Notice Motion, reserving standard civil deadlines for future consideration. In relevant part, the Preliminary Scheduling Order provides for a deadline of August 8, 2023 for Plaintiffs to file their Notice Motion. The Parties have acted diligently to proceed with discovery toward completion of Phase 1 within the Court's set timeframe. However, the Parties have jointly concluded that more time is necessary before the evidence and issues are ripe for briefing, given how the matter has proceeded.

Plaintiffs and Defendants have served upon one another extensive sets of written discovery requests. Defendants worked diligently in preparing responses to those requests, and served those responses upon Plaintiffs. However, Plaintiffs believe that Defendants' responses are deficient. On June 21, 2023, Plaintiffs' counsel sent Defendants' counsel an extensive deficiency letter. Plaintiffs worked diligently in preparing responses to Defendants' written discovery requests to

the Named Plaintiffs, and served most of the responses. Defendants are waiting for complete responses from Named Plaintiff R. C. L. Mays and all of the Opt-In Plaintiffs, the latter of which is due July 10, 2023. Defendants' counsel intends to send a deficiency letter to Plaintiffs' counsel to articulate their discovery concerns.

The Parties' counsel enjoy a good working relationship, have remained in communication to work toward the resolution of discovery disputes, and are confident that, through their continued work together, they will be able to resolve the discovery issues between them in this lawsuit.

The Parties have concluded that more time is necessary to resolve these discovery issues, while leaving room for the possibility that the Parties may seek the Court's intervention if they cannot resolve all material discovery issues informally. These considerations require more time than the current schedule allows.

Furthermore, this case was filed with three original Plaintiffs. Since the Court issued its Preliminary Scheduling Order, an additional six CRU desk adjusters have filed their consents to join the case. As a result, Defendants have propounded full sets of discovery on all nine participants, and seek to depose all nine in anticipation of the Notice Motion briefing. Given the scheduling of everyone involved as well as the turnaround time for the transcripts, that also requires more time than the Parties originally contemplated.

The Parties believe that they as well as the Court would be best served by careful and thorough discovery in preparation for the Notice Motion. Similarly, the Parties recognize that the current schedule has not turned out to be feasible, especially in light of the addition of six new opt-in plaintiffs. The Parties believe that the Court would be better served by allowing the Parties additional time to prepare for their respective briefing on Plaintiffs' Notice Motion. Given Plaintiffs' estimate that the potential collective could number in the low hundreds (a claim with

3

which Defendants disagree), the impact of the Court's decision on Plaintiffs' Notice Motion could have a substantial impact on the Parties.

Therefore, the Parties respectfully request that the Court extend the current August 8, 2023 deadline, by 60 days from the date of the Court's Order on this Motion for Extension, and adjust all other deadlines accordingly.

Respectfully submitted,

| For Plaintiffs: | For Defendants: |
|---|---|
| */s/ Kerry O'Brien*<br>**Kerry V. O'Brien** (lead counsel)<br>Texas Bar No. 24038469<br>O'BRIEN LAW FIRM<br><br>1011 Westlake Drive<br>Austin, Texas 78746<br>phone: (512) 410-1960<br>fax: (512) 410-6171<br>email: ko@obrienlawpc.com<br><br>and<br><br>**Travis Gasper**<br>Texas Bar No. 24096881<br><br>GASPER LAW, PLLC<br>1408 N. Riverfront Blvd., Suite 323<br>Dallas, Texas 75207<br>phone: (972) 504-1420<br>fax: (833) 957-2957<br>email: travis@travisgasper.com | */s/ Monte Hurst (by KVO w/permission)*<br>**Monte K. Hurst**<br>State Bar No. 00796802<br>monte.hurst@hallettperrin.com<br><br>**Kristen A. Laster**<br>State Bar No. 24076499<br>kbrumbalow@hallettperrin.com<br><br>HALLETT & PERRIN, P.C.<br>1445 Ross Avenue, Suite 2400<br>Dallas, Texas 75202<br>phone: (214) 953-0053<br>fax: (214) 922-4142 |