Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

```
C.M. COLLINS, N.J. LUNDY      )
AND R.C.L. MAYS,              )
INDIVIDUALLY AND ON BEHALF    )
OF ALL OTHERS SIMILARLY       )
SITUATED,                     )
                              )
     Plaintiffs,              )
                              )
VS.                           )  CIVIL ACTION NO.
                              )  4:22-cv-1073
CATASTROPHE RESPONSE UNIT,    )
INC., AND CATASTROPHE         )
RESPONSE UNIT USA, INC.,      )
                              )
     Defendants.              )
```

-------------------
VIDEOTAPED
ORAL DEPOSITION OF
RASHEEDAH MAYS
SEPTEMBER 18, 2023
-------------------

ORAL AND VIDEOTAPED DEPOSITION OF RASHEEDAH MAYS, produced as a witness at the instance of the Defendants, taken in the above-styled and -numbered cause on the 18th day of September, 2023, from 9:38 a.m. to 5:01 p.m., before Malissa K. Rudd, a Certified Shorthand Reporter in and for the State of Texas, reported by machine shorthand, at the offices of Hallett & Perrin, 1445 Ross Avenue, Suite 2400, Dallas, Texas, pursuant to the agreements as stated on the record and/or the Federal rules of Civil Procedure.

ORIGINAL

ORAL AND VIDEOTAPED DEPOSITION OF RASHEEDAH MAYS

Page 107

1  Q.  Did you delete anything off of your computer
2  before you returned it?
3  A.  I don't recall.
4  Q.  Do you recall sending your laptop in after
5  you had completed your last deployment with CRU?
6  A.  Yes.
7  Q.  And did that laptop computer have on it the
8  Excel spreadsheet that we've been talking about?
9  A.  I don't recall.
10  Q.  Do you know any reason why it wouldn't be on
11  that laptop computer?
12  A.  I don't recall.
13  Q.  Is that Excel spreadsheet that you would fill
14  out every day the only thing you recall with regard to
15  your deployments for CRU that would show what it is
16  that you worked on on particular days?
17  A.  Clarify the question.
18  Q.  Sure.
19      Were there any other files or notes that
20  would show what it is that you worked on each day
21  besides this Excel spreadsheet that you testified you
22  worked on every day?
23  A.  Yes.
24  Q.  What else?
25  A.  The CRU tracker.

Page 232

1  interrogatory are we on?
2          MR. HURST:  Number --
3      A.  That's not what this says.
4      Q.  (By Mr. Hurst)  No, it's not.  I'm sorry.
5          MR. GASPER:  No. 7.
6          MR. HURST:  Yeah.  This is No. 7.
7          THE WITNESS:  Which one?
8          MR. HURST:  Yes.  Thank you.  Okay.
9  Thank you very much, Counsel.
10     Q.  (By Mr. Hurst)  Okay.  Answer to
11 Interrogatory No. 7, you wrote that you didn't work
12 another job while working for CRU.
13     A.  Correct.
14     Q.  And you say that later on in the next page as
15 well regarding your response to Request for
16 Admission No. 9.
17     A.  Where are you at?
18     Q.  I'm sorry.  The next page, second paragraph,
19 it's the same thing.
20     A.  Okay.  I see where you're at.
21     Q.  Okay.  Super.
22          So did someone at CRU tell you that you
23 were not allowed to work another job while working for
24 CRU?
25     A.  Yes.

Page 233

1   Q.  Who?
2   A.  Tameika Williams and Olandria.
3   Q.  Was it in writing?
4   A.  Olandria's was.
5   Q.  Was it in an email?
6   A.  Yes.
7   Q.  But not Tameika's?
8   A.  Correct.
9   Q.  When is it that Tameika told you -- or
10  supposedly told you that you were not allowed to work
11  another job?
12  A.  All the time.  She didn't just tell me.  She
13  told the whole entire team several times during team
14  meetings.
15  Q.  Okay.  And how about Olandria?  When is it
16  that she supposedly told you?
17  A.  Several times during team meetings.
18  Q.  When were they or anybody else talking about
19  working another job?
20  A.  I can't speak for them.
21  Q.  And you know of at least one instance in
22  which Ms. Quinnie had it in writing?
23  A.  Correct.
24  Q.  Now, the idea that you wouldn't be able to
25  work two jobs at the same time --

1  party before the completion of the deposition and
2  that the signature is to be before any notary
3  public and returned within 30 days from date of
4  receipt of the transcript.  If returned, the attached
5  Changes and Signature Page contains any changes and
6  the reasons therefore:
7  ___ was not requested by the deponent or a
8  party before the completion of the deposition.
9      I further certify that I am neither counsel
10 for, related to, nor employed by any of the parties or
11 attorneys in the action in which this proceeding was
12 taken, and further that I am not financially or
13 otherwise interested in the outcome of the action.
14     Certified to by me this _____ day of _____,
15 2023.
16
17
18                    *Malissa Rudd* (signature)
19 MALISSA K. RUDD
   Texas CSR No. 8145
20 Expiration date: 5.31.24
   Bradford Court Reporting, L.L.C.
21 CRCB Registration No. 38
   7015 Mumford Street
22 Dallas, Texas  75252
   972.931.2799
23 kathy@bradfordreporting.com
24
25