IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| C. M. COLLINS, N. J. LUNDY, and R. C. L. MAYS, *individually, and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC.,<br><br>Defendants. | § § § § § § § § § § § § § § § § | CIVIL NO. 4:22-CV-1073-SDJ |

## PLAINTIFFS' FIRST SET OF *SWALES* DISCOVERY TO DEFENDANTS

TO: Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc., through their attorney of record, Mr. Monte K. Hurst, HALLETT & PERRIN, P.C. 1445 Ross Ave., Suite 2400 Dallas, Texas 75202.

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs C.M. Collins, N.J. Lundy, and R.C.L. Mays serve their First Set of *Swales* Discovery on Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc. Plaintiffs request that any responsive documents be delivered to Kerry O'Brien, O'BRIEN LAW FIRM, 1011 Westlake Drive Austin, Texas 78746.

Date: April 28, 2023.

Respectfully submitted,

*/s/ Kerry O'Brien*

**Kerry V. O'Brien**
Texas Bar No. 24038469
O'Brien Law Firm
1011 Westlake Drive

>Austin, Texas 78746
>email: ko@obrienlawpc.com
>phone: (512) 410-1960
>fax: (512) 410-6171
>email: ko@obrienlawpc.com
>
>and
>
>**Travis Gasper**
>Texas Bar No. 24096881
>GASPER LAW, PLLC
>1408 N. Riverfront Blvd., Suite 323
>Dallas, Texas 75207
>phone: (972) 504-1420
>fax: (833) 957-2957
>email: travis@travisgasper.com

**COUNSEL FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on April 28, 2023, a copy of the above and foregoing discovery has been served on the following counsel for Defendants via email transmission, pursuant to Local Rule CV-5(d):

Monte K. Hurst
State Bar No. 00796802
<u>Monte.Hurst@hallettperrin.com</u>

Kristen A. Laster
State Bar No. 24076499
<u>KBrumbalow@hallettperrin.com</u>

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202

>*Kerry V. O'Brien*
>**Kerry O'Brien**

L.  "PUTATIVE COLLECTIVE MEMBERS" or "PCMs" refer to Desk Adjusters who worked for Defendant(s) and were classified as independent contractors at any time from December 27, 2019, through the final disposition of this matter.

M.  "WRITING" or "WRITTEN" are intended to include, but not necessarily be limited to the following: handwriting, typewriting, computer printouts, printing, photographing, and every other means of recording upon any tangible thing or any form or combinations thereof; and it further includes any oral communication later reduced to a writing or confirmed by a letter.

N.  "ELECTRONICALLY STORED INFORMATION" includes but is not limited to all information stored, managed or maintained on or by computers, or information transmitted in electronic format by computer or other electronic device.  This term specifically includes emails, attachments to emails, facsimiles, information stored in Defendant's intranet or internet system or website, information stored within a database or server, and information kept on separate storage mediums, including but not limited to CD-ROMs, memory sticks, portable hard drives, personal digital assistants, floppy disks, backup magnetic tapes, and backup storage on Defendant's intranet or internet system or website, extranet, cache files, internet browser history files, site log files, bookmarks, and cookies.

O.  "NATIVE FORMAT" refers to producing all documents in their original and native format. For example, a document created in Word should be produced in Word. A document created in Excel should be produced in Excel.

P.  "FLSA" refers to the Fair Labor Standards Act.

Q.  "RELEVANT TIME PERIOD" refers to the time period from December 27, 2019, through the final disposition of this matter.

## INTERROGATORIES

1. Identify each Plaintiff and PCM that worked for You in the United States during the Relevant Time Period, by name, position(s), job title(s), rate(s) of pay, classification, dates and location of employment with Defendant(s), employee number (if applicable), last known home address, email, and telephone number.

2. State how many hours, by date, each Plaintiff and PCM worked during each work week within the Relevant Time Period. In doing so, state which day of the week You used to designate as the beginning of the work week. If You are unable to determine this answer with specificity, please provide Your best estimate.

3. Describe each Plaintiff and PCM's job duties, including Your job title for them; Your pay structure for them; a description of each of their day-to-day job duties; and a description of any assessment of their day day-to-day job duties.

4. Identify and describe all wages, bonuses, and any other form of compensation that You paid to each Plaintiff and PCM during the Relevant Time Period.

5. Identify and describe any requirements such as skill sets, educational degrees, or experience You require Desk Adjusters to possess in order for You to hire and/or employ them.

6. Identify and describe Your policies and procedures regarding timekeeping, wage, and overtime payments to Plaintiffs and the PCMs during the Relevant Time Period by providing: (a) the date of implementation of Your initial policies and procedures; and (b) a description of any change(s) to such policies and procedures and the date(s) that such changes were implemented.

7. Identify and describe Your policies and procedures related to any reductions and/or deductions You made to Plaintiffs and PCM's wages, including, but not limited to, any and all reductions and/or deductions for meal break periods during the Relevant Time Period.

8. To the extent that any such policies, procedures or practices identified in response to the above Interrogatory were changed in any way during the Relevant Time Period, identify how the policy, practice or procedure changed, the reason it was changed, the identity of the individuals who played a role in developing or preparing the change, and the identity of the individual who was ultimately responsible for approving the change.

9. Describe the policies and procedures used by You to ensure compliance with federal and state wage and overtime payment laws and regulations, including but not limited to the FLSA, during the Relevant Time Period.

10. ==Do You contend that Plaintiffs and the PCMs are not similarly situated for the purpose of proceeding collectively under the FLSA? If so, please state each ground for such contention and identify and describe the specific legal and factual bases for each ground.==

**PLAINTIFFS' FIRST SET OF *SWALES* DISCOVERY TO DEFENDANTS**          **Page 12**

11. Identify all individualized defenses You believe apply to any particular PCM, the PCM you allege it applies to, and the facts which you allege support the individualized defense.

12. Identify each person who participated in any decision-making regarding the tax classification (as W-2 or 1099), payment of wages, pay policies, and/or outsourcing of those decisions, which applied to the Plaintiffs and PCMs during the Relevant Time Period. For each person identified, provide the name, current job title, telephone number, and last known address.

13. Identify all individuals who supervised each Plaintiff and PCM during the Relevant Time Period, including, for each one, their:

    a. Full name and job title;
    b. Last known employment address;
    c. Last known telephone numbers;
    d. Last known email address;
    e. Dates of employment and employment locations;
    f. The time period during which the individual supervised Plaintiffs and PCMs; and
    g. The identity of each Plaintiff and PCM supervised.

14. For any denial of a requested admission served contemporaneously with these Interrogatories, please (a) describe all facts that support Your denial, (b) state the names of all witnesses to said facts, and (c) identify any documents that establish the facts described.