# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| C. M. COLLINS, N. J. LUNDY and R. C. L. MAYS, *individually and on behalf of all others similarly situated*, § § § § § § Plaintiffs, § § VS. § § CATASTROPHE RESPONSE UNIT, § INC. and CATASTROPHE RESPONSE § UNIT USA, INC., § § *Defendants.* § | CIVIL ACTION NO. 4:22-cv-1073-SDJ |

## DEFENDANT CATASTROPHE RESPONSE UNIT, INC.'S THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF SWALES DISCOVERY

Catastrophe Response Unit, Inc. ("CRU"), Defendant, hereby serves its Third Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142


By: *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Brumbalow
State Bar No. 24076499
KLaster@hallettperrin.com

*Counsel for Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*


## CERTIFICATE OF SERVICE

I certify that on September 13, 2023, I served a copy of the foregoing document on Plaintiffs' counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Kerry O'Brien
O'BRIEN LAW FIRM
1011 Westlake Drive
Austin, Texas 78746
KO@obrienlawpc.com

Mr. Travis Gasper
GASPER LAW, PLLC
1408 North Riverfront Boulevard, Suite 323
Dallas, Texas 75207
Travis@travisgasper.com


*Monte K. Hurst*
Monte K. Hurst

consent to join as a plaintiff." Similar to the definition of "PCM," this is not limited to those individuals that are current plaintiffs or those that are "similarly situated." CRU further objects to this Interrogatory as unduly burdensome, because it requires CRU to search for and identify any person that ever served as a Desk Adjuster for CRU for nearly four years, regardless of whether that individual may have any claim or will ever become a member of the collective. CRU further objects to this Interrogatory as vague and ambiguous because CRU is unable to determine how it is supposed to "describe" wages, bonuses, or other compensation. CRU will interpret this Interrogatory as seeking a statement of the wages, bonuses, and other compensation paid to the Named Plaintiffs and the Opt-in Plaintiffs during the Relevant Time Period, and will respond accordingly.

In accordance with the foregoing objections and limitation, CRU refers Plaintiffs to the documents produced in discovery bates labeled CRU000120-193, 199-204, and 242-344.

**INTERROGATORY NO. 5:**
Identify and describe any requirements such as skill sets, educational degrees, or experience You require Desk Adjusters to possess in order for You to hire and/or employ them.

**ANSWER:**
CRU objects to this Interrogatory as overbroad because it seeks both and identification *and* description of requirements for Desk Adjusters, rather than simply an identification of such requirements. CRU objects to this Interrogatory to the extent it seeks information that is not relevant to the claims or defenses of any party. Because this lawsuit is brought under the FLSA, requirements for Desk Adjusters that do not work in the United States are irrelevant. CRU will interpret this Interrogatory to seek testimony identifying requirements such as skill sets, educational degrees, or experience CRU requires for Desk Adjusters in the United States, and will respond accordingly.

In accordance with the foregoing objections and limitation, CRU answer as follows:

A Desk Adjuster must possess a valid license or have the ability to be licensed.

**INTERROGATORY NO. 6:**
Identify and describe Your policies and procedures regarding timekeeping, wage, and overtime payments to Plaintiffs and the PCMs during the Relevant Time Period by providing: (a) the date of implementation of Your initial policies and procedures; and (b) a description of any change(s) to such policies and procedures and the date(s) that such changes were implemented.

**ANSWER:**
CRU objects to this Request as overbroad with respect to the definition of "PCMs." The definition of "PCM" is not limited to Desk Adjusters that worked for CRU in the United States. The definition further is not limited to those individuals that are "similarly situated" so as to be a current or potential collective member. CRU objects to the term "Plaintiffs" as overbroad because it includes "any [ ] person who has filed or does file a consent to join as a plaintiff." Similar to the definition of "PCM," this is not limited to those individuals that are current plaintiffs or those that are "similarly situated." CRU

further objects to this Interrogatory as unduly burdensome, because it requires CRU to search for and identify any person that ever served as a Desk Adjuster for CRU for nearly four years, regardless of whether that individual may have any claim or will ever become a member of the collective. CRU further objects to this Interrogatory as vague and ambiguous, because it is unclear whether subpart (b) refers only to changes that may have been made during the Relevant Time Period, or if it refers to changes that may have been made at any time. Because this subpart of the Interrogatory is ambiguously written, CRU is unable to determine whether this is two separate interrogatories rather than one. *See Erfindergemeinschaft Uropep GbR v. Eli Lilly Co.*, 315 F.R.D. 191, 196-97 (E.D. Tex. 2016) (citing Fed. R. Civ. P. 33(a)). As indicated by the separation of these matters in Interrogatories Nos. 7 and 8 below, CRU interprets this as two separate Interrogatories seeking:

a) the policies and procedures regarding timekeeping, wage, and overtime payments to the Named Plaintiffs and/or Opt-in Plaintiffs during the Relevant Time Period; and

b) whether any policies and procedures regarding timekeeping, wage, and overtime payments to the Named Plaintiffs and/or Opt-in Plaintiffs changed during the Relevant Time Period (and a description of such changes and the dates the changes were implemented).

In accordance with the foregoing objections and limitations, CRU responds as follows:

a) The Named Plaintiffs and Opt-in Plaintiffs were responsible for submitting to CRU what days they worked and how much they worked on each day, so they could be compensated according to their submissions. The Named Plaintiffs and Opt-in Plaintiffs were always provided with a record of what they were paid and the work for which they were being compensated. If the Named Plaintiffs and/or Opt-in Plaintiffs took any issue with the amount of their compensation they were instructed to report any discrepancies.

b) None of CRU's policies or procedures regarding timekeeping, wage, and overtime payments to the Named Plaintiffs and/or Opt-in Plaintiffs changed during the Relevant Time Period.

**INTERROGATORY NO. 7:**
Identify and describe Your policies and procedures related to any reductions and/or deductions You made to Plaintiffs and PCM's wages, including, but not limited to, any and all reductions and/or deductions for meal break periods during the Relevant Time Period.

**ANSWER:**
CRU objects to this Request as overbroad with respect to the definition of "PCMs." The definition of "PCM" is not limited to Desk Adjusters that worked for CRU in the United States. The definition further is not limited to those individuals that are "similarly situated" so as to be a current or potential collective member. CRU objects to the term "Plaintiffs" as overbroad because it includes "any [ ] person who has filed or does file a consent to join as a plaintiff." Similar to the definition of "PCM," this is not limited to

those individuals that are current plaintiffs or those that are "similarly situated." CRU further objects to this Interrogatory as unduly burdensome, because it requires CRU to search for and identify any person that ever served as a Desk Adjuster for CRU for nearly four years, regardless of whether that individual may have any claim or will ever become a member of the collective. CRU will interpret this Interrogatory as seeking the requested information related to the Named Plaintiffs and the Opt-in Plaintiffs, and will respond accordingly.

In accordance with the foregoing objections and limitation, CRU responds as follows:

Pursuant to the applicable independent contractor agreements, independent contractors could potentially be subject to quality review and compensation may be withheld subject to an audit and/or review of their work for compliance with the applicable performance standards. Further pursuant to the applicable independent contractor agreements, should an independent contractor prematurely terminate the agreement (i.e. without 30 days' written notice) the independent contractor agreement may be subject to a penalty of the greater of the actual costs incurred as a result of the premature filing or $2,500.

**INTERROGATORY NO. 8:**
To the extent that any such policies, procedures or practices identified in response to the above Interrogatory were changed in any way during the Relevant Time Period, identify how the policy, practice or procedure changed, the reason it was changed, the identity of the individuals who played a role in developing or preparing the change, and the identity of the individual who was ultimately responsible for approving the change.

**ANSWER:**
CRU objects to this Request as overbroad with respect to the definition of "PCMs." The definition of "PCM" is not limited to Desk Adjusters that worked for CRU in the United States. The definition further is not limited to those individuals that are "similarly situated" so as to be a current or potential collective member. CRU objects to the term "Plaintiffs" as overbroad because it includes "any [ ] person who has filed or does file a consent to join as a plaintiff." Similar to the definition of "PCM," this is not limited to those individuals that are current plaintiffs or those that are "similarly situated." CRU further objects to this Interrogatory as unduly burdensome, because it requires CRU to search for and identify any person that ever served as a Desk Adjuster for CRU for nearly four years, regardless of whether that individual may have any claim or will ever become a member of the collective. CRU will interpret this Interrogatory as seeking the requested information related to the Named Plaintiffs and the Opt-in Plaintiffs.

In accordance with the foregoing objections and limitation, CRU responds as follows:

Prior to 2021, the policy mentioned in response to the previous Interrogatory required three weeks (rather than 30 days') notice and subjected the independent contractor to a penalty of up to $4,000.

**INTERROGATORY NO. 9:**
Describe the policies and procedures used by You to ensure compliance with federal and state wage and overtime payment laws and regulations, including but not limited to the FLSA, during the Relevant Time Period.

> **ANSWER:**
> CRU objects to this Interrogatory to the extent it seeks any information regarding compliance with wage and overtime payment laws and regulations of territories and governments outside the United States. Such information is not relevant to the claims or defenses of any parties. CRU objects to the phrase "used by You to ensure compliance," as vague and ambiguous. This phrase could be interpreted to include any steps taken by any employee, agent, and/or representative of CRU to "ensure compliance" with the relevant laws and regulations, including but not limited to simply reviewing the relevant laws and regulations. CRU further objects to this Interrogatory as an improper request for CRU to marshal its evidence and limit its testimony at trial. CRU further objects to this Interrogatory as seeking information that is not relevant to the claims or defenses of any party. The only information relevant to the claims or defenses of the parties are CRU's policies and procedures regarding wage and overtime payment to the Named Plaintiffs and/or the Opt-in Plaintiffs.

**INTERROGATORY NO. 10:**
Do You contend that Plaintiffs and the PCMs are not similarly situated for the purpose of proceeding collectively under the FLSA? If so, please state each ground for such contention and identify and describe the specific legal and factual bases for each ground.

> **ANSWER:**
> CRU objects to this Request as overbroad with respect to the definition of "PCMs." The definition of "PCM" is not limited to Desk Adjusters that worked for CRU in the United States. The definition further is not limited to those individuals that are "similarly situated" so as to be a current or potential collective member. CRU objects to the term "Plaintiffs" as overbroad because it includes "any [ ] person who has filed or does file a consent to join as a plaintiff." Similar to the definition of "PCM," this is not limited to those individuals that are current plaintiffs or those that are "similarly situated." CRU further objects to this Interrogatory as unduly burdensome, because it requires CRU to search for and identify any person that ever served as a Desk Adjuster for CRU for nearly four years, regardless of whether that individual may have any claim or will ever become a member of the collective. CRU will interpret this Interrogatory as seeking a general description of CRU's position that Named Plaintiffs and/or Opt-in Plaintiffs are not similarly situated.
>
> In accordance with the foregoing objections and limitation, CRU responds as follows:
>
> CRU maintains that it is the burden of the Named Plaintiffs and Opt-in Plaintiffs to establish that they are similarly situated. CRU denies that the Named Plaintiffs and Opt-in Plaintiffs are similarly situated. While the Named Plaintiffs and Opt-in Plaintiffs may have performed similar job duties for CRU, it is unclear from the facts currently in discovery how the Named Plaintiffs and Opt-in Plaintiffs have similar claims and fit the

proposed description of the collective, as stated in Plaintiffs' Original Complaint. As discovery is ongoing, and depositions have not yet occurred, CRU will supplement its response to this Interrogatory as responsive information is discovered.

**INTERROGATORY NO. 11:**
Identify all individualized defenses You believe apply to any particular PCM, the PCM you allege it applies to, and the facts which you allege support the individualized defense.

**ANSWER:**
CRU objects to this Request as overbroad with respect to the definition of "PCMs." The definition of "PCM" is not limited to Desk Adjusters that worked for CRU in the United States. The definition further is not limited to those individuals that are "similarly situated" so as to be a current or potential collective member. Unless and until a collective is conditionally identified and/or certified, CRU cannot determine who is a member of the collective and therefore cannot identify its defenses against such individuals. CRU further objects to this Interrogatory as unduly burdensome, because it requires CRU to search for and identify any person that ever served as a Desk Adjuster for CRU for nearly four years, regardless of whether that individual may have any claim or will ever become a member of the collective. CRU further objects to this Interrogatory as an improper request for CRU to marshal its evidence and limit its testimony at trial. CRU will interpret this Interrogatory as seeking identification and a general description of any individualized defenses with respect to the Named Plaintiffs and the Opt-in Plaintiffs.

In accordance with the foregoing objections and limitation, CRU responds as follows:

For identification of all defenses against the Named Plaintiffs and Opt-in Plaintiffs, CRU refers the Named Plaintiffs and Opt-in Plaintiffs to CRU's Original Answer. For a general description of the factual bases for these defenses, CRU refers Plaintiffs to the following documents:

- IRS 1099s (CRU000199-204, 242-54);
- Paystubs (CRU000120-193, 255-344);
- Independent Contractor Agreements (CRU000001-11, 20-30, 39-77, 92-101, 110-119, 345-469); and
- Independent Contractor Onboarding Packets (CRU000012-19, 31-38, 76-91, 102-109).

20) Lyletha Gamble (lyletha@hotmail.com)
    a. **Position**: Team Lead
    b. **Supervised Employee(s)**:
        i. Pamela Ann Marie James (09/28/2021 – 10/14/2021)
    c. **Contact Information**:
        i. 3437 NW 44th Street #207, Oakland Park, Florida 33309
        ii. 251.382.8805

**INTERROGATORY NO. 14:**
For any denial of a requested admission served contemporaneously with these Interrogatories, please (a) describe all facts that support Your denial, (b) state the names of all witnesses to said facts, and (c) identify any documents that establish the facts described.

**ANSWER:**
CRU objects to this Interrogatory because it is an improper request for CRU to marshal its evidence and limit its testimony at trial. CRU further objects to this Interrogatory as unreasonably duplicative of the Disclosures required by CRU, as such Disclosures require to identify persons with knowledge of relevant facts of the claims or defenses of any party. CRU further objects to this Interrogatory as overbroad, because it seeks a description of "all facts," "all witnesses," and "any documents" to support a denial of a request for admission, without any limitation in scope or time. CRU will interpret this Interrogatory as seeking a general description of the facts supporting CRU's position denying any portion of a Request for Admission.

In accordance with the foregoing objections and limitation, CRU responds as follows:

CRU denied Request No. 1 with respect to the Named Plaintiffs and Opt-in Plaintiffs because the Named Plaintiffs and Opt-in Plaintiffs were independent contractors not subject to the FLSA's wage and overtime provisions.

CRU denied Request No. 2 with respect to the Named Plaintiffs and Opt-in Plaintiffs because while the Named Plaintiffs and Opt-in Plaintiffs may have performed similar job duties for CRU, it is unclear from the facts currently in discovery how the Named Plaintiffs and Opt-in Plaintiffs have similar claims and fit the proposed description of the collective, as stated in Plaintiffs' Original Complaint. As discovery is ongoing, and depositions have not yet occurred, CRU will supplement its response to this Interrogatory as responsive information is discovered.

CRU denied Request No. 5 with respect to the Named Plaintiffs and Opt-in Plaintiffs because, while the Named Plaintiffs and Opt-in Plaintiffs did occasionally carry out the job duties listed in this Request, that was not their "primary job duty."

CRU denied Request No. 6, because: (1) it did not "employ" all of its Desk Adjusters, including the Named Plaintiffs and Opt-in Plaintiffs; and (2) a Desk Adjuster's job description and job duties are determined by, among other things, the specific catastrophe on which they are working, the client, the claims adjustment process, and/or whether they are assigned to a catastrophe or a "Business as Usual" role.

## VERIFICATION

**THE STATE OF TEXAS** §
§
**COUNTY OF TARRANT** §

  I, David Repinski, a duly authorized representative of Catastrophe Response Unit, Inc. do hereby declare and verify that I have read *Defendant Catastrophe Response Unit, Inc.'s Third Supplemental Objections and Responses to Plaintiffs' First Set of Swales Discovery*; that the answers the Interrogatories contained therein were prepared with the advice and assistance of counsel and from information obtained from documents; and that the factual answers set forth therein, are true and correct.

  I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on September 12, 2023, in Tarrant County, Texas.

DocuSigned by:<br>
*David Repinski*<br>
E9C7F8CCE2964FF...<br>
_____<br>
DAVID REPINSKI

-20-