IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| C. M. COLLINS, N. J. LUNDY and R. C. L. MAYS, *individually and on behalf of all others similarly situated*, | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-cv-1073-SDJ |
| CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC., | § § § § § | |
| Defendants. | § | |

**DEFENDANT CATASTROPHE RESPONSE UNIT USA, INC.'S
THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
<u>PLAINTIFFS' FIRST SET OF SWALES DISCOVERY</u>**

Catastrophe Response Unit USA, Inc. ("CRU USA"), Defendant, hereby serves its Third

Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories.

        Respectfully submitted,

        HALLETT & PERRIN, P.C.
        1445 Ross Avenue, Suite 2400
        Dallas, Texas 75202
        214.953.0053
        (f) 214.922.4142

By:   */s/ Monte K. Hurst*
        Monte K. Hurst
        State Bar No. 00796802
        Monte.Hurst@hallettperrin.com

        Kristen A. Brumbalow
        State Bar No. 24076499
        KLaster@hallettperrin.com

        *Counsel for Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 13, 2023, I served a copy of the foregoing document on Plaintiffs' counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Kerry O'Brien
O'BRIEN LAW FIRM
1011 Westlake Drive
Austin, Texas 78746
KO@obrienlawpc.com

Mr. Travis Gasper
GASPER LAW, PLLC
1408 North Riverfront Boulevard, Suite 323
Dallas, Texas 75207
Travis@travisgasper.com

        */s/ Monte K. Hurst*
        Monte K. Hurst

filed or does file a consent to join as a plaintiff." Similar to the definition of "PCM," this is not limited to those individuals that are current plaintiffs or those that are "similarly situated." CRU USA further objects to this Interrogatory as unduly burdensome, because it requires CRU USA to search for and identify any person that ever served as a Desk Adjuster for CRU USA for nearly four years, regardless of whether that individual may have any claim or will ever become a member of the collective. CRU USA further objects to this Interrogatory as vague and ambiguous, because it is unclear whether subpart (b) refers only to changes that may have been made during the Relevant Time Period, or if it refers to changes that may have been made at any time. Because this subpart of the Interrogatory is ambiguously written, CRU USA is unable to determine whether this is two separate interrogatories rather than one. *See Erfindergemeinschaft Uropep GbR v. Eli Lilly Co.*, 315 F.R.D. 191, 196-97 (E.D. Tex. 2016) (citing Fed. R. Civ. P. 33(a)). As indicated by the separation of these matters in Interrogatories Nos. 7 and 8 below, CRU USA interprets this as two separate Interrogatories seeking:

a) the policies and procedures regarding timekeeping, wage, and overtime payments to the Named Plaintiffs and Opt-in Plaintiffs during the Relevant Time Period; and

b) whether any policies and procedures regarding timekeeping, wage, and overtime payments to the Named Plaintiffs and/or Opt-in Plaintiffs changed during the Relevant Time Period (and a description of such changes and the dates the changes were implemented).

In accordance with the foregoing objections and limitations, CRU USA responds as follows:

(1) The Named Plaintiffs and Opt-in Plaintiffs were responsible for submitting to CRU USA what days they worked and how much they worked on each day, so they could be compensated according to their submissions. The Named Plaintiffs and Opt-in Plaintiffs were always provided with a record of what they were paid and the work for which they were being compensated. If the Named Plaintiffs and/or Opt-in Plaintiffs took any issue with the amount of their compensation they were instructed to report any discrepancies.

(2) In or around 2021, CRU USA began paying U.S. independent adjusters deployed to Canadian clients. This was primarily done to maintain consistency.

(3) In July 2023, CRU USA made the decision to switch paying independent adjusters deployed to work with TD, from a day rate to hourly, because CRU USA believed that CRU USA adjusters working with TD would prefer to be paid by the hour, with the benefit of earning overtime, for any limited instance when you would qualify for overtime. Each adjuster would continue to control his/her/their own income.

**INTERROGATORY NO. 7:**
Identify and describe Your policies and procedures related to any reductions and/or deductions You made to Plaintiffs and PCM's wages, including, but not limited to, any and all reductions and/or deductions for meal break periods during the Relevant Time Period.

**ANSWER:**
CRU USA objects to this Request as overbroad with respect to the definition of "PCMs." The definition of "PCM" is not limited to Desk Adjusters that worked for CRU USA in the United States.  The definition further is not limited to those individuals that are "similarly situated" so as to be a current or potential collective member.  CRU USA objects to the term "Plaintiffs" as overbroad because it includes "any [ ] person who has filed or does file a consent to join as a plaintiff."  Similar to the definition of "PCM," this is not limited to those individuals that are current plaintiffs or those that are "similarly situated."  CRU USA further objects to this Interrogatory as unduly burdensome, because it requires CRU USA to search for and identify any person that ever served as a Desk Adjuster for CRU USA for nearly four years, regardless of whether that individual may have any claim or will ever become a member of the collective.  CRU USA will interpret this Interrogatory as seeking the requested information related to the Named Plaintiffs and the Opt-in Plaintiffs, and will respond accordingly.

In accordance with the foregoing objections and limitation, CRU USA responds as follows:

Pursuant to the applicable independent contractor agreements, independent contractors could potentially be subject to quality review and compensation may be withheld subject to an audit and/or review of their work for compliance with the applicable performance standards.  Further ==pursuant to the applicable independent contractor agreements, should an independent contractor prematurely terminate the agreement (i.e. without 30 days' written notice) the independent contractor agreement may be subject to a penalty of the greater of the actual costs incurred as a result of the premature filing or $2,500.==

**INTERROGATORY NO. 8:**
To the extent that any such policies, procedures or practices identified in response to the above Interrogatory were changed in any way during the Relevant Time Period, identify how the policy, practice or procedure changed, the reason it was changed, the identity of the individuals who played a role in developing or preparing the change, and the identity of the individual who was ultimately responsible for approving the change.

**ANSWER:**
CRU USA objects to this Request as overbroad with respect to the definition of "PCMs." The definition of "PCM" is not limited to Desk Adjusters that worked for CRU USA in the United States.  The definition further is not limited to those individuals that are "similarly situated" so as to be a current or potential collective member.  CRU USA objects to the term "Plaintiffs" as overbroad because it includes "any [ ] person who has filed or does file a consent to join as a plaintiff." Similar to the definition of "PCM," this is not limited to those individuals that are current plaintiffs or those that are "similarly situated."  CRU USA further objects to this Interrogatory as unduly burdensome, because


it requires CRU USA to search for and identify any person that ever served as a Desk Adjuster for CRU USA for nearly four years, regardless of whether that individual may have any claim or will ever become a member of the collective.  CRU USA will interpret this Interrogatory as seeking the requested information related to the Named Plaintiffs and the Opt-in Plaintiffs.

In accordance with the foregoing objections and limitation, CRU USA responds as follows:

Prior to 2021, the policy mentioned in response to the previous Interrogatory required three weeks (rather than 30 days') notice and subjected the independent contractor to a penalty of up to $4,000.

**INTERROGATORY NO. 9:**
Describe the policies and procedures used by You to ensure compliance with federal and state wage and overtime payment laws and regulations, including but not limited to the FLSA, during the Relevant Time Period.

**ANSWER:**
CRU USA objects to this Interrogatory to the extent it seeks any information regarding compliance with wage and overtime payment laws and regulations of territories and governments outside the United States.  Such information is not relevant to the claims or defenses of any parties. CRU USA objects to the phrase "used by You to ensure compliance," as vague and ambiguous.  This phrase could be interpreted to include any steps taken by any employee, agent, and/or representative of CRU USA to "ensure compliance" with the relevant laws and regulations, including but not limited to simply reviewing the relevant laws and regulations.  CRU USA further objects to this Interrogatory as an improper request for CRU USA to marshal its evidence and limit its testimony at trial.  CRU USA further objects to this Interrogatory as seeking information that is not relevant to the claims or defenses of any party.  The only information relevant to the claims or defenses of the parties are CRU USA's policies and procedures regarding wage and overtime payment to the Named Plaintiffs and/or Opt-in Plaintiffs.

**INTERROGATORY NO. 10:**
Do You contend that Plaintiffs and the PCMs are not similarly situated for the purpose of proceeding collectively under the FLSA? If so, please state each ground for such contention and identify and describe the specific legal and factual bases for each ground.

**ANSWER:**
CRU USA objects to this Request as overbroad with respect to the definition of "PCMs." The definition of "PCM" is not limited to Desk Adjusters that worked for CRU USA in the United States.  The definition further is not limited to those individuals that are "similarly situated" so as to be a current or potential collective member.  CRU USA objects to the term "Plaintiffs" as overbroad because it includes "any [ ] person who has filed or does file a consent to join as a plaintiff." Similar to the definition of "PCM," this is not limited to those individuals that are current plaintiffs or those that are "similarly

situated." CRU USA further objects to this Interrogatory as unduly burdensome, because it requires CRU USA to search for and identify any person that ever served as a Desk Adjuster for CRU USA for nearly four years, regardless of whether that individual may have any claim or will ever become a member of the collective. will interpret this Interrogatory as seeking a general description of CRU's position that Named Plaintiffs and/or Opt-in Plaintiffs are not similarly situated.

In accordance with the foregoing objections and limitation, CRU USA responds as follows:

CRU USA maintains that it is the burden of the Named Plaintiffs and Opt-in Plaintiffs to establish that they are similarly situated. CRU USA denies that the Named Plaintiffs and Opt-in Plaintiffs are similarly situated. While the Named Plaintiffs and Opt-in Plaintiffs may have performed similar job duties for CRU USA, it is unclear from the facts currently in discovery how the Named Plaintiffs and Opt-in Plaintiffs have similar claims and fit the proposed description of the collective, as stated in Plaintiffs' Original Complaint. As discovery is ongoing, and depositions have not yet occurred, CRU USA will supplement its response to this Interrogatory as responsive information is discovered.

**INTERROGATORY NO. 11:**
Identify all individualized defenses You believe apply to any particular PCM, the PCM you allege it applies to, and the facts which you allege support the individualized defense.

**ANSWER:**
CRU USA objects to this Request as overbroad with respect to the definition of "PCMs." The definition of "PCM" is not limited to Desk Adjusters that worked for CRU USA in the United States. The definition further is not limited to those individuals that are "similarly situated" so as to be a current or potential collective member. Unless and until a collective is conditionally identified and/or certified, CRU USA cannot determine who is a member of the collective and therefore cannot identify its defenses against such individuals. CRU USA further objects to this Interrogatory as unduly burdensome, because it requires CRU USA to search for and identify any person that ever served as a Desk Adjuster for CRU USA for nearly four years, regardless of whether that individual may have any claim or will ever become a member of the collective. CRU USA further objects to this Interrogatory as an improper request for CRU USA to marshal its evidence and limit its testimony at trial.

CRU USA will interpret this Interrogatory as seeking identification and a general description of any individualized defenses with respect to the Named Plaintiffs and the Opt-in Plaintiffs.

In accordance with the foregoing objections and limitation, CRU USA responds as follows:

For identification of all defenses against the Named Plaintiffs and Opt-in Plaintiffs, CRU USA refers the Named Plaintiffs and Opt-in Plaintiffs to CRU USA'S Original Answer. For a general description of the factual bases for these defenses, CRU USA refers

Plaintiffs to the following documents:

- IRS 1099s (CRU000199-204, 242-54);
- Paystubs (CRU000120-193, 255-344);
- Independent Contractor Agreements (CRU000001-11, 20-30, 39-77, 92-101, 110-119, 345-469); and
- Independent Contractor Onboarding Packets (CRU000012-19, 31-38, 76-91, 102-109).

**INTERROGATORY NO. 12:**
Identify each person who participated in any decision-making regarding the tax classification (as W-2 or 1099), payment of wages, pay policies, and/or outsourcing of those decisions, which applied to the Plaintiffs and PCMs during the Relevant Time Period. For each person identified, provide the name, current job title, telephone number, and last known address.

**ANSWER:**
CRU USA objects to this Request as overbroad with respect to the definition of "PCMs." The definition of "PCM" is not limited to Desk Adjusters that worked for CRU USA in the United States. The definition further is not limited to those individuals that are "similarly situated" so as to be a current or potential collective member. CRU USA objects to the term "Plaintiffs" as overbroad because it includes "any [ ] person who has filed or does file a consent to join as a plaintiff." Similar to the definition of "PCM," this is not limited to those individuals that are current plaintiffs or those that are "similarly situated." CRU USA further objects to this Interrogatory as unduly burdensome, because it requires CRU USA to search for and identify any person that ever served as a Desk Adjuster for CRU USA for nearly four years, regardless of whether that individual may have any claim or will ever become a member of the collective. CRU USA objects to this Interrogatory as overbroad because it seeks the identification of any person that "participated in any decision-making" regarding the requested information. This is not limited to those individuals that actually made any decisions. Therefore, the Interrogatory could seek the identity of any individual that was involved on phone calls, was in the room during discussions, and/or was cc'd on an email discussing such information. CRU USA objects to this Interrogatory as seeking information that is not relevant to the claims or defenses of any party. Neither the reasoning behind the implementation nor the individuals involved in the implementation of any policies or procedures is relevant to whether the policies or procedures complied with the FLSA and/or whether CRU USA violated the FLSA.

scope or time. CRU USA will interpret this Interrogatory as seeking a general description of the facts supporting CRU USA's position denying any portion of a Request for Admission.

In accordance with the foregoing objections and limitation, CRU USA responds as follows:

CRU USA denied Request No. 1 with respect to the Named Plaintiffs and Opt-in Plaintiffs because the Named Plaintiffs and Opt-in Plaintiffs were independent contractors not subject to the FLSA's wage and overtime provisions.

CRU USA denied Request No. 2 with respect to the Named Plaintiffs and Opt-in Plaintiffs because while the Named Plaintiffs and Opt-in Plaintiffs may have performed similar job duties for CRU USA, it is unclear from the facts currently in discovery how the Named Plaintiffs and Opt-in Plaintiffs have similar claims and fit the proposed description of the collective, as stated in Plaintiffs' Original Complaint. As discovery is ongoing, and depositions have not yet occurred, CRU USA will supplement its response to this Interrogatory as responsive information is discovered.

CRU USA denied Request No. 5 with respect to the Named Plaintiffs and Opt-in Plaintiffs because, while the Named Plaintiffs and Opt-in Plaintiffs did occasionally carry out the job duties listed in this Request, that was not their "primary job duty."

CRU USA denied Request No. 6, because: (1) it did not "employ" all of its Desk Adjusters, including the Named Plaintiffs and Opt-in Plaintiffs; and (2) a Desk Adjuster's job description and job duties are determined by, among other things, the specific catastrophe on which they are working, the client, the claims adjustment process, and/or whether they are assigned to a catastrophe or a "Business as Usual" role.

CRU USA denied Requests Nos. 9-10 with respect to the Named Plaintiffs and Opt-in Plaintiffs because CRU denies that it did improperly classified any independent contractor and therefore did not improperly pay overtime wages that were due.

CRU USA denied Request No.11 with respect to the Named Plaintiffs and Opt-in Plaintiffs because the Named Plaintiffs and Opt-in Plaintiffs were sometimes paid a lesser rate for working only a half-day or partial day.

CRU USA denied Request No. 12 with respect to the Named Plaintiffs and Opt-in Plaintiffs because the Named Plaintiffs and Opt-in Plaintiffs were independent contractors paid on a day rate (sometimes half-day or partial day) basis, and therefore CRU USA was not required to keep records of the hours worked by the Named Plaintiffs and Opt-in Plaintiffs. CRU USA admits that it did not maintain any hourly time records for the Named Plaintiffs and/or Opt-in Plaintiffs, because they were not employees.

# VERIFICATION

**THE STATE OF TEXAS** §
§
**COUNTY OF TARRANT** §

    I, David Repinski, a duly authorized representative of Catastrophe Response Unit USA, Inc. do hereby declare and verify that I have read *Defendant Catastrophe Response Unit USA, Inc.'s Third Supplemental Objections and Responses to Plaintiffs' First Set of Swales Discovery*; that the answers the Interrogatories contained therein were prepared with the advice and assistance of counsel and from information obtained from documents; and that the factual answers set forth therein, are true and correct.

    I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on September 12, 2023, in Tarrant County, Texas.

<div style="text-align:right">
DocuSigned by:<br>
*David Repinski*<br>
E9C7F8CCE2964FF...<br>
DAVID REPINSKI
</div>