IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| C. M. COLLINS, N. J. LUNDY and R. C. L. MAYS, *individually and on behalf of all others similarly situated*, | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-cv-1073 |
| CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC., | § § § § § | |
| Defendants. | § § | |

## EMERGENCY MOTION TO COMPEL DISCOVERY AND TO EXTEND DEADLINE TO FILE RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR NOTICE

Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc. (collectively, "CRU") hereby file this Emergency Motion to Compel Discovery and to Extend Deadline to File Response in Opposition to Plaintiffs' Motion for Notice, pursuant to Rule 7(l) of the Local Rules of the U.S. District Court for the Eastern District of Texas.

### I.
### INTRODUCTION

CRU respectfully requests the Court to (1) order Plaintiffs Carla Collins, Rasheedah Mays and Pamela James to produce, within five days of the date of the Court's emergency order, their tax forms for years 2019, 2020, 2021 and 2022 pursuant to the agreement between the parties' counsel of December 1, 2023; (2) order Plaintiff Carla Collins to produce, within five days of the date of the Court's emergency order, for each Facebook account Ms. Collins manages, all of the items in her Facebook Activity Log, for days when she claimed to have been working for CRU, in

HTML format, pursuant to the agreement between the parties' counsel of December 4, 2023; and (3) extend the deadline by which Defendants must file a response in opposition to Plaintiffs' Motion for Notice to a date two weeks after the date on which these Plaintiffs are ordered to produce the documents identified above.

## II.
## BACKGROUND FACTS

In a telephone conference among His Honor and the parties' counsel on November 27, 2023, His Honor articulated his perspective with regard to the disputed discovery issues. The Court found that Plaintiffs should produce W-2 and 1099 forms from 2019 to the present. *See* Dkt. 37, Minute Entry ("After conferring with the Parties, the Court reached the following conclusions. First, Plaintiffs should produce W-2 and 1009 forms from 2019 to the present"). Additionally, and as later memorialized by the Court in its minute entry, the parties agreed at that time to limit potential discovery on social media activity to Plaintiff Carla Collins and to continue discussions in hopes of achieving a resolution on this issue.

Through good-faith discussions between counsel after the telephone conference, the parties agreed to the following:

1. Plaintiffs will, by December 8, 2023, remove their objections to the Defendants' requests for production seeking tax information specifically as to the eight identified Plaintiffs' W-2s, 1099s, and T4A-NR for Tax Years 2019, 2020, 2021, and 2022, and respond in accordance with the Federal Rules of Civil Procedure.

2. Plaintiffs will, by December 8, 2023, produce for each Facebook account Carla Collins manages, all of the items under each of the following subfolders under Ms. Collins' Facebook Activity Log, for days when she claimed to have been working for CRU, in HTML format:

    - Your Posts;
    - Messages;
    - Comments and reactions;
    - Stories;
    - Groups;

- Pages;
- Events; and
- Other activity.

*See* Ex. A.1.

Plaintiffs did not, by December 8, 2023, or thereafter, produce the tax documents of Plaintiffs Carla Collins, Rasheeda Mays, and Pamela James. *See* Ex. A.2. Plaintiffs' counsel communicated that Ms. James is currently in Canada and does not return to the U.S. until December 13, 2023, and they committed that they would produce her tax documents sometime upon her return. *See id.*

Plaintiffs did not, by December 8, 2023, or thereafter, produce Ms. Collins' Facebook data. *See* Ex. A.2. Plaintiffs' counsel communicated that Ms. Collins was not able to comply with her obligations in this regard because her family suffered a family tragedy in the middle of last week. *See id.*

Ms. Collins' significant and random activity on Facebook over the last week, during the time she was supposed to be preparing her data pursuant to the parties' discovery agreement, would contradict the suggestion that she has been unavailable to do the things needed of her in this case. In particular, Ms. Collins has made 35 posts on Facebook since the date on which she supposedly suffered a family tragedy. *See* Ex. A ¶ 6; Ex. A.3. In the last 24 hours alone, Ms. Collins has made 17 posts on her public Facebook page. *See id.* The topics of these posts range from a wedding to a movie that she was watching at the time she was posting. *See id.*

CRU's response in opposition to Plaintiff's Motion for Notice is right now due in less than one week, on Tuesday, December 19, 2023. CRU had been intending to use in the brief the documents that Plaintiffs had agreed to produce but failed to do so, which necessitated the filing of this Motion.

## III.
## ARGUMENT & AUTHORITIES

Plaintiffs' Collins, Mays and James have failed to comply with their obligations to produce their tax records, and Collins has failed to comply with her obligation to produce her Facebook data. These failures in complying with their discovery obligations are especially emergent, as CRU's response brief is right now due in less than one week, on Tuesday, December 19, 2023. Both the Plaintiffs' tax documents and Ms. Collins' Facebook data are important components of CRU's response brief, and CRU must be provided the opportunity to review these relevant materials so that they can incorporate the relevant information into their response brief.

### *Plaintiffs Agreed to Produce These Items and Failed to Do So*

More important than anything else here, Plaintiffs agreed to produce these categories of critical items to CRU by no later than Friday, December 8, 2023, and simply failed to do so. Plaintiffs' counsel would not deny this. Had Plaintiffs not committed at the beginning of December 2023, in their written and binding agreement with CRU, to produce these documents by December 8, 2023, CRU would have sought the Court's intervention at that time in light of the importance of these materials and the upcoming response deadline. While CRU has every reason to believe that Plaintiffs' counsel properly instructed their clients to produce these materials, the fact of the matter is that Plaintiffs did not do so, in total disregard of their written promise to do so and of the discovery obligations of this Court.

The materials that Plaintiffs have failed to produce to CRU are especially important in this case, and will aid the Court in its determination of whether Plaintiffs' proposed class should be certified. In *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430, 443 (5th Cir. 2021), the U.S. Court of Appeals for the Fifth Circuit explicitly addressed the importance of determining whether

the economic-realities test can be applied on a collective basis prior to the certification of a class, as follows:

> … the threshold issue here depends on the economic-realities test, which asks how much control the employer had over the independent contractor. Thus, the district court needed to consider the evidence relating to this threshold question in order to determine whether the economic-realities test could be applied on a collective basis. If answering this question requires a highly individualized inquiry into each potential opt-in's circumstances, the collective action would quickly devolve into a cacophony of individual actions. As KLLM points out, the individualized nature of the economics-realities test is why misclassification cases rarely make it to trial on a collective basis.

When applying the economic-realities test to determine whether an individual was properly characterized as an independent contractor, the following non-exhaustive factors are considered: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Talbert v. American Risk Co. Inc.*, 405 F. App'x 848, 855 (5th Cir. 2010).

In *Talbert v. American Risk Company, Inc.,* 405 F. App'x at 856, the Fifth Circuit upheld the district court's judgment that an independent insurance adjuster was an independent contractor and not an employee. In reaching this conclusion, the court of appeals looked at the specific facts regarding the independent contractor's work, concluding that those that weighed in favor of independent contractor status outweighed those that weighed in favor of employee status. *See generally id*. As set forth below, the information and documents that Plaintiffs had agreed to produce by last week all directly relate to the five non-exhaustive factors that are considered in the economic-realities test, and address issues that the *Talbert* court analyzed in upholding the district court's determination that the independent insurance adjuster was properly classified as an

independent contractor.

Plaintiffs, all of whom are independent insurance desk adjusters, claim that CRJU misclassified them as independent contractors instead of employees, and that they are now owed overtime wages.

### *Plaintiffs' Forms W-2 and 1099*

In *Talbert,* the court considered the fact that the individual's résumé indicated that she had worked for various insurance companies as an independent contract adjuster for a number of years as a factor that weighed in favor of the plaintiff being an independent contractor. *See Talbert*, 405 F. App'x at 856. Consistent with *Talbert*, CRU sought, and Plaintiffs agreed to produce, Plaintiffs' Forms W-2 and 1099 from 2019 to the present from the work they performed from 2019 to the present. The records pertaining to the Plaintiffs' employment histories are relevant because they will show that many, if not all, of the Plaintiffs also worked for other insurance companies as an independent contractor adjuster, just like the plaintiff in *Talbert*. This information is important to the Court's upcoming analysis on whether the Plaintiffs are similar situated because CRU believes it will show many differences among the independent contractors, including, but not limited to, experience and pay.

### *Information Regarding Plaintiffs' Social Media Activity and Cellphone Activity During Hours They Claim to Have Been Working*

CRU requires the production of Carla Collins' Facebook data, which Plaintiffs agreed to produce, to further show that the great variations among the Plaintiffs regarding the time during their workdays they devoted to other things and thus were not even doing CRU work on which they claim to have been "micromanaged." As evidenced by their answers to Interrogatories, Plaintiffs clearly intend to argue that CRU "micromanaged" them such that the degree of control exercised (the first of the five non-exhaustive factors considered in the economic-realities test)

should weigh in favor of employment status.  CRU must be permitted access to discovery to challenge these self-serving claims, and to demonstrate the individualized analysis necessary when considering this factor.

### *CRU Needs an Extension Because of Plaintiffs' Failure to Produce Documents as Promised*

To permit CRU to have adequate time to review the important tax documents and Facebook data (that should have already been produced), and incorporate the same into their response brief, CRU respectfully requests that the Court extend the deadline by which CRU must file their response brief by two weeks from the date that the Court orders the tax records and Facebook data be produced.  CRU seeks two weeks due to the immediate holiday season taking place during the next two weeks, and their counsel's pre-planned vacations during those holidays.  CRU does not seek this extension for undue delay, but so that justice may be had.

## PRAYER

For all of these reasons, CRU respectfully requests the Court to (1) order Plaintiffs Carla Collins, Rasheedah Mays and Pamela James to produce, within five days of the date of the Court's emergency order, their tax forms for years 2019, 2020, 2021 and 2022 pursuant to the agreement between the parties' counsel of December 1, 2023; (2) order Plaintiff Carla Collins to produce, within five days of the date of the Court's emergency order, for each Facebook account Ms. Collins manages, all of the items in her Facebook Activity Log, for days when she claimed to have been working for CRU, in HTML format, pursuant to the agreement between the parties' counsel of December 4, 2023; and (3) extend the deadline by which Defendants must file a response in opposition to Plaintiffs' Motion for Notice to a date two weeks after the date on which these Plaintiffs are ordered to produce the documents identified above.  CRU also asks the Court to grant any other relief to which it may just be entitled.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
(o) 214.953.0053
(f) 214.922.4142

By: *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Laster
State Bar No. 24076499
KBrumbalow@hallettperrin.com

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
(t) 214.953.0053
(f) 214.922.4142

*Counsel for Plaintiff Proxi Healthcare Staffing LLC d/b/a Proxi Dental Staffing*

## CERTIFICATE OF CONFERENCE

On December 12, 2023, I discussed the relief sought herein with Plaintiffs' counsel. Plaintiffs' counsel has communicated that Plaintiffs are not opposed to CRU's request for the Court to order the production of the documents, but is opposed to CRU's request for a brief extension of the deadline by which it must file a response brief.

*Monte K. Hurst*
Monte K. Hurst

## CERTIFICATE OF SERVICE

I certify that on December 13, 2023, I served a copy of the foregoing document on Plaintiffs' counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Kerry O'Brien
O'BRIEN LAW FIRM
1011 Westlake Drive
Austin, Texas 78746
KO@obrienlawpc.com

Mr. Travis Gasper
GASPER LAW, PLLC
1408 North Riverfront Boulevard, Suite 323
Dallas, Texas 75207
Travis@travisgasper.com

*Monte K. Hurst*
Monte K. Hurst