

**EXHIBIT A.1**

| | |
|---|---|
| **From:** | Kerry O'Brien <ko@obrienlawpc.com> |
| **Sent:** | Monday, December 4, 2023 7:51 PM |
| **To:** | Monte K. Hurst |
| **Cc:** | Ceicili S. Morales; travis@travisgasper.com; OLPC; Kristen A. Brumbalow; Clayton S. Carter; Ivy M. Sweeney |
| **Subject:** | Re: Collins, et al. v. Catastrophe Response Unit, Inc., et al. |

Monte,

Your understanding of #1 is correct.

On #2, it is my understanding that Ms. Collins will cooperate and provide the responsive facebook information by Friday.

On #3, we may seek a protective order as to this written discovery. We believe that sufficient discovery has been conducted for Phase I. I will conference with you on the motion if/when we seek it. Or, let me know if there is something specific you are looking for from these two opt-ins in preparation for your Response to our Motion for Notice.

Thanks,
Kerry


On Mon, Dec 4, 2023 at 1:00 PM Monte K. Hurst <Monte.Hurst@hallettperrin.com> wrote:

> Good afternoon, Kerry.  Please see below my responses (in **bold green**) to your inquiries/comments:
>
>
> 1. We will agree to remove objections to the tax information-related RFPs identified in FN 1 of your November 30, 2023 correspondence specifically as to the eight individuals' W-2s, 1099s, and T4A-NR for Tax Years 2019, 2020, 2021, and 2022, and respond in accordance with the Federal Rules of Civil Procedure, by Friday, December 8. I anticipate that will mean substantial production of the requested tax forms and hopefully complete production, but I simply cannot personally guarantee to you that there will be complete production of every tax form for each of those 8 individuals. The individual must have "possession, custody, or control" of the tax forms to be able to produce them, and if not currently in their possession or custody, must be able to acquire them from a third-party source within that time frame. However, we will in good faith attempt to secure complete production of the requested items. If any items are not produced, we will provide an explanation as to why.

We understand from your above explanation that you will try your best to produce to us by this Friday, December 8, 2023, all of the Plaintiffs' tax forms that we identified and demanded production of.  I suppose that's as good as it can get for now, from our perspective.  Having said that, we would have no choice but to seek the Court's intervention early next week, in the event that we do not receive these critical tax forms regarding each Plaintiff by Friday.

2. In light of your more specific request as to Ms. Collins's facebook data, we will speak with her and let you know her response by the end of this weekend. I do respect that time is of the essence.

We were supposed to hear back from you by yesterday as to whether Carla Collins intended to promptly produce the Facebook data we identified.  Please let us know today whether Ms. Collins intends to produce to you, so that you can then produce to us by no later than Friday, the Facebook data we identified.  If we cannot get from you today a commitment to produce by Friday all of Ms. Collins' Facebook data that we identified, we will assume that Ms. Collins has not agreed to the production, in which case we will seek the Court's intervention.

3.  The parties would agree with Judge Jordan that further depositions and written discovery on the 5 most-recent opt-ins is not appropriate at this time. Pending discovery requests on Ms. Russell-Brown and Mr. Wilson would be deemed withdrawn.

We would agree not to pursue, for now, the depositions of each Plaintiff who has joined this lawsuit over the last month.  However, we still believe that written discovery with each such Plaintiff is appropriate.  We are not agreeing to withdraw our written discovery requests to Ms. Russell-Brown and/or Mr. Wilson.

4. Plaintiffs would be standing on their objections as to the remaining issues addressed in the conference.

We reiterate in this e-mail message the primary discovery concerns we have at this time.  Let's please work together to resolve them, so that we do not have to seek the Court's intervention.

Thanks,

Monte

MONTE K. HURST
Shareholder

**HALLETT&PERRIN**
D 214.922.4111  F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer



**From:** Kerry O'Brien <ko@obrienlawpc.com>
**Sent:** Friday, December 1, 2023 2:05 PM
**To:** Ceicili S. Morales <cmorales@hallettperrin.com>
**Cc:** travis@travisgasper.com; OLPC <beth@obrienlawpc.com>; Monte K. Hurst <Monte.Hurst@hallettperrin.com>; Kristen A. Brumbalow <KBrumbalow@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>; Ivy M. Sweeney <ISweeney@hallettperrin.com>
**Subject:** Re: Collins, et al. v. Catastrophe Response Unit, Inc., et al.

Good afternoon Monte,

In response to your letter and other outstanding issues resulting from our conference with Judge Jordan, here is what I propose:

1. We will agree to remove objections to the tax information-related RFPs identified in FN 1 of your November 30, 2023 correspondence specifically as to the eight individuals' W-2s, 1099s, and T4A-NR for Tax Years 2019, 2020, 2021, and 2022, and respond in accordance with the Federal Rules of Civil Procedure, by Friday, December 8. I anticipate that will mean substantial production of the requested tax forms and hopefully complete production, but I simply cannot personally guarantee to you that there will be complete production of every tax form for each of those 8 individuals. The individual must have "possession, custody, or control" of the tax forms to be able to produce them, and if not currently in their possession or custody, must be able to acquire them from a third-party source within that time frame. However, we will in good faith attempt to secure complete production of the requested items. If any items are not produced, we will provide an explanation as to why.

2. In light of your more specific request as to Ms. Collins's facebook data, we will speak with her and let you know her response by the end of this weekend. I do respect that time is of the essence.

3. The parties would agree with Judge Jordan that further depositions and written discovery on the 5 most-recent opt-ins is not appropriate at this time. Pending discovery requests on Ms. Russell-Brown and Mr. Wilson would be deemed withdrawn.

4. Plaintiffs would be standing on their objections as to the remaining issues addressed in the conference.

Let me know on 1, 2 and 4 if you could.

Thanks, and have a nice weekend everyone.

Kerry

On Thu, Nov 30, 2023 at 4:14 PM Ceicili S. Morales <cmorales@hallettperrin.com> wrote:

> Please find attached a letter from Monte K. Hurst pertaining to this matter.
>
> Thank you.
>
> ---
>
> **CEICILI S. MORALES**
> Legal Assistant
>
> **HALLETT&PERRIN**
> D 214.922.4112 F 214.922.4142 | cmorales@hallettperrin.com
> 1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
> Disclaimer
>
> ---

--

Kerry V. O'Brien
Attorney

--
Kerry V. O'Brien
Attorney