IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| C. M. COLLINS, N. J. LUNDY, and R. C. L. MAYS, *individually and on behalf of all others similarly situated,* § § § § | | |
| **Plaintiffs,** § | CIVIL ACTION NO. 4:22-cv-01073-SDJ | |
| § | | |
| v. § | | |
| § | Collective Action under | |
| CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC., § § § § § | 29 U.S.C. § 216(b) | |
| | JURY DEMANDED | |
| **Defendants.** § | | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO COMPEL DISCOVERY AND TO EXTEND DEADLINE TO FILE RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR NOTICE**

NOW COME, Plaintiffs, in response to Defendants' Emergency Motion To Compel Discovery. In this Response, Plaintiffs will (1) update the Court on the status of discovery issues raised by Defendants' Emergency Motion and (2) suggest a disposition for any unresolved discovery issues in light of the substantially complete production that Plaintiffs have made to date.

### Status of Remaining Discovery Issues

Plaintiffs agree with Defendants' representations about the agreement for supplemental production for each individual's W-2/1099 tax records for the 2019-2022 tax years, as well as the agreement to produce the described Facebook data for Plaintiff Carla Collins. Plaintiffs agreed to meet such supplemental production by December 8, 2023. Counsel for Plaintiffs engaged in active and substantial efforts to obtain compliance from all eight case participants involved.

By the December 8, 2023 deadline, 5 of the 8 individuals completed their supplemental production obligations. Plaintiffs Carla Collins and Rasheedah Mays, as well as Opt-In Pamela James, had not completed their production obligations by that date. The remaining production at that point was as follows:

- Collins, Mays, and James had not yet produced their W-2 and 1099 records for the 2019-2022 tax years. Since Defendants filed their Motion, but prior to the filing of this Response, Collins and Mays completed and served that production. Only Mays has not.

- Collins has produced as much of the demanded Facebook data as she has been able to access and reasonably produce.

**James's W-2/1099 data**

Opt-In Pamela James was out of the country on a personal trip through December 13, 2023. Following her return, Plaintiffs' counsel worked with James to help her obtain her Wage and Income Transcripts from the IRS for tax years 2019-2022, which show all W-2 and 1099 wage earnings reported to the IRS in each of those years. As a result of those efforts, her Wage and Income Transcripts for tax years 2019-2022 were produced to counsel for CRU this morning. James's production obligations are complete.

**Collins's W-2/1099 data**

Through the assistance of her counsel, Collins was also able to obtain her Wage and Income Transcripts from the IRS for tax years 2019-2022. Those Transcripts were produced to CRU's counsel this morning as well. Collins's production obligations with respect to her W-2 and 1099 wage records are complete.

**Mays's W-2/1099 records**

Mays has not yet produced any W-2/1099 tax records for the 2019-2022 tax years. The undersigned counsel for Mays have made significant efforts to obtain her compliance with this specific discovery obligation, to no avail. On eight separate days since December 2, counsel for Mays have attempted to contact her by email, text, and sometimes both. Earlier today, counsel for Mays employed a process server in Tampa, Florida on a "rush" basis to attempt to personally serve Mays with a letter at her Tampa home separately informing her of the need for immediate cooperation and potential consequences for failing to do so.

At the same time, the Court should be aware that, prior to this final discovery demand, Mays has timely responded to 7 sets of discovery requests from Defendants and participated in over 5 hours of cross-examination by counsel for CRU during her September 18, 2023 deposition. Furthermore, she has already provided information concerning whether other job positions were W-2 or 1099 in both her verified interrogatory responses as well as her deposition testimony.

Therefore, the Court should take Mays's prior participation in the case, as well as the fact that she has provided relevant 1099 and W-2 information to CRU by other means, when considering whether to issue any orders affecting Mays's ability to continue participating in this case or whether CRU's response deadline should be further stayed. Should the Court deem it necessary to issue an order compelling Mays's production, Plaintiffs request that the Order provide a short timeline, such as 72 hours, for Mays to comply, as any further delays continue to prejudice the other participants in the case as well as future potential class members. Her counsel will make every effort to ensure that she has the opportunity to receive and review the Court's order, and to comply with it. Counsel does not know the reason for Mays's recent failure to communicate; it could be Mays's choice, or due to incapacitation, incarceration, or some other

involuntary reason. Should counsel continue to be unable to communicate with Mays, resulting in Mays's failure to comply with this Court's forthcoming order, counsel requests that she be allowed to continue as a Plaintiff in the case for now until her whereabouts and desire to participate in the case become known. At that point, it would be appropriate for the Court to order Mays to show cause for her failure to respond to the Court's order, and for the Court to take appropriate action based on that response.

**Collins's Facebook data**

First, the Court should bear in mind that at any time following Collins's October 19 deposition at which her Facebook pages were discussed, CRU could have issued a subpoena for the data that it has sought directly from Collins herself. As Collins and her counsel have learned through the process of attempting to procure that data herself, downloading this data as a Facebook user is not easy as CRU's counsel apparently believes it to be.

Prior to the filing of this Response, Plaintiffs have produced to CRU a substantial amount of the data requested from Collins's primary profile[1] on Facebook, which amounted to around 3 GB of data.[2] The Declaration of attorney Travis Gasper, attached as Exhibit A to this Response, details Collins's and Gasper's extensive efforts to procure all of the data demanded by CRU.

---

[1] https://www.facebook.com/carla.collins.58.
[2] The only data from this download of data from Collins's primary Facebook profile that has not been produced are her private direct messages. Collins is involved in assisting victims of domestic violence, and as a result there are many direct messages in her account that are between Collins and a victim that must remain more confidential than the Court's Protective Order allows in order to fully protect those individuals who believed that they were engaging in safe and highly confidential communications with Collins as part of receiving her assistance. Collins and her counsel have not had sufficient time to go through those messages to redact those highly sensitive and confidential communications and are therefore withholding her messages at this time. They would expect this to take a substantial amount of time, which reinforces the point that the burden to a plaintiff in responding to CRU's substantial Facebook data requests is outweighed by any purportedly legitimate need of CRU.

Collins was genuinely unable to obtain access to her other Facebook profiles (Ask Shesus,[3] Shesus Christiana,[4] and Marie Collins[5]) to set up a direct download of the demanded data, despite using all of her available options to get access to those accounts. Plaintiffs have produced the public posts from the Ask Shesus and Shesus Christiana profiles, which constitute 219 pages of production. Collins's counsel Travis Gasper attempted to print to PDF all 900-plus pages of the Marie Collins profile, but it was not formatting properly to allow the production to be in a useful format for CRU. However, CRU has equal access to view that public profile at any time. Plaintiffs have also produced the HTML data for all four profiles, as requested by CRU. Collins has no other means to obtain any other data from these profiles, and there is no Facebook support available to contact for assistance. In essence, any other requested data from these accounts is not within Collins's possession, custody, or control.

**Further Extension of the deadline for CRU to Respond to Plaintiffs' Motion to Notice**

The supplemental materials were originally scheduled to be produced in full by December 8. The original deadline for Defendants' Response to Plaintiffs' Motion for Notice was December 19. Therefore, Defendants originally contemplated having 11 days to review the supplemental materials to aid in their Response. And, at this point, Defendants have already had 11 days to review the complete materials supplemented by five of the eight individuals on December 8.

The Court should not provide any additional time for further production of Collins's Facebook data. Any additional Facebook data from Ms. Collins's profiles not yet produced would not be meaningfully probative of the issues for the Court's consideration of Plaintiffs'

---

[3] https://www.facebook.com/groups/2827503117526101.
[4] https://www.facebook.com/shesus.christiana.
[5] https://www.facebook.com/marie.collins.94801.

Motion for Notice. All three named Plaintiffs and all five initial Opt-Ins have stated, subject to penalty of perjury, that:

- They were required to work a specific schedule based on time zone, 6 days a week;
- They were required to effectively clock-in and clock-out at the beginning and end of that work shift;
- They were required to enter their claims activity into a spreadsheet throughout the day for purposes of monitoring their productivity;
- They were required to ask for personal days off in advance, and receive approval for taking those days off;
- They had to accept all claims work that was assigned to them and could not pick and choose which claims they wanted to work on; and
- They were subject to daily and periodic quotas (usually 7-day quotas) that they were required to meet in order to be deemed essentially in good standing in their employment with CRU.

Whether Plaintiff Collins essentially "goofed off" from time to time during her workday does not change any of the above, making CRU's invasive inquiry not probative of the Court's legal considerations at this stage. CRU has sufficient data to make whatever point it intends to make about Collins's workdays. The Court should consider the probative value (or lack thereof) of any additional Collins Facebook data before Defendants' deadline to respond to Plaintiffs' Motion for Notice any further. The Court had already extended the deadline for the Motion for Notice briefing three times previously at the request of all parties.

All things considered, now that Defendants are in possession of 88% of the requested tax documents, Rasheedah Mays's testimony and interrogatory responses on her W-2 or 1099 statuses in lieu of the other 12%, and 3 GB of data from Ms. Collins' Facebook profiles,

Plaintiffs contend that they have substantially complied with the supplemental production agreement. In light of this, Plaintiffs contend that Defendants should be provided no more than 11 days to file their Response. This is the same period of time that Defendants would have had if all of the supplemental production had been made on December 8.

Plaintiffs also request any other relief to which they may be entitled.

Respectfully submitted,

*Kerry O'Brien*

**Kerry V. O'Brien**
Texas Bar No. 24038469

O'BRIEN LAW FIRM
TEXASEMPLOYEES.COM

1011 Westlake Drive
Austin, Texas 78746
phone: (512) 410-1960
fax: (512) 410-6171
email: ko@obrienlawpc.com

**LEAD COUNSEL FOR PLAINTIFFS**

and

*/s/ Travis Gasper*
**Travis Gasper**
Texas Bar No. 24096881

GASPER LAW, PLLC
1408 N. Riverfront Blvd., Suite 323
Dallas, Texas 75207
phone: (972) 504-1420
fax: (833) 957-2957
email: travis@travisgasper.com

**CO-COUNSEL FOR PLAINTIFFS**