IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| C. M. COLLINS, N. J. LUNDY and R. C. L. MAYS, *individually and on behalf of all others similarly situated*, | § § § § § § § § § § § § § § § | |
| *Plaintiffs,* | | |
| VS. | | CIVIL ACTION NO. 4:22-cv-1073 |
| CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC., | | |
| *Defendants.* | | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION TO COMPEL AND TO EXTEND DEADLINE TO FILE THEIR RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR NOTICE

Even after Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc. (collectively, "CRU") filed an emergency motion to compel for Plaintiffs' having failed to produce critical documents that they had previously agreed to produce, Plaintiffs now argue to the Court, in a variety of ways, that they should not have to produce those documents because, from their perspective, CRU does not need them too badly anyway. However, CRU needs these documents to include in its response to Plaintiffs' Motion for Notice, and Plaintiffs' arguments further illustrate the critical nature of the very documents they are withholding.

Plaintiffs say that two of the Plaintiffs—Carla Collins ("Collins") and Rasheedah Mays ("Mays")—simply refuse to cooperate with their discovery obligations. While that may be true, the refusal of two of Collins and Mays to cooperate does not relieve the Plaintiffs of their discovery obligations. Tellingly, these two Plaintiffs who have reneged on their agreement to produce important tax and Facebook records (and thus forced CRU to seek the Court's intervention) are

two of the three Plaintiffs referred to as "Named Plaintiffs" and whom Plaintiffs ask to be responsible for making all decisions pertaining to this matter on behalf of the proposed class. *See* Dkt. 41-24, Proposed Consent to Join FLSA Lawsuit.  CRU would ask the Court to compel Collins and Mays in particular to honor their discovery responsibilities, especially when it comes to critical documents that they had already previously agreed to produce.

### A. Collins Continues Her Refusal to Produce Relevant Facebook Documents

In Plaintiffs' Response to CRU's Emergency Motion to Compel Discovery and to Extend Deadline to File Response in Opposition to Plaintiffs' Motion for Notice ("EM Response"), Plaintiffs make the blatantly false statement that "Collins has produced as much of the demanded Facebook data as she has been able to access and reasonably produce." *See* EM Response at 2. Plaintiffs then claim that Collins has been unable to access *all but one of her six or more Facebook accounts*,[1] and that she has only produced *some* of what she previously agreed to produce from the one account that she claims she can access. *See id.* at 4–5. Indeed, Plaintiffs admit that they are intentionally withholding production of Collins' Facebook direct messages because they are so voluminous that Plaintiffs' counsel has "not had sufficient time to go through those messages" to redact any sensitive or confidential communications. *See id.* at 4–5; Dkt. 47-1, Gasper Decl., at ¶¶ 1–14. Ironically, it is the fact that these messages are so voluminous that makes them so important to CRU's forthcoming response to Plaintiffs' Motion for Notice.

Contrary to Plaintiffs' attempt to minimize their importance, Collins' direct messages to and from her multiple Facebook accounts (that Plaintiffs had already agreed to produce) are highly

---

[1] Collins testified in her deposition that she had only four Facebook accounts ("Carla Collins," "Shesus," "Carla Marie," and "Ask Shesus").  Ex. A, Deposition of Carla Collins ("Collins Dep"), at 57:17-58:2; 58:17-19; 218:18-25.  However, it is clear from Figure 1 to the Declaration of Travis Gasper that Collins also controls two other Facebook accounts: "Katie J & Lauren Nicole" and "Carla Marie The Goddess."  *See* Dkt. 47-1, Declaration of Travis Gasper ("Gasper Decl."), at 8.  CRU seek production of the relevant records from *all* of Collins' Facebook accounts, including those that she failed to identify in deposition.

relevant and thus must be produced prior to CRU's deadline to file its response to Plaintiffs' Motion for Notice. Further, Collins' Facebook direct messages can be easily redacted, or as CRU's counsel proposed to Plaintiffs' counsel, Plaintiffs could produce all of these messages unredacted as "Attorneys Eyes Only" ("AEO").[2]

Collins' voluminous direct messages to and from other Facebook users during the time period that she claims she was working 12+ hours/day for CRU are directly relevant to CRU's response to Plaintiffs' Motion for Notice. As the Fifth Circuit explained in *Swales v. KLLM Transport Services, LLC,* 985 F.3d 430, 442 (5th Cir. 2021)*,* the central question in determining whether a case such as this one can proceed on a collective basis is whether the application of the economic-realities test would require a highly individualized inquiry into each plaintiff and potential opt-in's circumstances. Consistent with *Swales,* CRU intends to show the Court that this case could not proceed on a collective basis because, among other reasons, the application of the economic-realities test at trial would be riddled with individual credibility assessments of each of the plaintiffs and potential opt-ins.

Collins' complete Facebook data for the time periods that she was working for CRU is directly relevant to show just how individualized the credibility assessment would be for each plaintiff and opt-in plaintiff. For example, in support of her claim that CRU exercised considerable control over her (the first factor in the economic-realities test), Collins claims in this lawsuit that she was "micromanaged," going so far as to claim that "[e]ach minute of every day has to be accounted for." *See* Ex. B, Carla Collins' Answer to Interrogatory No. 9. Yet, Collins' extensive Facebook activity during the days she claims to have been working 12+ hour days for CRU would

---

[2] The Court's Protective Order, Dkt. 19, does not contemplate an AEO designation. However, CRU is confident that the parties could work together in submitting to the Court a proposed amendment to the Protective Order that would provide for an AEO designation for documents that only the receiving party's counsel, and not the receiving party itself, could review. There would have to be a means to challenge the designation as well.

challenge her claim that she had to account for "each minute of every day." The following is a summary of Collins' Facebook activity on August 9, 2021, a day that she claims she worked for CRU. This summary is based on the Facebook data produced from one of Collins' many Facebook accounts and does not even include her direct messages that Plaintiffs are refusing to produce:

- **183** posts/comments/reactions made by Collins, only 22 of which CRU's counsel were aware prior to Plaintiffs' production the evening of December 19, 2023;[3]

- **133** of Ms. Collins' 183 posts/comments/reactions were made between the hours of 6:00 a.m. and 6:00 p.m., which are the hours she claims to have worked most days per her Interrogatory answer;[4] and

- One Facebook Live video totaling **90 minutes**.[5]

CRU must be able to review all of Collins' Facebook data, especially her direct messages, to present a complete picture of just what Collins actually did during days she claims to have been working, on average 12+ hours/day, and being micromanaged.

Plaintiffs claim that some of these messages contain messages were to/from domestic violence victims and thus too sensitive to produce. *See* Dkt. 47, EM Response, at 4 n.2. Plaintiffs could either redact names from these messages or produce all of these messages unredacted as AEO.[6]

Additionally, Plaintiffs' supposed sudden inability to easily access all but one of Collins'

---

[3] *See* Ex. C, Carla Collins's Facebook posts/comments/reactions on August 9, 2021.
[4] *See* Ex. B, Carla Collins' Answer to Interrogatory No. 3.
[5] *See* Ex. C, Carla Collins's Facebook posts/comments/reactions on August 9, 2021.
[6] Plaintiffs' claim that redacting the names of any domestic violence victims would be too time-consuming is simply untrue. CRU's counsel downloaded the direct messages for a Facebook account to learn how time-consuming it would be to identify direct messages from specific individuals and redact them. *See* Ex. D, Declaration of Monte K. Hurst, at ¶ 3. As we learned from this exercise of downloading the direct messages, Facebook maintains in separate folders all direct messages exchanged between a Facebook user and each other Facebook user with whom they exchanged messages. *Id.* at ¶ 4. When a Facebook user asks Facebook to send to them all Facebook direct messages sent to or received by them over a certain period of time, Facebook responds by sending the requesting party all of those folders, each one of which is labeled with the name of each individual (or the names of the multiple individuals) with whom the requesting user exchanged messages. *Id.* Therefore, Plaintiffs' identification of the messages to be redacted would not be time-consuming at all, as Collins could simply provide to her counsel a list of domestic violence victims whose identities she seeks to protect, and those names could be redacted from the folders listing their names.

six or more Facebook accounts does not somehow absolve Plaintiffs of their obligations to produce the relevant and responsive documents that they previously committed to produce. Plaintiffs claim that all of Collins' Facebook accounts are linked to the same e-mail account and phone number and that Collins' attempts to reset her password using her phone number failed. *See* Dkt. 47, EM Response, at 7. However, Facebook's Help Center specifies that one can only have up to four additional Facebook profiles under one account. *See* Facebook, https://www.facebook.com/help/967154637433480 (last visited Dec. 22, 2023). Thus, Collins could not have all of her six accounts under one account and linked to the same phone number and e-mail address as she claims, and Plaintiffs must be ordered to enter all of the phone numbers and e-mail addresses Collins has used in the past until she is able to reset her Facebook passwords to access these accounts.[7]

### B.  Mays Continues Her Refusal to Produce Relevant Tax Documentation

Plaintiffs offer no excuse for Mays' failure to produce the relevant tax documents that they had previously committed to produce. *See* Dkt. 47, EM Response, at 3. Instead, Plaintiffs confirm that Mays has inexplicably refused to communicate with her own counsel. *Id.* Mays, one of the three Plaintiffs referred to as a "Named Plaintiff" and whom Plaintiffs ask to be responsible for making all decisions pertaining to this matter on behalf of the proposed class, cannot be permitted to simply duck her head in the sand and refuse to comply with her discovery obligations.

---

[7] Instead of producing the *non-public* information and reports that CRU had requested from these Facebook accounts, Plaintiffs' counsel recounts the hours that he spent copying and producing *public* data from these Facebook accounts. *See* Dkt. 47-1, Gasper Decl., ¶¶ 11–14. Plaintiffs' counsel should have devoted time to redacting any confidential names from the data that CRU actually requested, as opposed to copying and reproducing public data. This is especially noteworthy as CRU did not even request copies of the public data, because it is publicly available to CRU and public data alone only represents a small portion of Collins' Facebook activity.

        Respectfully submitted,

        HALLETT & PERRIN, P.C.
        1445 Ross Avenue, Suite 2400
        Dallas, Texas 75202
        214.953.0053
        (f) 214.922.4142

By:   */s/ Monte K. Hurst*
        Monte K. Hurst
        State Bar No. 00796802
        Monte.Hurst@hallettperrin.com

        Kristen A. Laster
        State Bar No. 24076499
        KBrumbalow@hallettperrin.com

        *Counsel for Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that on December 26, 2023, I served a copy of the foregoing document on Plaintiffs' counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Kerry O'Brien
O'BRIEN LAW FIRM
1011 Westlake Drive
Austin, Texas 78746
KO@obrienlawpc.com

Mr. Travis Gasper
GASPER LAW, PLLC
1408 North Riverfront Boulevard, Suite 323
Dallas, Texas 75207
Travis@travisgasper.com

        */s/ Monte K. Hurst*
        Monte K. Hurst