

EXHIBIT A.3

| | |
|---|---|
| **From:** | Monte K. Hurst |
| **Sent:** | Thursday, December 28, 2023 12:14 PM |
| **To:** | ko@obrienlawpc.com; Travis Gasper |
| **Cc:** | Kristen A. Brumbalow; Ceicili S. Morales; OLPC |
| **Subject:** | Collins / C. Collins's Facebook DMs - proposal |

Good afternoon, Kerry and Travis.  For starters, we are uncomfortable with an agreement that does not contemplate Carla Collins' Facebook messages in her Facebook accounts that she is claiming she no longer has access to.  We know at this time that (i) Ms. Collins had access to at least six Facebook accounts at the times she was claiming to have been working for CRU, (ii) she has been, within the last two days, tagging at least two of her Facebook accounts ("Shesus Christiana"; "Marie Collins") in addition to her "Carla Collins" account that you say is the only account to which she has access, and (iii) she posted on her "Carla Marie The Goddess" account as recently as December 1, 2023 (which is one of at least two accounts that Ms. Collins failed to identify in her sworn deposition).

Furthermore, we believe Plaintiffs could have previously produced Ms. Collins' highly sensitive Facebook messages under an agreed "Attorneys Eyes Only" ("AEO") designation, and the parties could still come to an agreement that Plaintiffs will produce Ms. Collins' highly sensitive Facebook messages under an agreed AEO designation.  However, the AEO designation would be to address Ms. Collins' interest in ensuring that CRU is not exposed to the identities of domestic violence victims.  We need all of those messages right now and we want to get the show on the road.  We reject the part of your proposal that would not allow us to file AEO-designated documents with the Court under seal.  Again, we believe that these messages are highly relevant to the issues the Court will be examining in connection with Plaintiffs' Motion for Notice, and simply indicating the time a particular message was sent deprives the Court of the entire story.  Additionally, we must include a provision that would allow us to challenge any AEO designation, just as the Court's Protective Order permits the parties to challenge a designation of "Confidential Information."  Otherwise, we would just be allowing Plaintiffs to designate all of Ms. Collins' Facebook messages as AEO, to keep us from ever making use of them.  That brings us to another issue—we all know that the content of Ms. Collins' plethora of Facebook messages includes a wide variety of topics, likely most of which would not warrant an AEO or even a confidential designation.

So, here's what we would propose at this time, again with the objective of Plaintiffs producing all of Ms. Collins' Facebook messages as soon as possible, as they had previously agreed to:

1. Plaintiffs revisit to what Facebook accounts Ms. Collins has or could get access immediately, and get back to us.  Again, without belaboring the point, we know she has access to more of her accounts than one.

2. Plaintiffs produce Ms. Collins' complete, unredacted Facebook messages from each of her Facebook accounts to which we agree she has access (as well as all of the other data from each of those other accounts).

3. Plaintiffs and Defendants agree to employ an AEO designation that, like you said, would be treated the same as "Confidential Information" pursuant to the Court's Protective Order minus access by the parties themselves.  Also like a Confidential Information designation, an AEO designation may be challenged.

4. Plaintiffs may designate as AEO any of these Facebook messages that are indeed correspondence to/from domestic violence victims (as we would not have that information to make the designations).  But, Plaintiffs may not designate as AEO any Facebook messages that are not correspondence to/from domestic violence victims.

1

5. Defendants may, and likely will, file with the Court the Facebook messages that they deem to be relevant to the issues we have asked the Court to decide.  Absent a court order removing the Plaintiffs' AEO/Confidential Information designation, Defendants would file the document under seal (and Plaintiffs would agree to the corresponding motion to file it under seal).

6. Plaintiffs produce immediately a declaration from Ms. Collins providing the following:

    (a) For each instance she deleted (or caused to be deleted) any Facebook data (message or post) during any of the relevant time periods: (i) the date of the deletion; (ii) the Facebook account from which data was deleted; and (iii) the content of the data deleted (including the date and time the original message/post was made).

    (b) For each instance Facebook deleted any Facebook data that she had written/posted during any of the relevant time periods: (i) the date of the deletion; (ii) the reason Facebook deleted the data (if known); (iii) the Facebook account from which data was deleted; (iv) the content of the data deleted (including the date and time the original message/post was made).

Please let us know your thoughts regarding our foregoing counterproposal.

Thanks,
Monte

---

**MONTE K. HURST**
Shareholder

**HALLETT&PERRIN**
D 214.922.4111  F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer

---



**From:** Kerry O'Brien <ko@obrienlawpc.com>
**Sent:** Thursday, December 28, 2023 9:48 AM
**To:** Monte K. Hurst <monte.hurst@hallettperrin.com>
**Cc:** Kristen A. Brumbalow <kbrumbalow@hallettperrin.com>; Ceicili S. Morales <cmorales@hallettperrin.com>; Travis Gasper <travis@travisgasper.com>
**Subject:** Collins's facebook DMs - proposal

Good morning Monte,

Let me know what you think about this arrangement. Ms. Collins still has the right to object to this proposal, but I wanted to get your consideration of it.

* We produce her complete, unredacted FB DMs that we were able to recover, which as I understand it are only from her primary Carla Collins FB profile.
* They are marked and produced on an AEO basis, which I believe will simply mean CONFIDENTIAL pursuant to Protective Order, minus access by two employees of CRU.

* You would agree that you would not file a DM in the court's record (even under seal) unless the content specifically has to do with CRU or her work with CRU. Date-and-time content is acceptable regardless of the content of the DM.

Thanks,
Kerry

--

**Kerry V. O'Brien**
Attorney
Board Certified in Labor & Employment Law by the TBLS
phone: (512) 410-1960
1011 Westlake Drive, Austin Texas 78746