**EXHIBIT I**

# O'BRIEN LAW FIRM

1011 WESTLAKE DRIVE
AUSTIN, TEXAS 78746
PHONE: 512.410.1960
FAX: 512.410.6171

KERRY V. O'BRIEN
TEXAS BAR NO. 24038469
ko@obrienlawpc.com
TEXASEMPLOYEES.COM

| | **PLAINTIFF-COLLINS'S RESPONSE TO 1ST INTERROGATORIES** |
|---|---|
| Case Style | Civil Action No. 4:22-CV-1073-SDJ; *C. M. Collins, N. J. Lundy, and R. C. L. Mays, individually and on behalf of all others similarly situated v. Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*, In the United States District Court for the Eastern District of Texas, Sherman Division |
| Date | Nov 13 2023 |
| From | Plaintiff – C. M. Collins<br>℅ O'Brien Law Firm, 1011 Westlake Drive, Austin, Texas 78746 |
| To | Defendant – Catastrophe Response Unit USA, Inc.<br>c/o HALLET & PERRIN, P.C., 1445 Ross Avenue, Ste, 2400, Dallas, Texas 75202 |
| Total pages | 10 pages + verification page |
| Certificate of Service | By my signature below, I hereby certify that these 1st Amended Responses to Interrogatories were served on the following via email transmission on the date above:<br><br>Monte K. Hurst<br>State Bar No. 00796802<br>*monte.hurst@hallettperrin.com*<br><br>Kristen A. Laster<br>State Bar No. 24076499<br>*kbrumbalow@hallettperrin.com*<br><br>HALLETT & PERRIN, P.C.<br>1445 Ross Avenue, Suite 2400<br>Dallas, Texas 75202<br>214.953.0053<br>(f) 214.922.4142<br><br>COUNSEL FOR DEFENDANTS |

Respectfully submitted,

*Kerry O'Brien*

Kerry V. O'Brien
COUNSEL FOR PLAINTIFFS

# COLLINS'S 1st AMENDED RESPONSES TO
# CRU USA'S FIRST INTERROGATORIES

Note: For any current or former CRU adjusters who appear in these responses to CRU USA's interrogatories, that individual's last-known address and phone number, if not otherwise stated in Plaintiff's FRCP 26 disclosures, should be considered the last-known address and phone number as shown in the business records of Defendants.

Note: Legal objections and legal responses by Plaintiff's counsel are in italics and do not constitute responses to which Plaintiff's verification applies. In addition, all references to minimum wage violations are disregarded, as Plaintiff is not claiming minimum wage violations in this suit. Furthermore, Collins's responses below are in addition to any responsive information elicited through her testimony from her deposition on October 19, 2023.

**INTERROGATORY NO. 1**: Please provide the following for each person or company for which you have, within the last 10 years, been employed or otherwise provided services in exchange for renumeration (including, but not limited to, independent contractor services):

 a. Dates of employment/work as an independent contractor;
 b. Name of person/company;
 c. Position(s) held;
 d. Brief description of the job duties of each position held;
 e. Whether you were an employee or independent contractor;
 f. Location(s) where you performed services;
 g. Name of supervisor(s);
 h. Rate(s) of pay; and
 i. Reason(s) why you are no longer working or providing services for this person/company.

**RESPONSE**: *Objection. Given the request for 10 years of job history, this request is overly broad and bears no reasonable relation to the issues in dispute in this case. Furthermore, Plaintiff's pay rate, supervisor, and reason for separation bear no relation to the information necessary for Defendants in this unpaid overtime case, regardless of the time period during which such work occurred. Plaintiff will provide responsive information otherwise requested by this Interrogatory, for the period of January 1, 2020 (the earliest year in which the FLSA may apply in this case) to the present:*

From January 1, 2020 to the present, other than CRU USA:

Crawford, April 24, 2023 to the present. Desk adjuster for client Allstate. W-2 employee. Began remote work from home beginning August 2023. Paid on an hourly basis.

**INTERROGATORY NO. 2**: Please identify (a) each day you performed work for either one of the Defendants, (b) the number of hours you performed work that day, (c) the specific hours you performed work that day, (d) the name of the Defendant for which you performed work, and (e)

each document or source of information that shows the days/hours you performed work.

**RESPONSE**: *While Plaintiff has the general burden of proof on demonstrating her compensable hours, Plaintiff objects to the extent that this Interrogatory is intending to put the burden on Plaintiff to have tracked the start and stop time of her work periods on a daily basis when such responsibility belongs to the employer pursuant to federal law. Therefore, the interrogatory is misleading and harassing. Furthermore, because Plaintiff did not track the start and stop time of the daily work shifts with specificity, Plaintiff will respond with her good faith estimate to assist in demonstrating her compensable hours as a matter of just and reasonable inference. With the above considered, Plaintiff responds as follows:*

On average, Collins worked from around 6:00 a.m. until 6:00 p.m., Monday-Saturday, although she often worked late into the evening and sometimes in the middle of the night in order to keep up with all of the claims work that CRU expected of her and to be able to do such work without the frequent interruptions from the Team Leads and managers that would occur during the day. Also, she worked many Sundays. At first, it was only a request, but later it became mandatory. Her pay records should demonstrate the instances on which she worked on Sundays. For her work relevant to this suit, Collins was employed by Catastrophe Response Unit USA, Inc., but was also subject to the direction and control of Canada-based CRU management staff who were employed by Catastrophe Response Unit, Inc.

**INTERROGATORY NO. 3**: Please identify the start date and end date for each alleged minimum wage and/or overtime violation under the Fair Labor Standards Act.

**RESPONSE**: Plaintiff Collins does not have the exact dates of her employment with CRU USA. However, she worked for CRU USA for 4 years, until October 2022. She was working over 40 hours in each complete workweek of her employment with CRU USA and was never actually paid time-and-a-half for all hours over 40 in each such workweek. Therefore, the start date and end date is the beginning and ending date of each complete week of her employment with CRU USA.

**INTERROGATORY NO. 4**: Please describe the basis for each alleged minimum wage and/or overtime violation under the Fair Labor Standards Act.

**RESPONSE**: Plaintiff Collins was not paid a time-and-a-half overtime rate for all hours over 40 when she would work over 40 hours in a workweek for CRU USA.

**INTERROGATORY NO. 5**: Please provide a computation of each category of damages claimed by you in this lawsuit, including (a) applicable dates, (b) amounts of claimed unpaid wages, (c) the name of the Defendant responsible, and (d) the method used for computation (including applicable rates and hours).

**RESPONSE**: *Plaintiff Collins objects to the extent that this interrogatory asks her a question of pure law (which is outside of the scope of Federal Rule of Civil Procedure 33), to the extent that it asks her to identify the Defendant legally responsible for her damages pursuant to the Fair Labor Standards Act. It is Plaintiff's contention, through legal arguments put forth by counsel, that both Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc. are legally responsible for Plaintiff's damages as "employers" under the Fair Labor Standards Act. With the above considered, Plaintiff responds as follows:*

was doing these random calls to check on the desk adjusters to make sure they were at their desks at home. Collins would estimate that in addition to the morning meetings, she would average perhaps 30 minutes of additional time per day "meeting" with a Team Lead.

**INTERROGATORY NO. 9 (17th Interrogatory)**: Describe the level of supervision that you received while performing work as a Desk Adjuster for either of the Defendants. Your answer should include, but not be limited to, the following: (1) the identity of each supervisor who supervised you, (2) the level of supervision that he/she/they asserted over you, and (3) examples of how he/she/they supervised your work on a daily or weekly basis.

**RESPONSE**: Collins would describe the level of supervision as micro-managing her. As some examples:

When her light went yellow, a Team Lead would check in out of concern that she was doing enough work activity to satisfy them. Team Leads would question her using the bathroom too much. Each minute of every day has to be accounted for. Collins and her fellow desk adjusters would have to say "good morning" and "good night" on MS Teams chat, essentially clocking in and clocking out for the view of the Team Leads (even if Collins) did additional work outside of the hours between clocking in and clocking out. If Collins didn't put "good morning" in MS Teams, she risked not getting paid for part or all of that day, even if it was obviously that she was working her regular schedule that day. Collins would have to put everything in a shared "tracker," which was an Excel spreadsheet, where she and her fellow desk adjusters would have to log every task they did, throughout the day, with the claim number, time of the task, and information about the task, the next step on the claim, and the end time of the task. Collins and other desk adjusters would be judged and even threatened with having their pay docked if the Team Leads (led by Faye Quinnie) didn't feel like the adjuster had done a sufficient quantity of activities that day. Collins in fact had her pay docked like this, and had to prove to HR that she had worked that day to get properly paid for that day.

To take off time, Collins would have to get permission in advance from a Team Lead. The one exception that Collins can recall is when her house caught on fire, where her Team Lead Tameika allowed to take off the rest of that day without pre-approval.

CRU managers made it clear that you were not allowed to have a second job while working for CRU.

Collins would be interrupted throughout the day by Team Leads asking questions about her claims, or her claims activity, or just to test whether or not she was at her desk at that moment. It was very disruptive to her focus, such that she would sometimes work evenings and even in the middle of the night to complete her required claims work without those interruptions. Sometimes she would do the evening work to keep from getting in trouble the next day for not keeping up with her required claims activities. The Team Leads expected her to respond immediately to any inquiry, often having to justify what they did and why they did it for certain activities on a claim. Collins was expected to answer any calls as they came to her, because if she didn't, it would be perceived that she wasn't working at could get verbally disciplined for it.

All Team Leads enforced these standards.

As an example of the level of supervision involved, Collins recalls a required conference with manager Pradeep Singh. One particular time, Singh required Collins to have a video conference with him to talk to her about one of her claims. Collins got on the video conference on an audio-only basis, but Pardeep kept insisting that she get on video. He said he wanted to see her face-to-face. When she said she wasn't properly dressed for a video call, that she didn't feel comfortable getting on video, and that she wasn't required to do video calls per her contract with CRU, he still insisted that she get on video, and said he would wait until she changed clothes and was prepared to get on video. She complied. Then, during the conversation, he talked to her in a condescending manner. For instance, he would explain something and would ask her, in a belittling tone, "Do you understand what I'm saying?" And he would also often make her repeat back to him what he told her, in an extremely condescending way.

**INTERROGATORY NO. 10 (18th Interrogatory)**: Identify each individual who has knowledge of the hours you performed work for either of the Defendants.

**RESPONSE**: Natine "Nikki" Lundy, Rasheedah Mays, Olandria "Faye" Quinnie (if she is being truthful about those hours), Priscilla Leyva, DeLondon Kyles, Jamar last name not recalled by Collins at this moment), Pam James, Jeff Acosta, Jill Mansfield, and Basil Riley.

**INTERROGATORY NO. 11 (19th Interrogatory)**: Please identify any child(ren) and/or other dependent(s) who you were responsible for, and/or who lived with you, during the days you claim to have performed work for either of the Defendants, as well as his/her/their year of birth.

**RESPONSE**: *Plaintiff Collins objects to the extent that this interrogatory is overly broad, in that the specific identities of her children are private and are not reasonably needed by CRU USA for any legitimate purpose in this lawsuit. With the above considered, Plaintiff responds as follows:*

Collins has two children, birth years 2000 and 2015.

**INTERROGATORY NO. 12 (20th Interrogatory)**:  Please provide the following information for each individual/organization responsible for caring for your child(ren) and/or other dependent(s) (either at your home or another location) during the days you claim to have performed work for either of the Defendants:

    a. Name of individual/organization;
    b. Date(s) the individual/organization provided care;
    c. Hours the individual/organization provided care;
    d. Method the individual/organization was paid for providing care; and
    e. Identity of each document or source of information that shows the foregoing information about your care.

**RESPONSE**: *Plaintiff Collins objects to the extent that this interrogatory is overly broad, in that where her children may or may not have gone to school or received childcare is not reasonably needed by CRU USA for any legitimate purpose in this lawsuit. Furthermore, Plaintiff Collins believes that CRU USA seeks this information in order to create a fractured and rendering of her workday, which is contrary to how compensable time is to be measured under the Fair Labor Standards Act, pursuant to* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946) *and*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| C. M. COLLINS, N. J. LUNDY, and R. C. L. MAYS, *individually and on behalf of all others similarly situated*, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:22-cv-01073-SDJ |
| v. | § § | |
| CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC., | § § § § § | Collective Action under 29 U.S.C. § 216(b)  JURY DEMANDED |
| Defendants. | § § | |

## INTERROGATORY VERIFICATION

Pursuant to 28 U.S.C. §1746, CARLA M. COLLINS declares:

1. "My name is Carla M. Collins and I am competent to make this declaration. These 1st Amended Responses to Defendant's First Interrogatories, to which this verification is attached, are true and correct to the best of my knowledge.

2. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration was executed on:

   Nov 13 2023  in  Caddo  County, State of  Louisiana .

   *Carla M. Collins*
   _____
   CARLA M. COLLINS, Declarant



# Audit Trail

## Document Details

| | |
|---|---|
| **Title** | 1st Amended Responses to CRU USA's Interrogatories |
| **File Name** | [rev 11-2023] P-Collins 1st Amd Resp to CRU USA 1st Rogs.pdf |
| **Document ID** | 812b2041bc194115b853294322e3248c |
| **Fingerprint** | 1f45e4787e3f0a480f73728efcd6978f |
| **Status** | Completed |

## Document History

**Document Created**
Document Created by Kerry O'Brien (ko@obrienlawpc.com)
Fingerprint: 3fcdae8185221a8504526c51a822f7a1
Nov 12 2023
10:02PM UTC

**Document Sent**
Document Sent to Carla M. Collins (carlamcollins@yahoo.com)
Nov 12 2023
10:02PM UTC

**Document Viewed**
Document Viewed by Carla M. Collins (carlamcollins@yahoo.com)
IP: 75.65.87.127
Nov 13 2023
01:05AM UTC

**Document Viewed**
Document Viewed by Carla M. Collins (carlamcollins@yahoo.com)
IP: 166.199.229.28
Nov 13 2023
04:07PM UTC

**Document Viewed**
Document Viewed by Carla M. Collins (carlamcollins@yahoo.com)
IP: 166.199.229.28
Nov 13 2023
04:13PM UTC

**Document Signed**
Document Signed by Carla M. Collins (carlamcollins@yahoo.com)
IP: 166.199.229.28

*Carla M. Collins*

Nov 13 2023
04:14PM UTC

**Document Completed**
This document has been completed.
Fingerprint: 1f45e4787e3f0a480f73728efcd6978f
Nov 13 2023
04:14PM UTC

Processed by xodo sign