# O'BRIEN LAW FIRM

1011 WESTLAKE DRIVE  
AUSTIN, TEXAS 78746  
PHONE: 512.410.1960  
FAX: 512.410.6171

KERRY V. O'BRIEN  
TEXAS BAR NO. 24038469  
KO@OBRIENLAWPC.COM  
TEXASEMPLOYEES.COM

## PAMELA ANN MARIE JAMES'S RESPONSE TO 1ST REQUEST FOR PRODUCTION

| | |
|---|---|
| Case Style | Civil Action No. 4:22-CV-1073-SDJ; *C. M. Collins, N. J. Lundy, and R. C. L. Mays, individually and on behalf of all others similarly situated v. Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*, In the United States District Court for the Eastern District of Texas, Sherman Division |
| Date | July 10, 2023 |
| From | Pamela Ann Marie James<br>℅ O'Brien Law Firm, 1011 Westlake Drive, Austin, Texas 78746 |
| To | Defendant – Catastrophe Response Unit USA, Inc.<br>c/o HALLET & PERRIN, P.C., 1445 Ross Avenue, Ste, 2400, Dallas, Texas 75202 |
| Total pages | 9 response pages + production documents |
| Certificate of Service | By my signature below, I hereby certify that this Response to Request for Production was served on the following via email transmission on the date above:<br><br>Monte K. Hurst<br>State Bar No. 00796802<br>*monte.hurst@hallettperrin.com*<br><br>Kristen A. Laster<br>State Bar No. 24076499<br>*kbrumbalow@hallettperrin.com*<br><br>HALLETT & PERRIN, P.C.<br>1445 Ross Avenue, Suite 2400<br>Dallas, Texas 75202<br>214.953.0053<br>(f) 214.922.4142<br><br>COUNSEL FOR DEFENDANTS |

Respectfully submitted,

*Kerry O'Brien*

Kerry V. O'Brien  
Attorney for Plaintiffs

To the extent that any of the documents produced by Plaintiff can be construed as having been "removed" or "downloaded" in the normal course of Plaintiff's employment with Defendants, see PLAINTIFFS 000186-000236_James.

Plaintiff does not believe Plaintiff is withholding responsive materials pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 13**: Please produce any and all federal income tax returns, W-2 and 1099 forms filed by you for the past five years.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Plaintiff objects that the temporal scope of this request is not limited to the relevant time period covered by Plaintiff's claims—i.e., three years prior to the date Plaintiff's consent was filed to the present. Plaintiff will respond with respect to that time period only.

Plaintiff objects that the request for Plaintiff's personal federal income tax returns is a violation of Plaintiff's privacy and such invasion of privacy provides a burden to Plaintiff that goes far beyond any proportional needs of Defendant. Furthermore, other sources exist (e.g., 1099s) from which the information contained in the returns may be readily obtained, although Defendant cannot demonstrate the requisite need for production of Plaintiff's unrelated income information given the limited overtime wage issues in this case. Without waiving these objections:

Apart from Plaintiff's CRU tax forms, if any, Plaintiff is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 14**: Please produce all daily planners, diaries, calendars, memoranda, notes, correspondence, or other documents in which you recorded any information which in any way relates or pertains to your claims against the Defendants, or which contain a record of any of your activities from January 1, 2019 to the present.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." *See* Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery.

Furthermore, it is overly broad, as the parties could reasonably disagree as to whether a particular record "contains a record of any of Plaintiff's activities" for a 4-year period of time, and could be construed to require massive production for a reason that is not permitted under the FLSA (see below).

Furthermore, the request is overly broad in the time scope, as it requests information about activities that occurred prior to the three years prior to the filing of Plaintiff's consent in this lawsuit and during times on Plaintiff's personal time outside of her compensable work periods.


1011 W<small>ESTLAKE</small> D<small>RIVE</small>  
A<small>USTIN</small>, T<small>EXAS</small> 78746  
<small>PHONE</small>: 512.410.1960  
<small>FAX</small>: 512.410.6171  

K<small>ERRY</small> V. O'B<small>RIEN</small>  
T<small>EXAS</small> B<small>AR</small> N<small>O</small>. 24038469  
<small>KO</small>@<small>OBRIENLAWPC</small>.<small>COM</small>  
T<small>EXAS</small>E<small>MPLOYEES</small>.<small>COM</small>

## J<small>ILL</small> M<small>ANSFIELD'S</small> R<small>ESPONSE TO</small> 1<small>ST</small> R<small>EQUEST FOR</small> P<small>RODUCTION</small>

| | |
|---|---|
| Case Style | Civil Action No. 4:22-CV-1073-SDJ; *C. M. Collins, N. J. Lundy, and R. C. L. Mays, individually and on behalf of all others similarly situated v. Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*, In the United States District Court for the Eastern District of Texas, Sherman Division |
| Date | July 10, 2023 |
| From | Jill Mansfield<br>℅ O'Brien Law Firm, 1011 Westlake Drive, Austin, Texas 78746 |
| To | Defendant – Catastrophe Response Unit USA, Inc.<br>c/o H<small>ALLET</small> & P<small>ERRIN</small>, P.C., 1445 Ross Avenue, Ste, 2400, Dallas, Texas 75202 |
| Total pages | 9 response pages + production documents |
| Certificate of Service | By my signature below, I hereby certify that this Response to Request for Production was served on the following via email transmission on the date above:<br><br>Monte K. Hurst<br>State Bar No. 00796802<br>*monte.hurst@hallettperrin.com*<br><br>Kristen A. Laster<br>State Bar No. 24076499<br>*kbrumbalow@hallettperrin.com*<br><br>HALLETT & PERRIN, P.C.<br>1445 Ross Avenue, Suite 2400<br>Dallas, Texas 75202<br>214.953.0053<br>(f) 214.922.4142<br><br>COUNSEL FOR DEFENDANTS |

Respectfully submitted,

*Kerry O'Brien* (signature)

Kerry V. O'Brien  
Attorney for Plaintiffs

To the extent that any of the documents produced by Plaintiff can be construed as having been "removed" or "downloaded" in the normal course of Plaintiff's employment with Defendants, see PLAINTIFFS 000237-000256_Mansfield.

Plaintiff does not believe Plaintiff is withholding responsive materials pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 13**: Please produce any and all federal income tax returns, W-2 and 1099 forms filed by you for the past five years.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Plaintiff objects that the temporal scope of this request is not limited to the relevant time period covered by Plaintiff's claims—i.e., three years prior to the date Plaintiff's consent was filed to the present. Plaintiff will respond with respect to that time period only.

Plaintiff objects that the request for Plaintiff's personal federal income tax returns is a violation of Plaintiff's privacy and such invasion of privacy provides a burden to Plaintiff that goes far beyond any proportional needs of Defendant. Furthermore, other sources exist (e.g., 1099s) from which the information contained in the returns may be readily obtained, although Defendant cannot demonstrate the requisite need for production of Plaintiff's unrelated income information given the limited overtime wage issues in this case. Without waiving these objections:

Apart from Plaintiff's CRU tax forms, if any, Plaintiff is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 14**: Please produce all daily planners, diaries, calendars, memoranda, notes, correspondence, or other documents in which you recorded any information which in any way relates or pertains to your claims against the Defendants, or which contain a record of any of your activities from January 1, 2019 to the present.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." *See* Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery.

Furthermore, it is overly broad, as the parties could reasonably disagree as to whether a particular record "contains a record of any of Plaintiff's activities" for a 4-year period of time, and could be construed to require massive production for a reason that is not permitted under the FLSA (see below).

Furthermore, the request is overly broad in the time scope, as it requests information about activities that occurred prior to the three years prior to the filing of Plaintiff's consent in this lawsuit and during times on Plaintiff's personal time outside of her compensable work periods.

# O'BRIEN LAW FIRM

| | |
|---|---|
| 1011 WESTLAKE DRIVE | KERRY V. O'BRIEN |
| AUSTIN, TEXAS 78746 | TEXAS BAR NO. 24038469 |
| PHONE: 512.410.1960 | KO@OBRIENLAWPC.COM |
| FAX: 512.410.6171 | TEXASEMPLOYEES.COM |

| SHEENA NICKELBERRY'S RESPONSE TO 1ST REQUEST FOR PRODUCTION ||
|---|---|
| Case Style | Civil Action No. 4:22-CV-1073-SDJ; *C. M. Collins, N. J. Lundy, and R. C. L. Mays, individually and on behalf of all others similarly situated v. Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*, In the United States District Court for the Eastern District of Texas, Sherman Division |
| Date | July 10, 2023 |
| From | Sheena Nickelberry<br>℅ O'Brien Law Firm, 1011 Westlake Drive, Austin, Texas 78746 |
| To | Defendant – Catastrophe Response Unit USA, Inc.<br>c/o HALLET & PERRIN, P.C., 1445 Ross Avenue, Ste, 2400, Dallas, Texas 75202 |
| Total pages | 10 response pages + production documents |
| Certificate of Service | By my signature below, I hereby certify that this Response to Request for Production was served on the following via email transmission on the date above:<br><br>Monte K. Hurst<br>State Bar No. 00796802<br>*monte.hurst@hallettperrin.com*<br><br>Kristen A. Laster<br>State Bar No. 24076499<br>*kbrumbalow@hallettperrin.com*<br><br>HALLETT & PERRIN, P.C.<br>1445 Ross Avenue, Suite 2400<br>Dallas, Texas 75202<br>214.953.0053<br>(f) 214.922.4142<br><br>COUNSEL FOR DEFENDANTS |

Respectfully submitted,

*Kerry O'Brien*

Kerry V. O'Brien
Attorney for Plaintiffs

To the extent that any of the documents produced by Plaintiff can be construed as having been "removed" or "downloaded" in the normal course of Plaintiff's employment with Defendants, see PLAINTIFFS 000266-000325_Nickelberry.

Plaintiff does not believe Plaintiff is withholding responsive materials pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 13**: Please produce any and all federal income tax returns, W-2 and 1099 forms filed by you for the past five years.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Plaintiff objects that the temporal scope of this request is not limited to the relevant time period covered by Plaintiff's claims—i.e., three years prior to the date Plaintiff's consent was filed to the present. Plaintiff will respond with respect to that time period only.

Plaintiff objects that the request for Plaintiff's personal federal income tax returns is a violation of Plaintiff's privacy and such invasion of privacy provides a burden to Plaintiff that goes far beyond any proportional needs of Defendant. Furthermore, other sources exist (e.g., 1099s) from which the information contained in the returns may be readily obtained, although Defendant cannot demonstrate the requisite need for production of Plaintiff's unrelated income information given the limited overtime wage issues in this case. Without waiving these objections:

Apart from Plaintiff's CRU tax forms, if any, Plaintiff is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 14**: Please produce all daily planners, diaries, calendars, memoranda, notes, correspondence, or other documents in which you recorded any information which in any way relates or pertains to your claims against the Defendants, or which contain a record of any of your activities from January 1, 2019 to the present.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." *See* Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery.

Furthermore, it is overly broad, as the parties could reasonably disagree as to whether a particular record "contains a record of any of Plaintiff's activities" for a 4-year period of time, and could be construed to require massive production for a reason that is not permitted under the FLSA (see below).

Furthermore, the request is overly broad in the time scope, as it requests information about activities that occurred prior to the three years prior to the filing of Plaintiff's consent in this lawsuit and during times on Plaintiff's personal time outside of her compensable work periods.

# O'BRIEN LAW FIRM

| | |
|---|---|
| 1011 Westlake Drive | Kerry V. O'Brien |
| Austin, Texas 78746 | Texas Bar No. 24038469 |
| phone: 512.410.1960 | ko@obrienlawpc.com |
| fax: 512.410.6171 | TexasEmployees.com |

## BASIL LEO RILEY, III'S RESPONSE TO 1ST REQUEST FOR PRODUCTION

| | |
|---|---|
| Case Style | Civil Action No. 4:22-CV-1073-SDJ; *C. M. Collins, N. J. Lundy, and R. C. L. Mays, individually and on behalf of all others similarly situated v. Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*, In the United States District Court for the Eastern District of Texas, Sherman Division |
| Date | July 10, 2023 |
| From | Basil Leo Riley, III<br>℅ O'Brien Law Firm, 1011 Westlake Drive, Austin, Texas 78746 |
| To | Defendant – Catastrophe Response Unit USA, Inc.<br>c/o Hallet & Perrin, P.C., 1445 Ross Avenue, Ste, 2400, Dallas, Texas 75202 |
| Total pages | 9 response pages + production documents |
| Certificate of Service | By my signature below, I hereby certify that this Response to Request for Production was served on the following via email transmission on the date above:<br><br>Monte K. Hurst<br>State Bar No. 00796802<br>*monte.hurst@hallettperrin.com*<br><br>Kristen A. Laster<br>State Bar No. 24076499<br>*kbrumbalow@hallettperrin.com*<br><br>HALLETT & PERRIN, P.C.<br>1445 Ross Avenue, Suite 2400<br>Dallas, Texas 75202<br>214.953.0053<br>(f) 214.922.4142<br><br>COUNSEL FOR DEFENDANTS |

Respectfully submitted,

*Kerry O'Brien*

Kerry V. O'Brien
Attorney for Plaintiffs

To the extent that any of the documents produced by Plaintiff can be construed as having been "removed" or "downloaded" in the normal course of Plaintiff's employment with Defendants, see PLAINTIFFS 000326-000353_Riley.

Plaintiff does not believe Plaintiff is withholding responsive materials pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 13**: Please produce any and all federal income tax returns, W-2 and 1099 forms filed by you for the past five years.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Plaintiff objects that the temporal scope of this request is not limited to the relevant time period covered by Plaintiff's claims—i.e., three years prior to the date Plaintiff's consent was filed to the present. Plaintiff will respond with respect to that time period only.

Plaintiff objects that the request for Plaintiff's personal federal income tax returns is a violation of Plaintiff's privacy and such invasion of privacy provides a burden to Plaintiff that goes far beyond any proportional needs of Defendant. Furthermore, other sources exist (e.g., 1099s) from which the information contained in the returns may be readily obtained, although Defendant cannot demonstrate the requisite need for production of Plaintiff's unrelated income information given the limited overtime wage issues in this case. Without waiving these objections:

Apart from Plaintiff's CRU tax forms, if any, Plaintiff is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 14**: Please produce all daily planners, diaries, calendars, memoranda, notes, correspondence, or other documents in which you recorded any information which in any way relates or pertains to your claims against the Defendants, or which contain a record of any of your activities from January 1, 2019 to the present.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." *See* Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery.

Furthermore, it is overly broad, as the parties could reasonably disagree as to whether a particular record "contains a record of any of Plaintiff's activities" for a 4-year period of time, and could be construed to require massive production for a reason that is not permitted under the FLSA (see below).

Furthermore, the request is overly broad in the time scope, as it requests information about activities that occurred prior to the three years prior to the filing of Plaintiff's consent in this lawsuit and during times on Plaintiff's personal time outside of her compensable work periods.

Furthermore, Plaintiff objects because Defendant seeks this information in order apparently to create a fractured and piecemeal reconstruction of Plaintiff's daily compensable work periods,

| | |
|---|---|
| **TAMMY RUSSELL-BROWN'S RESPONSE TO CRU USA'S 1ST REQUEST FOR PRODUCTION** ||
| Case Style | Civil Action No. 4:22-CV-1073-SDJ; *C. M. Collins, N. J. Lundy, and R. C. L. Mays, individually and on behalf of all others similarly situated v. Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*, In the United States District Court for the Eastern District of Texas, Sherman Division |
| Date | December 14, 2023 |
| From | Tammy Russell-Brown<br>℅ O'Brien Law Firm, 1011 Westlake Drive, Austin, Texas 78746 |
| To | Defendant – Catastrophe Response Unit USA, Inc.<br>c/o HALLET & PERRIN, P.C., 1445 Ross Avenue, Ste, 2400, Dallas, Texas 75202 |
| Total pages | 8 response pages + PLAINTIFFS 000414-000423 |
| Certificate of Service | By my signature below, I hereby certify that this Response to Request for Production was served on the following via email transmission on the date above:<br><br>Monte K. Hurst<br>State Bar No. 00796802<br>monte.hurst@hallettperrin.com<br><br>Kristen A. Laster<br>State Bar No. 24076499<br>kbrumbalow@hallettperrin.com<br><br>HALLETT & PERRIN, P.C.<br>1445 Ross Avenue, Suite 2400<br>Dallas, Texas 75202<br>214.953.0053<br>(f) 214.922.4142<br><br>COUNSEL FOR DEFENDANTS |

Respectfully submitted,

*/s/ Kerry O'Brien*

Kerry V. O'Brien
Attorney for Plaintiffs

tax treatment of Russell-Brown with that employer (whether on a W-2 or 1099 basis). Russell-Brown will supplement with her W-2/1099 tax information within 14 days of the date of this response. Otherwise, CRU cannot demonstrate that any information beyond that may be relevant to the specific issues in this overtime lawsuit.

**REQUEST FOR PRODUCTION NO. 10**: Please produce all documents reflecting your job assignments, job performance, benefits, and/or pay rates while on an assignment in which you performed work for either of the Defendants.

**RESPONSE**: See PLAINTIFFS 000414-000423.

**REQUEST FOR PRODUCTION NO. 11**: Please produce all employment records in your possession relating to either of the Defendants named in this lawsuit, from January 1, 2019 to the present.

**RESPONSE**: See PLAINTIFFS 000414-000423.

**REQUEST FOR PRODUCTION NO. 12**: Please produce any document or tangible items you removed or downloaded from either of the Defendants' physical premises or virtual systems.

**RESPONSE**: See PLAINTIFFS 000414-000423.

**REQUEST FOR PRODUCTION NO. 13**: Please produce any and all federal income tax returns, W-2 and 1099 forms filed by you for the past five years.

**RESPONSE**: Russell-Brown will supplement within 14 days with her W2/1099 tax information for the years 2019-2022. She objects to any additional years of tax information as beyond the legitimate needs of Defendants, given her role as an opt-in and the current posture of the case.

**REQUEST FOR PRODUCTION NO. 14**: Please produce all daily planners, diaries, calendars, memoranda, notes, correspondence, or other documents in which you recorded any information which in any way relates or pertains to your claims against the Defendants, or which contain a record of any of your activities from January 1, 2019 to the present.

**RESPONSE**: Russell-Brown objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery.

Furthermore, it is overly broad, as the parties could reasonably disagree as to whether a particular record "contains a record of any of Plaintiff's activities" for a 4-year period of time, and could be construed to require massive production for a reason that is not permitted under the FLSA (see below).

Furthermore, the request is overly broad in the time scope, as it requests information about activities that occurred prior to the three years prior to the filing of Russell-Brown's consent in this lawsuit and during times on Russell-Brown's personal time outside of her compensable work



1011 WESTLAKE DRIVE
AUSTIN, TEXAS 78746
PHONE: 512.410.1960
FAX: 512.410.6171

KERRY V. O'BRIEN
TEXAS BAR NO. 24038469
KO@OBRIENLAWPC.COM
TEXASEMPLOYEES.COM

| | |
|---|---|
| | **PLAINTIFF-COLLINS' 1st AMENDED RESPONSE TO CRU USA's 1ST REQUEST FOR PRODUCTION** |
| Case Style | Civil Action No. 4:22-CV-1073-SDJ; *C. M. Collins, N. J. Lundy, and R. C. L. Mays, individually and on behalf of all others similarly situated v. Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*, In the United States District Court for the Eastern District of Texas, Sherman Division |
| Date | November 13, 2023 |
| From | Plaintiff – C. M. Collins<br>℅ O'Brien Law Firm, 1011 Westlake Drive, Austin, Texas 78746 |
| To | Defendant – Catastrophe Response Unit USA, Inc.<br>c/o HALLET & PERRIN, P.C., 1445 Ross Avenue, Ste, 2400, Dallas, Texas 75202 |
| Total pages | 17 |
| Certificate of Service | By my signature below, I hereby certify that this 1st Amended Response to CRU USA's 1st Request for Production was served on the following via email transmission on the date above:<br><br>Monte K. Hurst<br>State Bar No. 00796802<br>*monte.hurst@hallettperrin.com*<br><br>Kristen A. Laster<br>State Bar No. 24076499<br>*kbrumbalow@hallettperrin.com*<br><br>HALLETT & PERRIN, P.C.<br>1445 Ross Avenue, Suite 2400<br>Dallas, Texas 75202<br>214.953.0053<br>(f) 214.922.4142<br><br>COUNSEL FOR DEFENDANTS |

Respectfully submitted,

*Kerry O'Brien*

Kerry V. O'Brien
Attorney for Plaintiffs

Plaintiff does not believe Plaintiff is withholding responsive materials pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 18**: Please produce any and all federal income tax returns, W-2 and 1099 forms filed by you for the past five years.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF No. 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Plaintiff objects that the temporal scope of this request is not limited to the relevant time period covered by Plaintiff's claims—i.e., three years prior to the date Plaintiff's consent was filed to the present. Plaintiff will respond with respect to that time period only.

Plaintiff objects that the request for Plaintiff's personal federal income tax returns is a violation of Plaintiff's privacy and such invasion of privacy provides a burden to Plaintiff that goes far beyond any proportional needs of Defendant. Furthermore, other sources exist (e.g., 1099s) from which the information contained in the returns may be readily obtained, although Defendant cannot demonstrate the requisite need for production of Plaintiff's unrelated income information given the limited overtime wage issues in this case.

Apart from Plaintiff's CRU tax forms, if any, Plaintiff is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 19**: Please produce any audio and/or video tape(s) which relates in any way to the subject matter of this lawsuit and any transcripts thereof, including, but not limited to, any recordings of meetings, conferences or conversations in which a representative of TD Insurance or a representative of either of the Defendants was a participant or was present.

**RESPONSE**:  None.

**REQUEST FOR PRODUCTION NO. 20**: Please produce any communication(s) which relate in any way to the subject matter of this lawsuit, including, but not limited to, any e-mail messages to/from a representative of TD Insurance or a representative of either of the Defendants.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF No. 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Furthermore, Plaintiff objects that this Request fails to comply with FRCP 34(b)(1)(A), as it fails to state with reasonable particularity each item or category of items to be inspected. Instead, in essence, the Request demands inspection or production of "all communications related to the lawsuit," which is overly broad, especially considering that the parties could reasonably disagree on whether a particular communication is "related" to Plaintiff's work with CRU.

# O'BRIEN LAW FIRM

1011 WESTLAKE DRIVE
AUSTIN, TEXAS 78746
PHONE: 512.410.1960
FAX: 512.410.6171

KERRY V. O'BRIEN
TEXAS BAR NO. 24038469
ko@obrienlawpc.com
TexasEmployees.com

| | |
|---|---|
| | **PLAINTIFF-LUNDY'S 1st AMENDED RESPONSE TO CRU USA'S 1st REQUEST FOR PRODUCTION** |
| Case Style | Civil Action No. 4:22-CV-1073-SDJ; *C. M. Collins, N. J. Lundy, and R. C. L. Mays, individually and on behalf of all others similarly situated v. Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*, In the United States District Court for the Eastern District of Texas, Sherman Division |
| Date | November 13, 2023 |
| From | Plaintiff – N. J. Lundy<br>℅ O'Brien Law Firm, 1011 Westlake Drive, Austin, Texas 78746 |
| To | Defendant – Catastrophe Response Unit USA, Inc.<br>c/o HALLET & PERRIN, P.C., 1445 Ross Avenue, Ste, 2400, Dallas, Texas 75202 |
| Total pages | 18 |
| Certificate of Service | By my signature below, I hereby certify that this 1st Amended Response to CRU USA's 1st Request for Production was served on the following via email transmission on the date above:<br><br>Monte K. Hurst<br>State Bar No. 00796802<br>*monte.hurst@hallettperrin.com*<br><br>Kristen A. Laster<br>State Bar No. 24076499<br>*kbrumbalow@hallettperrin.com*<br><br>HALLETT & PERRIN, P.C.<br>1445 Ross Avenue, Suite 2400<br>Dallas, Texas 75202<br>214.953.0053<br>(f) 214.922.4142<br><br>COUNSEL FOR DEFENDANTS |

Respectfully submitted,

*Kerry O'Brien*

Kerry V. O'Brien
Attorney for Plaintiffs

indirectly relies in this lawsuit," which is an *extremely* broad and vague category of documents to be produced.

Furthermore, Plaintiff objects that this Request is confusing, as Plaintiff cannot construct a reasonable definition of what it means to "indirectly rely" on a document in this lawsuit.

All documents produced by Plaintiff can be argued to be documents on which Plaintiff "directly or indirectly rel[ies]" in this lawsuit, if only, at a minimum, as materials responsive to other Requests for Production of Defendants.

Otherwise, Plaintiff does not believe Plaintiff is withholding responsive materials pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 16**: Please produce all employment records in your possession relating to either of the Defendants named in this lawsuit, from January 1, 2019 to the present.

**RESPONSE**: To the extent that "employment records" in the context of this Request means records created by an employer memorializing the terms and conditions of an employee's employment, see PLAINTIFFS 000001-000124.

**REQUEST FOR PRODUCTION NO. 17**: Please produce any document or tangible items you removed or downloaded from either of the Defendants' physical premises or virtual systems.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Plaintiff also objects that this request is not relevant to any party's claim or defense.

To the extent that any of the documents produced by Plaintiff can be construed as having been "removed" or "downloaded" in the normal course of Plaintiff's employment with Defendants, see PLAINTIFFS 000001-000124.

Plaintiff does not believe Plaintiff is withholding responsive materials pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 18**: Please produce any and all federal income tax returns, W-2 and 1099 forms filed by you for the past five years.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Plaintiff objects that the temporal scope of this request is not limited to the relevant time period covered by Plaintiff's claims—i.e., three years prior to the date Plaintiff's consent was filed to the present. Plaintiff will respond with respect to that time period only.

Plaintiff objects that the request for Plaintiff's personal federal income tax returns is a violation of Plaintiff's privacy and such invasion of privacy provides a burden to Plaintiff that goes far beyond any proportional needs of Defendant. Furthermore, other sources exist (e.g., 1099s) from which the information contained in the returns may be readily obtained, although Defendant cannot demonstrate the requisite need for production of Plaintiff's unrelated income information given the limited overtime wage issues in this case.

Apart from Plaintiff's CRU tax forms, if any, Plaintiff is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 19**: Please produce any audio and/or video tape(s) which relates in any way to the subject matter of this lawsuit and any transcripts thereof, including, but not limited to, any recordings of meetings, conferences or conversations in which a representative of TD Insurance or a representative of either of the Defendants was a participant or was present.

**RESPONSE**: None.

**REQUEST FOR PRODUCTION NO. 20**: Please produce any communication(s) which relate in any way to the subject matter of this lawsuit, including, but not limited to, any e-mail messages to/from a representative of TD Insurance or a representative of either of the Defendants.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Furthermore, Plaintiff objects that this Request fails to comply with FRCP 34(b)(1)(A), as it fails to state with reasonable particularity each item or category of items to be inspected. Instead, in essence, the Request demands inspection or production of "all communications related to the lawsuit," which is overly broad, especially considering that the parties could reasonably disagree on whether a particular communication is "related" to Plaintiff's work with CRU.

Based on Plaintiff's belief as to whether a communication in her possession, custody, or control, "relates in any way to the subject matter of this lawsuit," see all communications produced by Plaintiff. Plaintiff does not believe Plaintiff is withholding responsive materials pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 21**: Please produce any newspaper or magazine articles, television video or any other media coverage that relate in any way to the subject matter of this lawsuit.



1011 W<small>ESTLAKE</small> D<small>RIVE</small>
A<small>USTIN</small>, T<small>EXAS</small> 78746
<small>PHONE</small>: 512.410.1960
<small>FAX</small>: 512.410.6171

K<small>ERRY</small> V. O'B<small>RIEN</small>
T<small>EXAS</small> B<small>AR</small> N<small>O</small>. 24038469
<small>KO</small>@<small>OBRIENLAWPC.COM</small>
T<small>EXAS</small>E<small>MPLOYEES.COM</small>

| | |
|---|---|
| **PLAINTIFF-MAYS'S 1ST AMENDED RESPONSE TO CRU USA's 1ST REQUEST FOR PRODUCTION** |
| Case Style | Civil Action No. 4:22-CV-1073-SDJ; *C. M. Collins, N. J. Lundy, and R. C. L. Mays, individually and on behalf of all others similarly situated v. Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*, In the United States District Court for the Eastern District of Texas, Sherman Division |
| Date | November 13, 2023 |
| From | Plaintiff – R. C. L. Mays<br>℅ O'Brien Law Firm, 1011 Westlake Drive, Austin, Texas 78746 |
| To | Defendant – Catastrophe Response Unit USA, Inc.<br>c/o H<small>ALLET</small> & P<small>ERRIN</small>, P.C., 1445 Ross Avenue, Ste, 2400, Dallas, Texas 75202 |
| Total pages | 17 |
| Certificate of Service | By my signature below, I hereby certify that this 1st Amended Response to CRU USA's 1st Request for Production was served on the following via email transmission on the date above:<br><br>Monte K. Hurst<br>State Bar No. 00796802<br>*monte.hurst@hallettperrin.com*<br><br>Kristen A. Laster<br>State Bar No. 24076499<br>*kbrumbalow@hallettperrin.com*<br><br>HALLETT & PERRIN, P.C.<br>1445 Ross Avenue, Suite 2400<br>Dallas, Texas 75202<br>214.953.0053<br>(f) 214.922.4142<br><br>COUNSEL FOR DEFENDANTS |

Respectfully submitted,

*Kerry O'Brien*

Kerry V. O'Brien
Attorney for Plaintiffs

**REQUEST FOR PRODUCTION NO. 14**: Please produce all documents provided to you by either of the Defendants which relate in any way to the work performed while on an assignment in which you performed work for either of the Defendants.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Furthermore, this Request fails to comply with FRCP 34(b)(1)(A), as it fails to state with reasonable particularity each item or category of items to be inspected. Instead, in essence, the Request demands inspection or production of "all documents related to your work," which is overly broad, especially considering that the parties could reasonably disagree on whether a particular document is "related" to Plaintiff's work with CRU.

Based on Plaintiff's belief as to whether materials in her possession "relate in any way to the work [she] performed" for CRU, see all materials produced by Plaintiff. Plaintiff does not believe Plaintiff is withholding responsive materials pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 15**: Please produce all handbooks, manuals, leaflets, procedures, guidelines, memos, bulletins, directives, and other documents on which you directly or indirectly rely in this lawsuit.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Furthermore, Plaintiff objects that this Request fails to comply with FRCP 34(b)(1)(A), as it fails to state with reasonable particularity each item or category of items to be inspected. In fact, the Request demands inspection or production of "all documents on which Plaintiff directly or indirectly relies in this lawsuit," which is an *extremely* broad and vague category of documents to be produced.

Furthermore, Plaintiff objects that this Request is confusing, as Plaintiff cannot construct a reasonable definition of what it means to "indirectly rely" on a document in this lawsuit.

All documents produced by Plaintiff can be argued to be documents on which Plaintiff "directly or indirectly rel[ies]" in this lawsuit, if only, at a minimum, as materials responsive to other Requests for Production of Defendants.

Otherwise, Plaintiff does not believe Plaintiff is withholding responsive materials pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 16**: Please produce all employment records in your possession relating to either of the Defendants named in this lawsuit, from January 1, 2019 to the present.

**RESPONSE**: To the extent that "employment records" in the context of this Request means records created by an employer that may memorialize the terms and conditions of an employee's employment, see PLAINTIFFS 000163-000185.

**REQUEST FOR PRODUCTION NO. 17**: Please produce any document or tangible items you removed or downloaded from either of the Defendants' physical premises or virtual systems.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Plaintiff also objects that this request is not relevant to any party's claim or defense.

To the extent that any of the documents produced by Plaintiff can be construed as having been "removed" or "downloaded" in the normal course of Plaintiff's employment with Defendants, see PLAINTIFFS 000163-000185.

Plaintiff does not believe Plaintiff is withholding responsive materials pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 18**: Please produce any and all federal income tax returns, W-2 and 1099 forms filed by you for the past five years.

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Plaintiff objects that the temporal scope of this request is not limited to the relevant time period covered by Plaintiff's claims—i.e., three years prior to the date Plaintiff's consent was filed to the present. Plaintiff will respond with respect to that time period only. Plaintiff further objects that CRU is already in possession of Plaintiff's tax forms with CRU.

Plaintiff objects that the request for Plaintiff's personal federal income tax returns is a violation of Plaintiff's privacy and such invasion of privacy provides a burden to Plaintiff that goes far beyond any proportional needs of Defendant. Furthermore, other sources exist (e.g., 1099s) from which the information contained in the returns may be readily obtained, although Defendant cannot demonstrate the requisite need for production of Plaintiff's unrelated income information given the limited overtime wage issues in this case.

Plaintiff is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 19**: Please produce any audio and/or video tape(s) which relate in any way to the subject matter of this lawsuit and any transcripts thereof, including, but not limited to, any recordings of meetings, conferences or conversations in which a representative of TD Insurance or a representative of either of the Defendants was a participant or was present.



| | |
|---|---|
| 1011 W<small>ESTLAKE</small> D<small>RIVE</small><br>A<small>USTIN</small>, T<small>EXAS</small> 78746<br>phone: 512.410.1960<br>fax: 512.410.6171 | K<small>ERRY</small> V. O'B<small>RIEN</small><br>T<small>EXAS</small> B<small>AR</small> N<small>O</small>. 24038469<br>ko@obrienlawpc.com<br>T<small>EXAS</small>E<small>MPLOYEES</small>.<small>COM</small> |

## A<small>SHLEY</small> R<small>UISE'S</small> R<small>ESPONSE</small> <small>TO</small> 1<small>ST</small> R<small>EQUEST</small> <small>FOR</small> P<small>RODUCTION</small>

| | |
|---|---|
| Case Style | Civil Action No. 4:22-CV-1073-SDJ; *C. M. Collins, N. J. Lundy, and R. C. L. Mays, individually and on behalf of all others similarly situated v. Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*, In the United States District Court for the Eastern District of Texas, Sherman Division |
| Date | July 10, 2023 |
| From | Ashley Ruise<br>℅ O'Brien Law Firm, 1011 Westlake Drive, Austin, Texas 78746 |
| To | Defendant – Catastrophe Response Unit USA, Inc.<br>c/o H<small>ALLET</small> & P<small>ERRIN</small>, P.C., 1445 Ross Avenue, Ste, 2400, Dallas, Texas 75202 |
| Total pages | 10 response pages |
| Certificate of Service | By my signature below, I hereby certify that this Response to Request for Production was served on the following via email transmission on the date above:<br><br>Monte K. Hurst<br>State Bar No. 00796802<br>*monte.hurst@hallettperrin.com*<br><br>Kristen A. Laster<br>State Bar No. 24076499<br>*kbrumbalow@hallettperrin.com*<br><br>HALLETT & PERRIN, P.C.<br>1445 Ross Avenue, Suite 2400<br>Dallas, Texas 75202<br>214.953.0053<br>(f) 214.922.4142<br><br>COUNSEL FOR DEFENDANTS |

Respectfully submitted,

*Kerry O'Brien*

Kerry V. O'Brien
Attorney for Plaintiffs

**RESPONSE**: Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Plaintiff also objects that this request is not relevant to any party's claim or defense. Without waiving these objections:

To the extent that any of the documents produced by Plaintiff can be construed as having been "removed" or "downloaded" in the normal course of Plaintiff's employment with Defendants, any responsive documents in Plaintiff's possession she will supplement within 14 days.

Plaintiff does not believe Plaintiff is withholding responsive materials pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 13**: Please produce any and all federal income tax returns, W-2 and 1099 forms filed by you for the past five years.

**RESPONSE**:  Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." See Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery to the extent that it is not limited to that issue.

Plaintiff objects that the temporal scope of this request is not limited to the relevant time period covered by Plaintiff's claims—i.e., three years prior to the date Plaintiff's consent was filed to the present. Plaintiff will respond with respect to that time period only.

Plaintiff objects that the request for Plaintiff's personal federal income tax returns is a violation of Plaintiff's privacy and such invasion of privacy provides a burden to Plaintiff that goes far beyond any proportional needs of Defendant. Furthermore, other sources exist (e.g., 1099s) from which the information contained in the returns may be readily obtained, although Defendant cannot demonstrate the requisite need for production of Plaintiff's unrelated income information given the limited overtime wage issues in this case. Without waiving these objections:

Apart from Plaintiff's CRU tax forms, if any, Plaintiff is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 14**: Please produce all daily planners, diaries, calendars, memoranda, notes, correspondence, or other documents in which you recorded any information which in any way relates or pertains to your claims against the Defendants, or which contain a record of any of your activities from January 1, 2019 to the present.

**RESPONSE**:  Plaintiff objects that this request is overly broad and not narrowly tailored to the issue of whether the plaintiffs are "similarly situated." *See* Preliminary Scheduling Order, ECF 18. Therefore, this Request is beyond the limited scope of this phase of discovery.

Furthermore, it is overly broad, as the parties could reasonably disagree as to whether a particular record "contains a record of any of Plaintiff's activities" for a 4-year period of time,