IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| C. M. COLLINS, N. J. LUNDY, and R. C. L. MAYS, *individually and on behalf of all others similarly situated,* § § § § | |
| Plaintiffs, § | CIVIL ACTION NO. 4:22-cv-01073-SDJ |
| v. § § § | |
| CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC., § § § § § § | Collective Action under 29 U.S.C. § 216(b) |
| Defendants. § | |

**OPPOSED MOTION TO WITHDRAW AS COUNSEL FOR
PLAINTIFF RASHEEDAH C. L. MAYS**

NOW COME, the undersigned counsel for Plaintiff Rasheedah C. L. Mays, and hereby move to withdraw ("Motion") as counsel for Mays, due to her complete lack of communication and cooperation with her counsel, which includes her failure to meet her ongoing obligations pursuant to Court orders and the Federal Rules of Civil Procedure, since November 12, 2023. Defendants are being marked as OPPOSED by default.[1]

---

[1] Counsel for the parties have had both phone and email communications about this Motion. On March 8, 2024, counsel for Mays asked counsel for Defendants on their ultimate position on this Motion. Having heard no response by the time of filing of this Motion, counsel for Mays indicates Defendants as "opposed" to the Motion by default. However, counsel for Mays believes that Defendants are not necessarily opposed to the withdrawal, but would like it be subject to certain conditions in the Court's order. By indicating Defendants as "opposed," Defendants have the right to file a response indicating their position on the withdrawal as well as specifying any conditions that they believe are appropriate in conjunction with the withdrawal.

## I. <u>Background and Basis for Motion to Withdraw</u>

This is a suit for unpaid overtime wages under the Fair Labor Standards Act. Plaintiffs Collins, Lundy, and Mays were desk adjusters for CRU who contend that they were misclassified as independent contractors and denied overtime wages as a result. They filed suit on behalf of themselves and all others similarly situated.

Since the spring of 2023, the parties have engaged in discovery on issues related to Plaintiffs' Motion for Notice under Section 216(b). 29 U.S.C. 216(b); *see also Swales v. KLLM Transport Services,* 985 F.3d 430 (5th Cir. 2021). That Motion for Notice was filed on November 28, 2023. With respect to Plaintiff Mays, she has responded to substantial written discovery from Defendants and, in September 2023, participated in a lengthy oral deposition which required her to travel from her home in Florida to the office of Defendants' counsel in Dallas. However, following months of routine phone, text, and email communications with her counsel, Mays ceased all communications with her counsel beginning on November 13, 2023, without explanation. Her counsel have not heard from her since that date.

Since that date, the undersigned counsel have made substantial attempts to contact her and get her to respond to their inquiries using the same contact information by which they have communicated with her throughout the case. Between December 2, 2023 and December 20, 2023, Mays's counsel made 12 attempts to contact her by phone, text, and email, with no response. These communications described with increasing urgency the importance of her prompt response, her obligation to so respond, and the potential consequences for continuing to fail to respond.

In addition, on December 20, 2023, counsel sent an email to Mays's email address via the Registered Email™ application and was able to confirm that the email was opened on the same day that it was delivered. (*See* Exh. 1.) The email attached a letter containing a detailed

description of Mays's present obligations as well as the consequences of failing to continue to cooperate with her counsel in this case, which included an explicit statement that her counsel intended to withdraw if she did not contact them within a certain period of time (that soon passed without contact) and remain in satisfactory contact with them.

Furthermore, also on December 20, 2023, counsel employed a private process server to personally serve Mays with the comprehensive letter described above at the Tampa, Florida residential address that Mays previously provided counsel, and the only address they have on file for her. The process server made contact with a resident who said that they know Mays but that Mays does not live at that address. (*See* Exh. 2.) Therefore, Mays has also breached her services agreement with the O'Brien Law Firm by failing to provide her new address within 10 days of any such change.

At this time, Mays's counsel do not know her specific whereabouts.[2] Because Mays refuses to cooperate with her counsel, the undersigned counsel can no longer continue to represent her interests in this case. Despite being informed of her options to hire new counsel to represent her, to represent herself, or to potentially withdraw her claims from the case, Mays has failed to respond to express interest in any of the proposed alternative options. In the event such withdrawal is granted, then, as Mays has been advised, she would be continuing in the case on a *pro se* basis and subject to the same obligations of the other litigants in this case.

Mays's counsel are contemporaneously serving a copy of this Motion on Mays via registered mail to the residential address on file for Mays in the O'Brien Law Firm's records as

---

[2] On February 15, 2024, counsel accessed the Facebook profile for "Rasheedah AMaysing," which had been previously identified by Mays as her Facebook profile. *See Rasheedah AMaysing*, https://www.facebook.com/amaysingrealtor. On that date, the most recent post was made the previous day, Feb. 14, 2024, at 4:13 p.m., showing a photo of Mays at a movie theatre in Atlanta, Georgia. By a subsequent posting, Mays appeared to be in Tampa, Florida on March 2, 2024. (*Id.*, last visited Mar. 12, 2024.)

well as via text message and email. Counsel will use the same Registered Email™ application, as well as the other service methods above, with respect to any remaining orders or other papers that they are required to serve on Mays, whether due to the Federal Rules of Civil Procedure, this Court's orders and rules, or counsel's ethical obligations otherwise. Counsel will file an Advisory to the Court advising that they have performed these methods of service when completed for each order or pleading requiring such service.

With the above considered, the undersigned counsel move to withdraw as counsel for Plaintiff Rasheedah C. L. Mays. The undersigned counsel would continue as counsel for Plaintiffs Lundy and Collins and the similarly situated class members who have opted in to this case.

### PRAYER

The undersigned counsel Kerry V. O'Brien and Travis Gasper (and their respective law firms) move to withdraw as counsel for Plaintiff Rasheedah C. L. Mays, and seek any other orders of the Court that the Court deems appropriate in conjunction with such withdrawal.

Respectfully submitted,

*[signature: Kerry O'Brien]*

**Kerry V. O'Brien**
Texas Bar No. 24038469

O'BRIEN LAW FIRM
TEXASEMPLOYEES.COM

1011 Westlake Drive
Austin, Texas 78746
phone: (512) 410-1960
fax: (512) 410-6171
email: ko@obrienlawpc.com

**LEAD COUNSEL FOR PLAINTIFFS**

and

/s/ Travis Gasper
**Travis Gasper**
Texas Bar No. 24096881

GASPER LAW, PLLC
1408 N. Riverfront Blvd., Suite 323
Dallas, Texas 75207
phone: (972) 504-1420
fax: (833) 957-2957
email: travis@travisgasper.com

**CO-COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

On March 8, 2024, I, Kerry O'Brien, sent an email to Monte Hurst, counsel for Defendants, asking for Defendants' position on this Motion to Withdraw. I had previously sent Mr. Hurst a courtesy draft of the Motion and had discussed the potential withdrawal with him by phone and email. Mr. Hurst has not yet responded with Defendants' position on the Motion. (*See* FN 1, above.)

Kerry O'Brien

## CERTFICATE OF SERVICE

Other than standard electronic service to the registered users for this case in the Court's CM/ECF system, on March 14, 2024, my firm served this Motion to Withdraw on Rasheedah C. L. Mays via text, email (using the Registered Email™ application), and certified mail (which will be done by March 15), to the respective cell number, email address, and home address on file with the O'Brien Law Firm, as provided to the firm by Ms. Mays. Furthermore, by March 15, 2024, we will also send a copy of this Motion to Withdraw via certified mail to the following address that may be associated with Ms. Mays per a recent public records search: 480 Dasheill Ln., Atlanta, GA 30349-1741. She is not listed as the owner of the property per Fulton County Appraisal District records and counsel for Mays do not know whether or not she resides or has resided at that address at any time.

**via certified mail**
Rasheedah Mays
4131 Royal Banyan Drive, #202
Tampa, FL 33610

**via certified mail**
Rasheedah Mays
480 Dasheill Ln.

Atlanta, GA 30349-1741

**phone**
(727) 491-9981

**email**
rasheedahmays@yahoo.com

*Kerry O'Brien* (signature)
Kerry O'Brien