IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| C. M. COLLINS, N. J. LUNDY and R. C. L. MAYS, *individually and on behalf of all others similarly situated*, | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-cv-1073 |
| CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC., | § § § § § | |
| Defendants. | § § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSED MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF RASHEEDAH C. L. MAYS

**TO THE HONORABLE U.S. DISTRICT JUDGE SEAN D. JORDAN:**

Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc. (collectively, "CRU") does not oppose the requested relief of Plaintiffs' counsel to withdraw as counsel for Plaintiff Rasheedah C.L. Mays, as CRU's counsel has communicated to Plaintiffs' counsel. After all, as they recently represented to the Court, Plaintiffs' counsel is seeking to withdraw due to Ms. Mays' "complete lack of communication and cooperation with her counsel, which includes her failure to meet her ongoing obligations pursuant to Court orders and the Federal Rules of Civil Procedure, since November 12, 2023." Pls.' Opp. Mot. to Withdraw (Dkt. #62) at 1. After conferring on several occasions, CRU and Plaintiffs simply could not agree on what language they would include in the proposed order granting an *unopposed* motion to withdraw.

From CRU's perspective, the order granting the motion to withdraw should include an instruction from the Court to Ms. Mays that, even if she no longer wishes to participate in this

lawsuit as a party-plaintiff, she must comply with her discovery obligations imposed by the Court and she could be subjected to the Court's imposition of sanctions, including ordering payment of attorneys' fees and costs and/or dismissal of her claims with prejudice, for failing to comply with her discovery obligations. CRU proposes this language because Ms. Mays has been resisting CRU's good-faith discovery efforts for several months and still owes CRU important discovery necessary for CRU's inclusion in its response to Plaintiffs' Motion for Notice, and CRU believes that an order from the Court authorizing withdrawal should, under these circumstances, include an instruction from His Honor that the withdrawal does not relieve her of her obligations to comply with discovery in this case.

Currently pending before the Court is CRU's Amended Motion to Compel. *See* Defs.' Am. Mot. to Comp. (Dkt. #53). In the Amended Motion to Compel, CRU asks the Court to order the following with regard to Mays:

(i) She must produce her Forms W-2 and 1099 from 2019 to the present (that her lawyers in early December 2023 had committed to provide by December 8, 2023);

(ii) She must produce her tax returns or Tax Return Transcripts from 2019 to the present; and

(iii) She must amend her specific denial to CRU's Request for Admission No. 2 and any other of her discovery responses that did not actually come from her. *See id.* at 2–8, 13–14.[1]

---

[1] Over the three weeks following CRU's filing of Defendants' Amended Motion to Compel, Plaintiffs went ahead and produced some of the documents CRU sought to compel. *See* Defs.' Reply Supp. Am. Mot. to Comp. (Dkt. #61) at 1. Yet, as CRU reported back to the Court, in Defendants' Reply in Support of Their Amended Motion to Compel, that Mays still did not (i) produce her Forms W-2 and 1099 from 2019 to the present, (ii) produce her tax returns or Tax Return Transcripts from 2019 to the present, and (iii) did not amend her specific denial to CRU's Request for Admission No. 2. *See* Defs.' Reply Supp. Am. Mot. to Comp. (Dkt. #61) at 1, 6–10.

It would not be fair to CRU if Mays, who is one of the three Plaintiffs who initiated this lawsuit, could be relieved of her discovery obligations just because she has chosen to break off communication with her lawyers to the point at which they must withdraw. Mays' apparent choice to now avoid this case, which has understandably prompted her lawyers' request to withdraw from representing her, does not make the materials and information she owes to CRU any less important to CRU, and to this case.

If, after her current lawyers are permitted to withdraw from representing her, Mays may retain another lawyer to represent her or she may choose to pursue her claims pro se. And even if Mays decides to discontinue pursuit of her claims as a party-plaintiff, she would still be a member of the collective that Plaintiffs have asked the Court to certify (and that CRU intends to show should not be certified). To most effectively show the Court that this case could not proceed on a collective basis because the application of the economic-realities test at trial would be riddled with individual credibility assessments of each plaintiff and putative class member, CRU must secure for inclusion in its response to Plaintiffs' Motion for Notice (i) Mays' Forms W-2 and 1099 from 2019 to the present, (ii) her tax returns or Tax Return Transcripts from 2019 to the present, and (iii) her true response to CRU's Request for Admission No. 2. *See* Defs.' Am. Mot. to Comp. (Dkt. #53) at 2–8, 13–14. A court order permitting Plaintiffs' counsel to withdraw, without an instruction to Mays regarding her continuing discovery obligations, would suggest to her that she has been relieved of any such obligations, and to CRU's detriment.

## **PRAYER**

For all of these reasons, CRU respectfully requests the Court to order the following relief:

- The Court include in its order granting the request to withdraw made by Plaintiffs' counsel an instruction to Ms. Mays that, even if she no longer wishes to participate in this lawsuit as a party-plaintiff, she must comply with her discovery obligations imposed by the Court and she could be subjected to the Court's imposition of sanctions, including ordering payment of attorneys' fees and costs and/or dismissal of her claims with prejudice, for failing to comply with her discovery obligations; and

- The Court grant CRU any other relief to which CRU may just be entitled.

.

       Respectfully submitted,

       HALLETT & PERRIN, P.C.
       1445 Ross Avenue, Suite 2400
       Dallas, Texas 75202
       214.953.0053
       (f) 214.922.4142

    By: *Monte K. Hurst*
       Monte K. Hurst
       State Bar No. 00796802
       Monte.Hurst@hallettperrin.com

       Kristen A. Laster
       State Bar No. 24076499
       KBrumbalow@hallettperrin.com

       *Counsel for Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 28, 2024, I served a copy of the foregoing document on Plaintiffs' counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Kerry O'Brien
O'BRIEN LAW FIRM
1011 Westlake Drive
Austin, Texas 78746
KO@obrienlawpc.com

Mr. Travis Gasper
GASPER LAW, PLLC
1408 North Riverfront Boulevard, Suite 323
Dallas, Texas 75207
Travis@travisgasper.com

            *Monte K. Hurst*
            Monte K. Hurst