## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION



| | | |
|---|---|---|
| C. M. COLLINS, N. J. LUNDY, and R. C. L. MAYS, *individually and on behalf of all others similarly situated,* | § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO. 4:22-cv-01073-SDJ** |
| **v.** | § § | |
| **CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC. ,** | § § § § § | **Collective Action under 29 U.S.C. § 216(b)** |
| | § § | **JURY DEMANDED** |
| **Defendants.** | § § | |

## PLAINTIFFS' OPPOSED MOTION TO TOLL THE STATUE OF LIMITATIONS FOR PUTATIVE COLLECTIVE MEMBERS

Plaintiffs respectfully move this Court to equitably toll the statute of limitations for the putative collective members in this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and in support of this Motion, thereof state as follows:

### INTRODUCTION

Plaintiffs have not yet filed their Motion for Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b). That is because on February 9, 2024, Defendant filed its Amended Motion to Compel Discovery [Dkt. No. 53] that remains pending at this time. Plaintiffs are unable to file a Motion for Court-Authorized Notice until this discovery dispute is resolved. As of the date of the filing of this Motion, the Court has yet to rule on Amended Motion to Compel Discovery. That circumstance has essentially kept this two-phase proceeding in the first phase of the process while that motion remains pending.

Under the FLSA, the statute of limitations for claims is generally two years, or three years for willful violations. *See* 29 U.S.C. § 255. The statute of limitations under the FLSA continues to run on the claims of potential opt-in plaintiffs until they file a valid consent to join form with the Court. *See* 29 U.S.C. § 256(b).

In other words, unlike a Rule 23 class action, the statute of limitations continues to run for FLSA opt-in plaintiffs until each putative collective member affirmatively joins the suit. *See* 29 U.S.C. § 256(b); *see also Abrams v. City of Albuquerque*, No. 10-cv-872, 2014 U.S. Dist. LEXIS 194056, 2014 WL 11497810, at *2 (D.N.M. June 26, 2014) (noting "the filing of a complaint does not stop the statute of limitations from running in a collective action; rather, it is only the filing of a consent to opt-in that stops the limitations period from expiring").

Therefore, absent an order tolling the statute of limitations, there is a significant risk of prejudice to the putative collective members whose claims may become time-barred through no fault of their own. *Cf. Hofmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (holding the inherent benefits of the collective action "will disappear" if plaintiffs are not notified of the suit before their statute of limitations expires.).

To limit this prejudicial effect, Plaintiffs ask this Court to equitably toll the statute of limitations for the putative opt-in Plaintiffs.


**ARGUMENT**

The equitable doctrine of tolling is read into every federal statute of limitations, including the FLSA. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946) ("This equitable doctrine is read into every federal statute of limitations."). The decision to allow equitable tolling of the statute of limitations rests in the discretion of the district court. *See Granger v. Aaron's, Inc.*, 636

F.3d 708, 712 (5th Cir. 2011); *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 175 (5th Cir. 2000).

Courts have equitably tolled the statute of limitations where the delay is attributable to circumstances beyond the plaintiff's control and would result in undue prejudice. *See Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 616 (10th Cir. 1988) (tolling statute of limitations where plaintiffs were lulled into inaction and defendant did not show that any "significant prejudice" would result from allowing plaintiffs to proceed); *Montoya v. Chao*, 296 F.3d 952 (10th Cir. 2002) (finding equitable tolling might be appropriate where a plaintiff has been "lulled into inaction" by the courts).

Here, the delay in ruling on Defendant's discovery dispute motion is entirely outside the control of putative collective members, and they remain unaware of their rights and the existence of this action due to the lack of court-authorized notice. Indeed, "[c]ourts have noted that where the resolution of a motion for conditional certification is delayed, the claims of potential plaintiffs 'die daily.'" *Privette v. Waste Pro of N.C., Inc.*, No. 2:19-cv-3221-DCN, 2020 U.S. Dist. LEXIS 67387, at *26 (D.S.C. Apr. 13, 2020) (citing *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997)). In this case, Plaintiffs have not been able to even reach the point of having the ability to file of a motion for conditional certification because of the pending discovery motion. Furthermore, Plaintiffs believe that the discovery dispute addressed in Defendant's Amended Motion to Compel Discovery is a good-faith dispute that cannot be reasonably resolved between the parties without the intervention of the Court. The parties engaged in numerous communications both by email and by phone on the issues raised in Defendants' motion.

Courts in the Fifth Circuit have equitably tolled the statute of limitations for putative optin plaintiffs when the parties waited a lengthy period for the court to rule on a motion for

conditional certification. *See, e.g., Ferguson v. Tex. Farm Bureau*, 307 F. Supp. 3d 577, 582 (W.D. Tex. 2018) (equitable tolling of the statute of limitations to the date the Court granted the motion for class certification where the parties waited ten and a half months for a ruling); *Hernandez v. Caviness Packing Co.*, No. 2:07-CV-142-J, 2008 U.S. Dist. LEXIS 121617, 2008 WL 11183755, at *2 (N.D. Tex. June 2, 2008) (tolling the statute of limitations "due to the delay in ruling on the Plaintiff's motion for class action" which was pending for nine months despite not finding "extraordinary circumstances"); *Davis v. Flare Ignitors & Rentals, Inc.*, SA-11-CA-0450-OLG, 2012 U.S. Dist. LEXIS 191308, 2012 WL 12539328, at *2 (W.D. Tex. Mar. 19, 2012) (holding that because the motion was pending for eight months, "the Court finds it equitable—and therefore orders—that the statute of limitations as it applies to any additional opt-in plaintiffs is tolled from the date on which this motion was filed, July 19, 2011"); *Shidler v. Alarm Sec. Grp., LLC*, 919 F. Supp. 2d 827, 831 (S.D. Tex. 2012) (granting equitable tolling of the statute of limitations where an agreed motion for conditional certification was pending for seven months); *Sehr v. Val Verde Hosp. Corp.*, 368 F. Supp. 3d 1106, 1109 (W.D. Tex. 2019) (tolling statute of limitations in FLSA collective).

Courts across the country have recognized similar circumstances—where delay in ruling on a motion for court-authorized notice risks time-barring claims—as appropriate grounds for equitable tolling. *See, e.g., Montoya v. Chao*, 296 F.3d 952 (10th Cir. 2002) (finding equitable tolling might be appropriate where a plaintiff has been "lulled into inaction" by the courts); *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181-82 (D. Colo. 2012)

("allowing Opt-In Plaintiffs' claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust.").[1]

As another court in this district held, "the Court's delay in ruling on Named Plaintiffs' motion for conditional certification is an extraordinary circumstance that warrants tolling[.]" *Costellow v. Becht Eng'g Co.*, No. 1:20-cv-00179, 2020 U.S. Dist. LEXIS 248969, at *9 (E.D. Tex. 2020). Indeed, "[t]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance[]' justifying application of the equitable tolling doctrine." *Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935 (SLT), 2011 U.S. Dist. LEXIS 23115, at *4 (E.D.N.Y. 2011) (citing *Abadeer v. Tyson Foods, Inc.*, 2010 U.S. Dist. LEXIS 136978, 2010 WL 5158873, at *2-4 (M.D. Tenn. Dec.14, 2010)); *see also Israel Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 U.S. Dist. LEXIS 51833, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) (collecting cases for the proposition that "[c]ourts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions").

In other words, "[o]nce the decision concerning certification of the collective action is solely in a court's hands, it is beyond the plaintiffs' control and they should not be penalized for

---

[1] District courts in many jurisdictions have held a delay in granting notice to potential class members may constitute "exceptional circumstances" warranting equitable tolling of FLSA claims even where the defendant is not responsible for the delay. See, e.g., *Bergman v. Kindred Healthcare, Inc.,* 949 F.Supp.2d 852, 860–61 (N.D. Ill. June 11, 2013) (tolling the statute of limitations during the two-year pendency of a motion for conditional certification and citing its own "excessive delay" in ruling on the motion and the absence of fault on the part of the plaintiff as the bases for equitable tolling) (collecting cases); *Holliday v. JS Express Inc.,* 2013 WL 2395333, at *8 (E.D. Mo. May 30, 2013) (tolling the statute of limitations for the four month period from the date of the filing of the motion for conditional certification through the commencement of the notice period); *Yahraes v. Rest. Assocs. Events Corp.,* No. 10-CV-935 (SLT), 2011 U.S. Dist. LEXIS 23115, at *4 (E.D.N.Y. 2011) (noting that "the time required for a court to rule on a motion ... for certification of a collective action in an FLSA case, may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine") (citation omitted).

time spent waiting for a signed order." *Costellow v. Becht Eng'g Co.*, No. 1:20-cv-00179, 2020 U.S. Dist. LEXIS 248969, at *8 (E.D. Tex. 2020) (citing *Sehr v. Val Verde Hosp. Corp.*, 368 F. Supp. 3d 1106 (W.D. Tex. 2019)) (citations omitted). Plaintiffs contend that there is no material difference in their present circumstances, even though they are waiting for an order that must be rendered before they can file their Motion for Court-Approved Notice.

Here, the interests of justice and judicial efficiency weigh heavily in favor of tolling. Indeed, equitable tolling would preserve the rights of those who may wish to join the lawsuit, consistent with the remedial purpose of the FLSA. *See Hofmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (holding the inherent benefits of the collective action "will disappear" if plaintiffs are not notified of the suit before their statute of limitations expires.).

"Moreover, Defendant will not be prejudiced by such equitable tolling." *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1182 (D. Colo. 2012) (citing *Baden–Winterwood v. Life Time Fitness,* 484 F.Supp.2d 822, 828–29 (S.D. Ohio 2007) (defendant not prejudiced because it "had full knowledge that the named Plaintiff brought the suit as a collective action on the date of the filing" and "was fully aware of its scope of potential liability.")). Instead, an order tolling the statute of limitations will have merely preserved the *status quo* and Defendant will be in the same position had Plaintiffs' Motion been ruled at the outset of the case. *See generally, Stransky*, 868 F. Supp. 2d at 1181 (noting that "early notice to Opt-in Plaintiffs in a collective action such as this is favored").

Accordingly, Plaintiffs request this Court to equitably toll the statute of limitations due to the extraordinary delay in ruling on Defendants' discovery motion that must precede the Motion for Court-Approved Notice – a delay of 15 months should constitute an extraordinary circumstance warranting the requested relief relief.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court:

i.    Grant this Motion;

ii.   Equitably toll the statute of limitations for all putative collective members from February 9, 2024 – the date Defendant filed their Amended Motion to Compel Discovery – until the Court issues a ruling on Plaintiffs' forthcoming Plaintiffs filed their Motion for Court-Authorized Notice and such notice is approved and disseminated; and

iii.  Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Kerry V. O'Brien**
Texas Bar No. 24038469



1011 Westlake Drive
Austin, Texas 78746
phone: (512) 410-1960
fax: (512) 410-6171
email: ko@obrienlawpc.com
**LEAD COUNSEL FOR PLAINTIFFS**

and

*/s/ Travis Gasper*
**Travis Gasper**
Texas Bar No. 24096881

GASPER LAW, PLLC
1408 N. Riverfront Blvd., Suite 323
Dallas, Texas 75207
phone: (972) 504-1420
fax: (833) 957-2957
email: travis@travisgasper.com
**CO-COUNSEL FOR PLAINTIFFS**

## <u>CERTIFICATE OF CONFERENCE</u>

     I certify that on July 8, 2025, I conferred with counsel Monte Hurst for Defendants who informed me that Defendants are opposed to this Motion to Toll the Statute of Limitations.


<u>*/s/ Kerry V. O'Brien*</u>
Kerry V. O'Brien