IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| C. M. COLLINS, N. J. LUNDY and R. C. L. MAYS, *individually and on behalf of all others similarly situated*, § § § § | | |
| Plaintiffs, § | | |
| VS. § | CIVIL ACTION NO. 4:22-cv-1073 | |
| CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC., § § § § § | | |
| Defendants. § | | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSED MOTION TO TOLL THE STATUTE OF LIMITATIONS FOR PUTATIVE COLLECTIVE MEMBERS AND BRIEF IN SUPPORT

**TO THE HONORABLE U.S. DISTRICT JUDGE SEAN D. JORDAN:**

### I.
### INTRODUCTION

Plaintiffs' Motion to Toll the Statute of Limitations for Putative Collective Members ("Motion to Toll") must be denied because Plaintiffs do not and cannot meet the elements required by the Fifth Circuit to warrant equitable tolling of the statute of limitations, which is a narrow exception that the Fifth Circuit cautions should be "applied sparingly."

The Fifth Circuit requires that, in order to apply this narrow exception, any *opt-in plaintiffs who seek to toll the statute of limitations* (not the named plaintiffs) show that: (1) he/she had been pursuing his/her rights diligently; and (2) some extraordinary circumstance stood in his/her way and prevented timely filing. Plaintiffs' Motion to Toll fails to address, let alone meet, either of these elements. Instead, Plaintiffs conveniently ignore this controlling Fifth Circuit caselaw and

misleadingly ask the Court to consider caselaw from the Tenth Circuit and various district courts. Of course, the Court must follow the binding Fifth Circuit authority, which would require that Plaintiffs' Motion to Toll be denied.

## II.
## BACKGROUND FACTS

On December 27, 2022, Plaintiffs C.M. Collins, N.J. Lundy, and R.C.L. Mays ("Named Plaintiffs") filed Plaintiffs' Original Complaint, wherein they allege that Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc. (collectively "CRU") violated the Fair Labor Standards Act ("FLSA") by misclassifying the Named Plaintiffs and other Desk Adjusters as independent contractors and failed to pay them overtime compensation. *See* Dkt. No. 1, Pls.' Orig. Compl. In their Original Complaint, Plaintiffs sought to file their claim on behalf of themselves and "all other similarly-situated former and current Desk Adjusters." *See id.*

On February 24, 2023, CRU filed Defendants' Original Answer, wherein they deny that they had violated the FLSA, and deny that this case was appropriate for a collective action. *See* Dkt. No. 13, Defs.' Orig. Answer.

On November 27, 2023, the Parties participated in a proceeding held before District Judge Sean D. Jordan, wherein they discussed their ongoing discovery disputes. The Court entered a Minute Entry for these proceedings, and concluded that the parties met the Court's conference requirement for the discovery disputes discussed during the call and were free to submit motions on those issues if and as needed. *See* Dkt. No. 38, Minute Entry.

On November 28, 2023, Plaintiffs filed their Unopposed Motion for Leave to Exceed Page Limits for Plaintiffs' Motion for Notice. *See* Dkt. No. 39, Pls' Unop. Mot. for Leave.

Also on November 28, 2023, Plaintiffs filed their Motion for Notice, seeking to send court-authorized notice to those individuals whom they refer to as "potential plaintiffs," which they

define as "[a]ll individuals who worked for CRU as Desk Adjusters in the United States, were classified as independent contractors, and were compensated on a day rate basis within the three-year period preceding the filing of this lawsuit." *See* Dkt. No. 40, Pls.' Mot. for Notice.

On December 13, 2023, CRU filed its Emergency Motion to Compel Discovery and to Extend the Deadline to File Response in Opposition to Plaintiffs' Motion for Notice. *See* Dkt. No. 45, Defs.' Emerg. MTC.

On December 14, 2023, the Court ordered the following:

- Plaintiffs must respond to CRU's Emergency Motion by December 29, 2023;

- All remaining deadlines in the Second Amended Preliminary Scheduling Order are stayed pending resolution of the present discovery dispute;

- Once resolved, the Court will issue a Third Amended Preliminary Scheduling Order; and

- Defendants' request to extend the deadline to respond to Plaintiffs' Motion for Notice is denied as moot.

*See* Dkt. No. 46, Order.

On February 9, 2024, CRU filed an Amended Motion to Compel Discovery, wherein it asked the Court for the following relief:

- Plaintiffs[1] be ordered to produce the following items that they had previously agreed to produce:

    o   All Plaintiffs be ordered to produce their résumés;

    o   Riley be ordered to produce his paystubs for payments he received from July 1, 2021 through September 30, 2022;

    o   Mansfield, Mays, Nickelberry, and Russell-Brown be ordered to produce all Forms W-2 and 1099 from 2019 to the present;

---

[1] For purposes of the Amended Motion to Compel Discovery, the term "Plaintiffs" referred to Plaintiffs Carla Collins ("Collins"), Nikki Lundy ("Lundy"), Rasheedah Mays ("Mays"), Pamela James ("James"), Jill Mansfield ("Mansfield"), Sheena Nickelberry ("Nickelberry"), Basil Leo Riley, III ("Riley"), Ashley Ruise ("Ruise"), and Tammy Russell-Brown ("Russell-Brown").

- Plaintiffs be ordered to produce their tax returns or Tax Return Transcripts from 2019 to the present;

- Collins be ordered to produce her Facebook data, which she had previously committed to produce but now refuses to do so; and

- Mays be ordered to amend her discovery responses, in light of her lack of involvement with her previous responses.

*See* Dkt. No. 53, Defs.' Am. MTC.

On February 23, 2024, the Court granted Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendants' Amended Motion to Compel Discovery, extending the deadline to February 27, 2024. *See* Dkt. No. 57, Order.

On February 27, 2024, Plaintiffs filed Plaintiffs' and Opt-Ins' Response to Defendants' Amended Motion to Compel Discovery. *See* Dkt. No. 59, Pls.' and Opt-Ins' Resp. to Defs.' Am. MTC.

On March 5, 2024, Defendants filed Defendants' Reply in Support of Their Amended Motion to Compel. *See* Dkt. No. 61, Defs.' Reply Supp. Their Am. MTC.

Between April 24, 2023 and June 26, 2024, 17 individuals filed in this lawsuit notices of their consents to become party plaintiffs.[2]

On July 15, 2025, Plaintiffs filed their Opposed Motion to Toll the Statute of Limitations for Putative Collective Members, wherein they seek to toll the statute of limitations for unidentified putative collective action members, who are not yet parties to this litigation, to February 9, 2024.

---

[2] *See* Dkt. No. 20, Notice of Filing Consents to Join for Jill Mansfield, Pamela Ann Marie James, and Sheena Nickelberry (Apr. 24, 2023); Dkt. No. 22, Notice of Filing Consent to Join for Basil Leo Riley, III (May 2, 2023); Dkt. No. 23, Notice of Filing Consents to Join for Lesa Dean and Ashley Ruise (May 8, 2023); Dkt. No. 34, Notice of Filing Consent to Joint for Tammy Russell-Brown (Nov. 9, 2023); Dkt. No. 35, Notice of Filing Consent to Join for Richard Wilson, Sr. (Nov. 13, 2023); Dkt. No. 36, Notice of Filing Consents to Join for Abigail Leyva, Jennifer Shelton, and Priscilla Leyva (Nov. 16, 2023); Dkt. No. 43, Notice of Filing Consent to Join for Kiara Washington (Dec. 3, 2023); Dkt. No. 60, Notice of Filing Consent to Join for JoVynn Jackson (Feb. 28, 2024); Dkt. No. 66, Notice of Filing Consents to Join for James Hartridge, JoVynn Jackson, Shameka Gray, Sonjo Harris and William Janey. On September 9, 2023, Lesa Dean withdrew from the lawsuit, and on December 12, 2023, Richard Wilson Sr. withdrew from the lawsuit.

*See* Dkt. No. 68, Pls.' Opposed Mot. to Toll the Statute of Limitations for Putative Collective Members.

### III.
### ARGUMENT & AUTHORITIES

The Court must follow the binding Fifth Circuit authority in *Sandoz v. Cingular Wireless, L.L.C.,* and disregard Plaintiffs' reliance on case law from the Tenth Circuit and various district courts. *See Sandoz v. Cingular Wireless, L.L.C.,* 700 F. App'x 317 (5th Cir. 2017); *see also* Dkt. No. 68, Pls.' Opp. Mot. to Toll. Specifically, in *Sandoz,* the Fifth Circuit evaluated whether the doctrine of equitable tolling should apply to opt-in plaintiffs in a FLSA collective action. *See Sandoz,* 700 F. App'x at 318–321. The Fifth Circuit, emphasizing that equitable tolling is a narrow exception that should be applied sparingly, required *the opt-in plaintiffs who sought to toll the statute of limitations* (not the named plaintiff) to show that: (1) he/she had been pursuing his/her rights diligently; and (2) some extraordinary circumstance stood in his/her way and prevented timely filing. *See id.* at 320–21 (citations omitted). The court of appeals found that the opt-in plaintiffs failed to meet either of these requirements, and the rejected the plaintiff's argument that the defendant's "litigation strategy" of "protracted litigation" was somehow an "extraordinary circumstance" that stood in the opt-in plaintiffs' way of timely filing. *See id.* In so holding, the Fifth Court provided the following guidance:

> Equitable tolling, however, focuses on whether an external obstacle 'prevented timely filing,' not on whether an external obstacle prevented filing *in a specific suit.* Nothing prevented the Opt-In Plaintiffs from discovering their claims and initiating a suit. We do not hold that protracted litigation can never constitute an extraordinary circumstance, but when, as here, an employee's own inactions relegates opt-in notice from a specific suit as the only means of discovering an FLSA violation, we will not transform routine litigation into an extraordinary circumstance.

*Id.* (emphasis in original).[3]

---

[3] Plaintiffs ignore Fifth Circuit precedent dictating that equitable tolling be strictly construed, and instead

Following the Fifth Circuit's instruction in *Sandoz,* courts within the Eastern District of Texas have repeatedly denied motions to toll the statute of limitations for potential opt-in plaintiffs in a collective action.  In *Eltayeb v. Deli Management, Inc.*, No. 4:20-CV-385, 2024 WL 989490, at *2–3 (E.D. Tex. Mar. 7, 2024), the court denied the plaintiff's request to equitably toll the statute of limitations for potential opt-in plaintiffs in a collective action because it was premature, noting that equitable tolling was inappropriate because no potential opt-in plaintiffs had been identified, much less shown that they had exercised reasonable diligence in pursuing his or her rights.  In reaching this conclusion, the court explained that, "[f]or the FLSA statute of limitations to be equitably tolled, a potential opt-in plaintiff, rather than the named plaintiff, must have exercised reasonable diligence in pursing his or her rights," noting that "the Fifth Circuit has spoken directly on the issue in *Sandoz v. Cingular Wireless, L.L.C."  Id.*

In *Roberts v. Baptist Healthcare System, LLC,* No. 1:20-CV-00092-MAC, 2022 WL 4493733 (E.D. Tex. Sept. 20, 2022), the court denied the plaintiffs' request to equitably toll the statute of limitations for the potential opt-in plaintiffs even though the plaintiffs argued that the Fifth Circuit's "groundbreaking opinion of *Swales* that disrupted prior legal precedent" caused a year and a half delay in the court granting the collective action.  *See id.* at *3–4, *report and recommendation adopted,* No. 1:20-CV-92, 2022 WL 4491070 (E.D. Tex. Sept. 26, 2022).  In denying the plaintiffs' request to equitably toll the statute of limitations for the potential opt-in

---

predominately rely on authority outside of the Fifth Circuit.  Plaintiffs only cite seven cases from district courts within the Fifth Circuit that applied equitable tolling in collective actions, none of which alters the Fifth Circuit's clear instructions in *Sandoz* regarding the circumstances in which a court can consider equitable tolling in a collective action.  *See* Dkt. No. 68, Pls.' Opp. Mot. to Toll at 3–5; *see also Sandoz,* 700 F. App'x at 320–21.  Notably, four of the district court opinions on which Plaintiffs rely were issued prior to *Sandoz* in 2017, and thus were not bound by the guidance of *Sandoz.  See* Dkt. No. 68, Pls.' Opp. Mot. to Toll at 3–5 (citing *Hernandez v. Caviness Packing Co.,* No. 2:07-CV0142-J, 2008 WL 11183755, at *2 (N.D. Tex. June 2, 2008), *Davis v. Flare Ignitors & Rentals, Inc.,* SA-11-CA-0450-OLG, 2012 WL 12539328, at *2 (W.D. Tex. Mar. 19, 2012), *Shidler v. Alarm Sec. Grp., LLC,* 919 F. Supp. 2d 827, 831 (S.D. Tex. 2012), and *Israel Antonio-Morales v. Bimbo's Best Produce, Inc.,* No. Civ.A.8:5105, 2009 WL 1591172 (E.D. La. Apr. 20, 2009)).

plaintiffs, the court noted that numerous courts have rejected the argument that delays in granting a collective action present the extraordinary circumstances necessary to justify equitable tolling. *See id.* at *3 (citing *Robinson v. RWLS, LLC*, No. SA-16-CA-00201-OLG, 2017 WL 1535072, at *1 (W.D. Tex. Mar. 14, 2017); *White v. Integrated Elec. Techs., Inc.*, No. CIV.A. 11-2186, 2015 WL 4254123, at *3 (E.D. La. July 13, 2015); *Mejia v. Brothers Petroleum, LLC*, No. 12–2842, 2014 WL 3853580, at *2 (E.D. La. Aug. 4, 2014); *Sandoz v. Cingular Wireless, LLC*, No. 07–1308, 2014 WL 3045532, at *1 (W.D. La. July 3, 2014); *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 770 (N.D. Tex. 2013); *Rodriguez v. Gold & Silver Buyers, Inc.*, No. 12–1831, 2013 WL 5372529 (S.D. Tex. Sept. 24, 2013); *Switzer v. Wachovia Corp.*, No. 11–1604, 2012 WL 1231743, at *4 (S.D. Tex. Apr. 12, 2012); *Clay v. Huntington Ingalls, Inc.*, No. 09–7625, 2012 WL 860375, at *4 (E.D. La. Mar. 13, 2012); *Muhammad v. GBJ, Inc.*, No. 10–2816, 2011 WL 863785, at *2 (S.D. Tex. Mar. 9, 2011); and *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 808–09 (S.D. Tex. 2010)).

In *Coker v. Stonewater Roofing, LTD. Co.,* No. 6:19-CV-00211, 2020 WL 1451654, at *1 (E.D. Tex. Mar. 25, 2020), the court, following the instruction in *Sandoz,* denied the plaintiff's request to equitably toll the statute of limitations for opt-in plaintiffs in a collective action. In reaching this conclusion, the court rejected the plaintiff's argument that potential opt-in plaintiffs were unable to pursue their claims against the defendant because the court had not yet addressed the plaintiff's motion for approval of notice, pointing out that the potential opt-in plaintiffs had been free, for the entirety of the action, to discover their claims and give their written consent to join the action. *See id.* at *2.

Here, Plaintiffs do not even argue that the unidentified "putative collective members" for whom they seek to toll the statute of limitations, can meet either of the elements set forth in *Sandoz*

– that (1) he/she had been pursuing his/her rights diligently; and (2) some extraordinary circumstance stood in his/her way and prevented timely filing. *See Sandoz,* 700 F. App'x at 320–21; *see also* Dkt. No. 68, Pls.' Opp. Mot. to Toll. Therefore, just as was the case in *Eltayeb v. Deli Management, Inc.*, equitable tolling of the statute of limitations for potential opt-in plaintiffs would be inappropriate because no potential opt-in plaintiffs have been identified, much less shown that they have exercised reasonable diligence in pursuing his or her rights. *See Eltayeb,* 2024 WL 989490, at *2–3; *see also* Dkt. No. 68, Pls.' Mot. to Toll.

To the extent Plaintiffs argue that delay in the Court's ruling on their Motion for Notice presents the extraordinary circumstance that stood in the potential opt-in plaintiffs' way of pursing their claims against CRU, such an argument must fail, as potential opt-in plaintiffs have been free, for the entirety of this litigation, to file written consents to join this action or to file their own lawsuit against CRU.[4] *See Coker,* 2020 WL 1451654, at *2. Indeed, 17 other individuals have filed their own consents to join this lawsuit after the Named Plaintiffs initiated this litigation.[5] Moreover, as discussed in *Roberts v. Baptist Healthcare System, LLC*, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Roberts,* 2022 WL 4493733

---

[4] CRU is confused on Plaintiffs' representation that they have not filed a Motion for Notice. *See* Dkt. No. 68, Pls.' Opp. Mot. to Toll at 1. In actuality, Plaintiffs filed a Motion for Notice on November 28, 2023. *See* Dkt. No. 40, Pls.' Mot. for Notice. Perhaps Plaintiffs would not have filed this Motion to Toll if they had recalled that they had already filed a Motion for Notice and had merely followed up with the Court on the status.

[5] *See* Dkt. No. 20, Notice of Filing Consents to Join for Jill Mansfield, Pamela Ann Marie James, and Sheena Nickelberry (Apr. 24, 2023); Dkt. No. 22, Notice of Filing Consent to Join for Basil Leo Riley, III (May 2, 2023); Dkt. No. 23, Notice of Filing Consents to Join for Lesa Dean and Ashley Ruise (May 8, 2023); Dkt. No. 34, Notice of Filing Consent to Joint for Tammy Russell-Brown (Nov. 9, 2023); Dkt. No. 35, Notice of Filing Consent to Join for Richard Wilson, Sr. (Nov. 13, 2023); Dkt. No. 36, Notice of Filing Consents to Join for Abigail Leyva, Jennifer Shelton, and Priscilla Leyva (Nov. 16, 2023); Dkt. No. 43, Notice of Filing Consent to Join for Kiara Washington (Dec. 3, 2023); Dkt. No. 60, Notice of Filing Consent to Join for JoVynn Jackson (Feb. 28, 2024); Dkt. No. 66, Notice of Filing Consents to Join for James Hartridge, JoVynn Jackson, Shameka Gray, Sonjo Harris and William Janey. On September 9, 2023, Lesa Dean withdrew from the lawsuit, and on December 12, 2023, Richard Wilson Sr. withdrew from the lawsuit.

at *3 (quoting *Rashidi v. Am. President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).  Not only is this case devoid of any such deception, but also Plaintiffs do not even allege it.

## **PRAYER**

For all of these reasons, CRU respectfully requests that the Court deny Plaintiffs' Motion to Toll, and grant CRU any other relief to which CRU may be justly entitled.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By: *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Laster
State Bar No. 24076499
KBrumbalow@hallettperrin.com

*Counsel for Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*

### CERTIFICATE OF SERVICE

I certify that on August 6, 2025, I served a copy of the foregoing document on Plaintiffs' counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Kerry O'Brien
O'BRIEN LAW FIRM
1011 Westlake Drive
Austin, Texas 78746
KO@obrienlawpc.com

Mr. Travis Gasper
GASPER LAW, PLLC
1408 North Riverfront Boulevard, Suite 323
Dallas, Texas 75207
Travis@travisgasper.com

*Monte K. Hurst*
Monte K. Hurst