UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CARLA M. COLLINS, ET AL., | § | |
| *individually and on behalf of all* | § | |
| *others similarly situated* | § | |
| | § | |
| v. | § | CIVIL NO. 4:22-CV-1073-SDJ |
| | § | |
| CATASTROPHE RESPONSE UNIT | § | |
| USA, INC., ET AL. | § | |

## ORDER

Before the Court are Defendants' motions to seal, (Dkt. #49, #52). The motions concern two exhibits, (Dkt. #51, #55), consisting of various Facebook posts, comments, and reactions. Defendants make little effort to argue that the exhibits meet the relevant legal standard for sealing. Indeed, "Defendants ardently disagree that these Facebook documents are worthy of the confidential designation because all of the information displayed is public and for all the world to see." (Dkt. #49 at 2 n.1); (Dkt. #52 at 2 n.1). Nevertheless, Defendants have moved for leave to seal these exhibits "because Plaintiffs designated the exhibit[s] as 'Confidential Information' pursuant to the Protective Order." (Dkt. #49 ¶ 5); (Dkt. #52 ¶ 5).

"That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record.*" *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). It is thus inappropriate to "presum[e] that whatever satisfies the lenient protective-order standard will necessarily satisfy the stringent sealing-order standard." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–18 (5th Cir. 2021). The sealing standard

1

requires a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 419 (cleaned up). It also requires a "consideration of less drastic alternatives" to sealing entire documents. *Id.* at 420. For example, where the movant's interests can be protected by redacting portions of a document, rather than sealing the entire document, courts generally favor redaction as a less drastic alternative. *See, e.g., Mach Flynt Inc. v. Veritiv Operating Co.*, No. 2:24-CV-01444, 2025 WL 56333, at *2 (W.D. La. Jan. 9, 2025) (refusing to seal an entire contract where confidential pricing information appeared only in an appendix to the contract).

Because Defendants' motions fail to adequately address the stringent sealing standard, the Court must deny the motions. However, the Court will give Plaintiffs an opportunity to file a motion to seal that addresses governing law and complies with the Court's new Standing Order on Motions to Seal in Civil Cases, (Dkt. #72).

It is therefore **ORDERED** that Defendants' motions to seal, (Dkt. #49, #52), are **DENIED without prejudice**.

It is further **ORDERED** that Defendants' sealed exhibits, (Dkt. #51, #55), will remain under seal pending further order of the Court.

It is further **ORDERED** that, should Plaintiffs wish the exhibits to remain sealed, Plaintiffs must file a motion to seal that complies with the Court's Standing Order on Motions to Seal in Civil Cases, (Dkt. #72), no later than **July 24, 2026**.

**So ORDERED and SIGNED this 10th day of July, 2026.**

_____

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE