UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

CARLA M. COLLINS, ET AL.,                    §
*individually and on behalf of all*          §
*others similarly situated*                  §
                                             §
v.                                           §    CIVIL NO. 4:22-CV-1073-SDJ
                                             §
CATASTROPHE RESPONSE UNIT                     §
USA, INC., ET AL.                            §

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Opposed Motion to Toll the Statute of Limitations for Putative Collective Members. (Dkt. #68). Named Plaintiffs ask that the Court toll the Fair Labor Standard Act's statute of limitations for potential opt-in plaintiffs to this collective action. (Dkt. #68 at 2). Defendants oppose the motion. (Dkt. #70). Because the Court cannot toll the statute of limitations for unidentified, hypothetical parties, the Court will deny the motion.

## I. BACKGROUND

This is a proposed collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Named Plaintiffs Carla M. Collins, Natine J. Lundy, and Rasheedah C. L. Mays worked for Defendants Catastrophe Response Unit USA, Inc. and Catastrophe Response Unit, Inc. (together, "Catastrophe") as insurance desk adjusters. (Dkt. #1 ¶ 1). Plaintiffs allege that Catastrophe misclassified them and other desk adjusters as independent contractors, instead of non-exempt employees, and failed to pay overtime compensation as required by the FLSA. (Dkt. #1 ¶ 1).

1

Plaintiffs sued Catastrophe in December 2022. *See* (Dkt. #1). Shortly after Catastrophe filed its answer, the Court entered a preliminary scheduling order authorizing limited discovery related to Plaintiffs' anticipated motion for court-approved notice under 29 U.S.C. § 216(b). *See* (Dkt. #18, #26, #32). At the close of the preliminary discovery period, Plaintiffs filed their Section 216(b) motion, seeking court-approved notice of this collective action to "similarly situated" desk adjusters. (Dkt. #40 at 1–2). In lieu of a response, Catastrophe filed an "emergency" motion to compel discovery and to extend the deadline to file a response. (Dkt. #45). According to Catastrophe, Plaintiffs failed to produce various documents relevant to their Section 216(b) motion that they had agreed to produce, without which Catastrophe cannot adequately respond to the motion. (Dkt. #45 at 4).

The next day, the Court stayed all remaining deadlines in its preliminary scheduling order pending resolution of the discovery dispute presented in Catastrophe's motion to compel. (Dkt. #46). Catastrophe filed a second, "amended" motion to compel discovery a few months later. (Dkt. #53). Both of Catastrophe's motions to compel discovery remain pending before the Court. Plaintiffs' Section 216(b) motion also remains pending. Meanwhile, even without court-approved notice, seventeen individuals have opted in as plaintiffs since the filing of this action. (Dkt. #70 at 4).

Plaintiffs now ask the Court to toll the statute of limitations "for all putative collective members from February 9, 2024—the date [Catastrophe] filed [its] Amended Motion to Compel Discovery—until the Court issues a ruling on Plaintiffs'

. . . Motion for Court-Authorized Notice and such notice is approved and disseminated." (Dkt. #68 at 7). Importantly, Plaintiffs seek tolling not on behalf of specific, identifiable individuals, but on behalf of yet-to-be-identified prospective plaintiffs who may join this action in the future. Plaintiffs argue that tolling is warranted here because "the delay in ruling on [Catastrophe's] discovery dispute motion is entirely outside the control of putative collective members, and they remain unaware of their rights and the existence of this action due to the lack of court-authorized notice." (Dkt. #68 at 3). In response, Catastrophe argues that equitable tolling requires fact-specific determinations about individual parties and, thus, cannot be applied on a class-wide basis to prospective parties. *See* (Dkt. #70 at 5–9).

## II. LEGAL STANDARD

The FLSA provides a two-year statute of limitations for non-willful violations and a three-year statute of limitations for willful violations. 29 U.S.C. § 255(a). "[I]n a FLSA collective action, the statute of limitations for a named plaintiff runs from the date that the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from the opt-in date." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916–17 (5th Cir. 2008).

The statute of limitations may be extended, however, via the doctrine of equitable tolling. In practice, equitable tolling "pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Arellano v. McDonough*, 598 U.S. 1, 6, 143 S.Ct. 543, 214 L.Ed.2d 315 (2023) (cleaned up).

Accordingly, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255, 136 S.Ct. 750, 193 L.Ed.2d 652 (2016) (cleaned up). The second element is met "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 257.

Though a "traditional feature of American jurisprudence," *Arellano*, 598 U.S. at 6 (cleaned up), equitable tolling is a "narrow exception" to the statute of limitations that should be "applied sparingly," *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) (cleaned up). It is generally reserved for "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

### III. DISCUSSION

Plaintiffs seek equitable tolling on behalf of all future opt-in plaintiffs—that is, unidentified individuals who are not yet but may become parties to this case. The Court considered this very issue in *Cervenka v. Jumpp Logistics, LLC*, No. 4:21-CV-813-SDJ, 2026 WL 114413 (E.D. Tex. Jan. 15, 2026), and must deny Plaintiffs' motion here for the same reasons it denied relief there: "First, and most fundamentally, equitable tolling cannot be applied on a group-wide basis to prospective or

4

hypothetical parties because the doctrine requires fact-specific determinations about specific individuals." *Cervenka*, 2026 WL 114413, at *2. "Second, failure to receive an opt-in notice to a particular lawsuit does not constitute an 'extraordinary circumstance' justifying application of the equitable-tolling doctrine." *Id.*

## A. Equitable Tolling Cannot Be Applied to a Group of Prospective Parties.

As explained above, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee*, 577 U.S. at 255. This standard does not lend itself to group-wide tolling for hypothetical future parties. It requires instead that the Court make "fact-specific determinations" about specific individuals. *Sandoz v. Cingular Wireless, LLC*, No. 6:07CV1308, 2014 WL 3045532, at *4 (W.D. La. July 3, 2014) (cleaned up). In the FLSA collective-action context, these determinations "cannot be made until a putative plaintiff actually opts in to [the] collective action." *Id.* (cleaned up). Indeed, the Supreme Court's articulation of the tolling standard presupposes that an *existing* party to the case is seeking to toll the statute of limitations *on his own behalf*. *See Menominee*, 577 U.S. at 255 (explaining that equitable tolling is warranted only where "*the litigant* establishes . . . that *he* has been pursuing his rights diligently" and "that some extraordinary circumstance stood in *his* way and prevented timely filing" (emphasis added)).

Numerous courts have come to the same conclusion—including this Court in *Cervenka*. *See* 2026 WL 114413, at *2 (holding that "equitable tolling cannot be

applied on a group-wide basis to prospective or hypothetical parties"). In *Eltayeb v. Deli Mgmt., Inc.*, another court in this district rejected a named plaintiff's request to toll the statute of limitations for unidentified prospective opt-in plaintiffs in an FLSA collective action. No. 4:20-CV-385, 2024 WL 989490, at *3 (E.D. Tex. Mar. 7, 2024). It explained that "because no potential opt-in plaintiffs have been identified by Plaintiff, the Court cannot conduct a fact-specific inquiry as to whether those potential opt-in plaintiffs have diligently pursued their rights." *Id.*; *see also Coker v. Stonewater Roofing Co.*, No. 6:19-CV-211, 2020 WL 1451654, at *2 (E.D. Tex. Mar. 25, 2020) (denying equitable tolling where "[named plaintiff] has neither argued nor shown that any particular opt-in plaintiff who may have filed after the statute of limitations acted diligently in discovering and pursuing their claims"). Similarly, in *Knox v. John Varvatos Enters. Inc.*, another district court denied equitable tolling where "[t]he plaintiffs on whose behalf equitable tolling is being sought have not been identified" and "[n]o information has been provided about their circumstances." 282 F.Supp.3d 644, 658 (S.D.N.Y. 2017). Thus, the court explained, it "cannot assess whether any potential opt-in plaintiff has diligently pursued her rights." *Id.* So too here. Plaintiffs have not identified any specific opt-in plaintiffs, and the Court cannot assess whether hypothetical opt-in plaintiffs have diligently pursued their rights.

Plaintiffs point the Court to several district court and out-of-circuit cases tolling the statute of limitations for prospective opt-in plaintiffs. *See* (Dkt. #68 at 3–6). The Court finds those cases unpersuasive. Plaintiffs particularly rely on *Costellow v. Becht Eng'g Co.*, No. 1:20-CV-179, 2020 WL 8271875 (E.D. Tex. Dec. 16, 2020). There,

6

the court considered whether the *named plaintiffs* acted with reasonable diligence, rather than the opt-in plaintiffs. *Costellow*, 2020 WL 8271875, at *3 (tolling the statute of limitations for opt-in plaintiffs where named plaintiffs "acted with reasonable diligence" by "fil[ing] their motion to certify a collective action shortly after Defendant's Answer"). Respectfully, the Court disagrees with an approach to the tolling issue that focuses on the diligence of the named plaintiffs, rather than the opt-in plaintiffs. "For the FLSA statute of limitations to be equitably tolled [as to an opt-in plaintiff], [the] opt-in plaintiff, rather than the named plaintiff, must have exercised reasonable diligence in pursuing his or her rights." *Eltayeb*, 2024 WL 989490, at *2; *see also Sandoz v. Cingular Wireless, L.L.C.*, 700 F.App'x 317, 320–21 (5th Cir. 2017) (per curiam) (analyzing whether opt-in plaintiffs, not named plaintiff, exercised reasonable diligence).

## B. Lack of Opt-In Notice is Not an "Extraordinary Circumstance."

Even if Plaintiffs had identified specific opt-in plaintiffs who generally pursued their rights diligently, Plaintiffs have not shown "that some extraordinary circumstance stood in [their] way and prevented timely filing." *Menominee*, 577 U.S. at 255. Plaintiffs argue that the Court's "extraordinary delay" in ruling on Catastrophe's motions to compel—and the resulting lack of court-approved notice to prospective plaintiffs—"constitute[s] an extraordinary circumstance warranting [equitable tolling]." (Dkt. #68 at 6). That is wrong.

In *Sandoz*, the Fifth Circuit held that failure to receive an opt-in notice to a particular collective action does not constitute an "extraordinary circumstance"

justifying application of the equitable-tolling doctrine. 700 F.App'x at 321. That is because "[e]quitable tolling . . . focuses on whether an external obstacle 'prevented timely filing,' not on whether an external obstacle prevented timely filing *in a specific suit*." *Id*. (citing *Menominee*, 577 U.S. at 255). Opt-in plaintiffs must therefore identify some external obstacle—other than a lack of opt-in notice—preventing them from "discovering their claims and initiating [their own] suit." *Id*. The Fifth Circuit concluded that "when, as here, an employee's own inaction relegates opt-in notice from a specific suit as the only means of discovering an FLSA violation, we will not transform routine litigation into an extraordinary circumstance." *Id*.

Here, Plaintiffs have not identified an external obstacle preventing potential opt-in plaintiffs from timely joining this suit or initiating their own. They have not alleged, for example, that potential plaintiffs have "been induced or tricked by [their] adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96. Rather, "[p]otential opt-in plaintiffs have been free, for the entirety of this action, to discover their claims and give their written consent to join this action." *Coker*, 2020 WL 1451654, at *2. Indeed, many already have. *See* (Dkt. #70 at 4). They have also been free to initiate their own suits. Thus, Plaintiffs have not carried their burden to show that an extraordinary circumstance stood in the potential plaintiffs' way and prevented timely filing.

## IV. CONCLUSION

For these reasons, Plaintiffs' Opposed Motion to Toll the Statute of Limitations for Putative Collective Members, (Dkt. #68), is **DENIED**.

**So ORDERED and SIGNED this 13th day of July, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE