**PUBLIC REDACTED VERSION OF SEALED MOTION (DKT. 79) — FILED PER L.R. CV-5(a)(7)(E)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS SHERMAN
## DIVISION

| | | |
|---|---|---|
| C. M. COLLINS, N. J. LUNDY, and R. C. L. MAYS, *individually and on behalf of all others similarly situated,* | § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO. 4:22-cv-01073-SDJ** |
| v. | § § | |
| **CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC.,** | § § § § | **Collective Action under 29 U.S.C. § 216(b)** |
| **Defendants.** | § § § | **JURY DEMANDED** |

---

### PLAINTIFF CARLA M. COLLINS'S UNOPPOSED MOTION TO SEAL LIMITED PORTIONS OF DKT. 51 AND DKT. 55

---

**TO THE HONORABLE SEAN D. JORDAN, UNITED STATES DISTRICT JUDGE:**

Plaintiff Carla M. Collins files this unopposed motion in response to the Court's July 10, 2026 Order (Dkt. 76) and the Court's Standing Order on Motions to Seal in Civil Cases (Dkt. 72). Docket Entries 51 and 55 concern Collins's Facebook activity and contain no information concerning any other named or opt-in plaintiff. Accordingly, Collins is the sole movant and requests no relief on behalf of any other plaintiff. Counsel for Plaintiffs—who represent the three named Plaintiffs and all opt-in Plaintiffs—confirm that no other Plaintiff has sought continued sealing of any portion of Docket Entry 51 or Docket Entry 55, that counsel do not seek such relief on behalf of any other Plaintiff, and that this motion therefore resolves the sealed status of both filings in their entirety. After reviewing Docket Entries 51 and 55 document by document

and line by line, Collins does not seek continued sealing of the publicly available Facebook posts, comments, reactions, photographs, or account names contained in those filings. Each filing contains twelve entries labeled "Upload IP address," consisting of five distinct IP-address strings repeated across the twelve entries. Collins seeks only twenty-four discrete redaction instances— the same twelve entries in each filing—on PDF pages 26–28 of Docket Entry 51 and PDF pages 5–7 of Docket Entry 55. Collins requests that the unredacted filings remain under seal and that the accompanying public-redacted versions be placed on the public docket. No other redactions are requested.

## I. Background

1.      Defendants filed Docket Entry 51 as Exhibit C to their reply in support of an emergency motion to compel. Defendants relied on the exhibit to summarize Plaintiff Collins's Facebook activity on August 9, 2021, including the number and timing of posts, comments, reactions, and a Facebook Live video. See Dkt. 50 at 3–4.

2.      Defendants filed their amended motion to compel and public attachments at Docket Entry 53 on February 9, 2024. The public attachment sequence omits Exhibit A.12. Defendants separately filed Docket Entry 54 as a sealed additional attachment to Docket Entry 53; that entry was later marked "FILED IN ERROR BY ATTORNEY." On February 13, 2024, Docket Entry 55 was entered as another sealed additional attachment to Docket Entry 53. A comparison confirms that Docket Entry 55 is the corrected refiling of Docket Entry 54: both are 32 pages, both contain Exhibit A.12, and the exhibit pages are identical. Docket Entry 55 corrects the cover filing language and changes the Certificate of Service date from February 9 to February 13, 2024. Both copies contain the same twelve "Upload IP address" entries on PDF pages 5–7.

3.      Defendants moved to seal Docket Entries 51 and 55 because Plaintiffs had designated the material confidential under the Protective Order. See Dkts. 49, 52. Defendants simultaneously stated that they believed the Facebook material was public. Dkt. 49 at 2 n.1; Dkt. 52 at 2 n.1.

4.      On July 10, 2026, the Court denied Defendants' sealing motions without prejudice because they did not address the governing standard. The Court ordered that Docket Entries 51 and 55 remain temporarily sealed and allowed Plaintiffs until July 24, 2026, to file a motion complying with the Court's Standing Order. Dkt. 76 at 2. On July 24, Defendants provided Collins's counsel with Docket Entry 55 and stated that CRU does not oppose the proposed sealing relief, subject to the reservation described in the Certificate of Conference below.

## II. Governing Standard

The public has a common-law right to inspect and copy judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). The party seeking nondisclosure must overcome the working presumption of access by identifying compelling countervailing interests. *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 418–21 (5th Cir. 2021). The Court must conduct a case-by-case, document-by-document, and line-by-line balancing of the public's right of access against the interests favoring nondisclosure. *Id.* at 419.

A discovery confidentiality designation does not itself justify sealing a judicial record. *June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). Publicly available information cannot be sealed, and any permissible sealing must be narrowly tailored and congruent to the demonstrated need. *Id.* at 520–21; *Binh Hoa Le*, 990 F.3d at 420. Courts must also consider less drastic alternatives, including redacting only the specific information that

warrants protection. *Binh Hoa Le*, 990 F.3d at 420. Federal Rule of Civil Procedure 5.2(e) likewise authorizes the Court, for good cause, to require redaction of additional personal information beyond the identifiers listed in Rule 5.2(a).

## III. Application

### A. The public Facebook material does not warrant continued sealing.

Collins does not seek continued sealing of the Facebook posts, comments, reactions, photographs, names, or account identifiers in Docket Entries 51 or 55. Defendants submitted that material to support discovery arguments concerning the timing and volume of Collins's Facebook activity and her asserted access to multiple accounts. The public therefore has a legitimate interest in the evidentiary material submitted for the Court's consideration. Because the Facebook material was publicly available, a Protective Order designation or generalized privacy concern does not justify continued sealing. Every portion of Docket Entries 51 and 55 other than the twelve IP address entries identified below should be publicly available. Collins's position is limited to Docket Entries 51 and 55 and does not waive or alter any confidentiality designation or claim concerning other material, including private messages not contained in those filings.

### B. Twelve nonpublic IP address entries should be redacted from Docket Entries 51 and 55.

PDF pages 26–28 of Docket Entry 51 and PDF pages 5–7 of Docket Entry 55 contain the same twelve technical metadata entries labeled "Upload IP address." Those entries are materially different from the public Facebook content. They were obtained from a Facebook data export, are not displayed with the public posts, and can be used to associate online activity with a network or subscriber. *See United States v. Baker*, 538 F.3d 324, 327 (5th Cir. 2008) (describing

**PLAINTIFF CARLA M. COLLINS'S UNOPPOSED MOTION**
**TO SEAL LIMITED PORTIONS OF DKT. 51 AND DKT. 55**                                    **Page 4**

how an IP address was traced to an internet service provider and then to a subscriber's name and residence address). Public disclosure would expose nonpublic technical identifiers while contributing nothing meaningful to the public's understanding of the parties' discovery dispute.

The proposed redactions are narrowly tailored. Collins does not seek to redact the "Upload IP address" labels, the dates and times of the uploads, the dates and times the images were taken, the orientation data, or any Facebook content. Those unredacted details preserve every feature Defendants cited as relevant—the nature, timing, and volume of Collins's social-media activity. Redacting only the IP address strings is the least restrictive means of protecting the privacy and security interest at issue.

### Discrete Proposed Redactions—Twelve in Each Filing

| No. | Location | Exact Text to Redact |
|-----|----------|----------------------|
| 1 | Dkt. 51 PDF p. 26—first IP entry | ██████████ |
| 2 | Dkt. 51 PDF p. 26—second IP entry | ████████████████████ |
| 3 | Dkt. 51 PDF p. 26—third IP entry | ██████████████████ |
| 4 | Dkt. 51 PDF p. 26—fourth IP entry | █████████ |
| 5 | Dkt. 51 PDF p. 27—first IP entry | ████████████████████ |
| 6 | Dkt. 51 PDF p. 27—second IP entry | ███████████████████ |
| 7 | Dkt. 51 PDF p. 27—third IP entry | █████████ |
| 8 | Dkt. 51 PDF p. 27—fourth IP entry | █████████ |
| 9 | Dkt. 51 PDF p. 28—first IP entry | █████████ |
| 10 | Dkt. 51 PDF p. 28—second IP entry | █████████ |

| No. | Location | Exact Text to Redact |
|---|---|---|
| 11 | Dkt. 51 PDF p. 28—third IP entry | ██████████ |
| 12 | Dkt. 51 PDF p. 28—fourth IP entry | ██████████ |
| 13 | Dkt. 55 PDF p. 5—first IP entry | ████████ |
| 14 | Dkt. 55 PDF p. 5—second IP entry | █████████████████ |
| 15 | Dkt. 55 PDF p. 5—third IP entry | █████████████████ |
| 16 | Dkt. 55 PDF p. 5—fourth IP entry | ███████ |
| 17 | Dkt. 55 PDF p. 6—first IP entry | █████████████████ |
| 18 | Dkt. 55 PDF p. 6—second IP entry | █████████████████ |
| 19 | Dkt. 55 PDF p. 6—third IP entry | ████████ |
| 20 | Dkt. 55 PDF p. 6—fourth IP entry | ████████ |
| 21 | Dkt. 55 PDF p. 7—first IP entry | ████████ |
| 22 | Dkt. 55 PDF p. 7—second IP entry | ████████ |
| 23 | Dkt. 55 PDF p. 7—third IP entry | ████████ |
| 24 | Dkt. 55 PDF p. 7—fourth IP entry | ████████ |

For each numbered item, the public-access interest in the precise IP address is negligible because the address does not illuminate the content, timing, volume, authenticity, or evidentiary significance of the Facebook activity. The countervailing privacy and security interest is substantial because the value is nonpublic network-identifying metadata that can be correlated with subscriber or address information. The proposed black-box redactions remove only the addresses and leave all surrounding information visible. The balance therefore favors the twenty-four listed redaction instances—the same twelve entries in each filing.

**C. The proposed public version of Docket Entry 55 is narrowly redacted.**

Collins' counsel compared Docket Entry 55 to the filed-in-error Docket Entry 54 and confirmed that the exhibit pages are identical. The accompanying public version of Docket Entry 55 redacts only the same twelve IP-address strings that are redacted from Docket Entry 51. It leaves the "Upload IP address" labels, all dates and times, orientation data, Facebook material, and all other content visible. This document-specific treatment is the least restrictive alternative to continued sealing of Docket Entry 55.

**IV. Requested Relief**

Collins respectfully requests that the Court: (1) maintain under seal the unredacted versions of Docket Entries 51 and 55; (2) approve Items 1–24 above as the only authorized redaction instances—twelve in each filing; (3) accept the accompanying public-redacted versions of Docket Entries 51 and 55; (4) permit no other redactions; and (5) grant all other relief to which Collins is entitled.

Respectfully submitted,

/s/ Travis Gasper
**Travis Gasper**
Texas Bar No. 24096881
GASPER LAW PLLC
633 West Davis Street
Dallas, Texas 75208
phone: (469) 694-1800
fax: (833) 957-2957
email: travis@travisgasper.com

/s/ Kerry V. O'Brien
**Kerry V. O'Brien**
Texas Bar No. 24038469



1011 Westlake Drive

Austin, Texas 78746
phone: (512) 410-1960
fax: (512) 410-6171
email: ko@obrienlawpc.com

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on July 24, 2026, I filed this document under seal through the Court's CM/ECF system and served counsel for Defendants by email with a copy identical to the filed version.

/s/ Travis Gasper
**Travis Gasper**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and CV-7(i), the undersigned certifies that counsel has complied with the meet-and-confer requirement in Local Rule CV-7(h) and that the parties conferred concerning the relief requested in this motion. At 5:44 p.m. on July 24, 2026, Defendants' counsel provided Docket Entry 55 and stated that CRU does not oppose the proposed sealing relief. CRU does not concede that the IP-address entries satisfy the Fifth Circuit's sealing standard and reserves the right to revisit its non-opposition if the requested relief changes or the issue arises in another context. The relief requested in this motion is the same relief presented during conferral; only the movant has been narrowed to Plaintiff Carla M. Collins because Docket Entries 51 and 55 consist of her Facebook data. Subject to CRU's stated reservation, this motion is UNOPPOSED.

/s/ Travis Gasper
**Travis Gasper**

**PLAINTIFF CARLA M. COLLINS'S UNOPPOSED MOTION
TO SEAL LIMITED PORTIONS OF DKT. 51 AND DKT. 55**                    **Page 8**