IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| C. M. COLLINS, N. J. LUNDY and R. C. L. MAYS, *individually and on behalf of all others similarly situated*,<br><br>    *Plaintiffs,*<br><br>VS.<br><br>CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC.,<br><br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:22-cv-1073 |

## DEFENDANTS' APPLICATION FOR AWARD OF ATTORNEYS' FEES INCURRED IN MAKING THEIR MOTIONS TO COMPEL

Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc. (collectively, "CRU") hereby file this Application for Award of Attorneys' Fees Incurred in Making their Motions to Compel ("Application for Attorneys' Fees"), pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure and the Court's Memorandum Opinion and Order issued on July 14, 2026 (Dkt. #78).

CRU respectfully asks the Court to award CRU $62,103.00 in necessary and reasonable attorneys' fees incurred in drafting Defendants' Emergency Motion to Compel Discovery and to Extend Deadline to File Response in Opposition to Plaintiffs' Motion for Notice (Dkt. #45) ("Emergency MTC") and Defendants' Amended Motion to Compel Discovery (Dkt. #53) ("Amended Motion") (collectively, "Motions to Compel"), preparing for and participating in the corresponding discovery conferences, and drafting this Application for Attorneys' Fees, all

because of the failures to produce relevant and discoverable documents on the part of the Plaintiffs on whom CRU served discovery.[1]

# I.
# BACKGROUND

Between September 2023 and February 2024, the parties' counsel exchanged several letters and e-mail messages, and participated in numerous telephone conferences, to discuss and attempt to resolve the discovery disputes presented in CRU's Emergency MTC and Amended MTC. *See generally* Ex. A, Hurst Aff. ¶¶ 16–46.

In a telephone conference among His Honor and the parties' counsel on November 27, 2023, His Honor articulated his perspective with regard to the disputed discovery issues. The Court found that Plaintiffs should produce their Forms W-2 and 1099 for the years of 2019 to the present. *See* Dkt. 37, Minute Entry ("First, Plaintiffs should produce W-2 and 1009 forms from 2019 to the present"). Additionally, and as later memorialized by the Court in its minute entry, the parties agreed at that time to limit potential discovery on social media activity to Collins and to continue discussions regarding exactly what social media activity would be discovered. *See id.*

Through good-faith discussions between the parties' counsel after the telephone conference, the parties agreed to the following:

1.      Plaintiffs will, by December 8, 2023, remove their objections to the Defendants' requests for production seeking tax information specifically as to the eight identified Plaintiffs' W-2s, 1099s, and T4A-NR for Tax Years 2019, 2020, 2021, and 2022, and respond in accordance with the Federal Rules of Civil Procedure.

2.      Plaintiffs will, by December 8, 2023, produce for each Facebook account Carla Collins manages, all of the items under each of the following subfolders under Ms. Collins' Facebook Activity Log, for days when she claimed to have been working for CRU, in HTML format:

---

[1] The Plaintiffs on whom CRU served discovery are Carla Collins ("Collins"), Nikki Lundy ("Lundy"), Rasheedah Mays ("Mays"), Pamela James ("James"), Jill Mansfield ("Mansfield"), Sheena Nickelberry ("Nickelberry"), Basil Leo Riley, III ("Riley"), Ashley Ruise ("Ruise"), and Tammy Russell-Brown ("Russell-Brown").

- Your Posts;
- Messages;
- Comments and reactions;
- Stories;
- Groups;
- Pages;
- Events; and
- Other activity.

*See* Amended MTC, Ex. A.4, Ltr. from M. Hurst to K. O'Brien (Nov. 30, 2023) and corresponding e-mail exchange between M. Hurst and K. O'Brien (Dec. 4, 2023) (Dkt. #53-6).

On December 9, 2023, CRU filed their Emergency MTC after Plaintiffs failed to comply with their obligations and commitment to producing their tax records and Ms. Collins failed to produce her Facebook data. *See* Emergency MTC (Dkt. #45).

Plaintiffs committed in November and December 2023—in their representations to the Court, in their discovery responses, and in their written and binding agreements with CRU—to produce the following important items: (a) all Plaintiffs' résumés; (b) Riley's paystubs for payments he received from July 1, 2021 through September 30, 2022; and (c) Mansfield's, Mays', Nickelberry's, and Russell-Brown's Forms W-2 and 1099.[2]

---

[2] On November 21, 2023, Plaintiffs' counsel represented the following in an e-mail message to the Court: (a) Riley stated in both his interrogatory responses and deposition testimony that he had continued to work for another company during his approximately first two months with CRU; (b) Plaintiffs agree that those records may concern the claims and defenses in this case; and (c) Plaintiffs' counsel were working with Riley to promptly produce any tax forms and pay stubs in his possession, custody, or control that concern that concurrent employment. *See* Am. MTC, Ex. A.3, E-mail message from K. O'Brien to L. Munoz (Nov. 21, 2023) (Dkt. #53-5).

On December 14, 2023, Plaintiffs committed to produce by December 28, 2023, any of the Plaintiffs' résumés that had not already been produced. *See* Am. MTC, Ex. A.6, Plaintiffs' responses to CRU's requests for résumés (for each Plaintiff, this is Request No. 7) (Dkt. #53-8).

On December 4, 2023, Plaintiffs committed to do the following by December 8, 2023: (a) Plaintiffs will remove their objections to CRU's requests for production seeking tax information specifically as to the eight identified Plaintiffs' W-2s, 1099s, and T4A-NR for 2019, 2020, 2021, and 2022, and respond to the requests. *See* Am. MTC, Ex. A.4, E-mail exchange between K. O'Brien and M. Hurst (Dec. 4, 2023) (Dkt. #53-6).

In her discovery responses served on CRU on December 14, 2023, Russell-Brown committed to produce all of her Forms 1099 and W-2 by December 28, 2023. *See* Defs.' Am. MTC, Ex. A.5, Russell-Brown's Resp. to CRU USA's First Req. for Produc. No. 13 (Dkt. #53-7).

Plaintiffs again failed to honor their agreements and representations. Prior to CRU filing their Amended MTC, CRU had not received the following:

- Any résumé that Plaintiffs had not previously produced, nor a single representation from a Plaintiff that no such document exists;
- Any paystubs for payments Riley received from July 1, 2021 through September 30, 2022;
- Any Forms W-2 and/or 1099 for Mays;
- Any Forms W-2 and/or 1099 for Russell-Brown;
- Any Forms W-2 and/or 1099 for Nickelberry for 2020; or
- Any Forms W-2 and/or 1099 for Mansfield for 2022.

*See* Ex. A, Hurst Aff. ¶¶ 44–46.

CRU incurred $97,616.00 in making CRU's Motions to Compel, which includes counsel's pre-filing activities necessary to ripen the Motions to Compel, drafting deficiency letters, reviewing correspondence from Plaintiffs' counsel, reviewing document productions from Plaintiffs' counsel, and meet-and-confer discussions. Ex. A, Hurst Aff. ¶ 50; *see generally* Ex. A.9, Billing Records. However, as a demonstration of moderation, CRU only asks the Court to award the sum of reasonable and necessary attorneys' fees incurred by CRU in their counsel's (a) drafting Defendants' Motions to Compel, (b) preparing for and participating in the corresponding conferences, and (c) preparing Defendants' Application for Award of Attorneys' Fees Incurred in Making Their Motions to Compel. Ex. A, Hurst Aff. ¶ 50; *see generally* Ex. A.9, Billing Records. CRU incurred $63,978.00 in their counsel's (a) drafting Defendants' Motions to Compel, (b) preparing for and participating in the corresponding conferences, and (c) preparing Defendants' Application for Award of Attorneys' Fees Incurred in Making Their Motions to Compel. Ex. A, Hurst Aff. ¶ 50; *see generally* Ex. A.9, Billing Records.

The time entries for (a) drafting Defendants' Motions to Compel, and (b) preparing for and participating in the corresponding conferences, are highlighted in yellow. Ex. A, Hurst Aff. ¶ 51; *see generally* Ex. A.9, Billing Records.

CRU's counsel expended a total of 51.3 hours in drafting the Emergency MTC and preparing for and participating in two corresponding court-ordered discovery conferences.  Ex. A.9, Billing Records.  These hours are allocated among the persons performing the work reflected in the billing records, as follows:

| Timekeeper | Hours Billed | Hourly Rate | Total |
|---|---|---|---|
| Monte K. Hurst | 19.60 | $520.00 | $10,192.00 |
| Kristen A. Brumbalow | 27.20 | $385.00 | $10,472.00 |
| Clayton S. Carter | 3.8 | $385.00 | $1,463.00 |
| Condred C. Roberts | 0.7 | $385.00 | $269.50 |

CRU expended a total of 68.8 hours in drafting the Amended MTC and preparing for and participating in the court-ordered discovery conference between counsel.  Ex. A.9, Billing Records.  These hours are allocated among the persons performing the work reflected in the billing records, as follows:

| Timekeeper | Hours Billed | Hourly Rate | Total |
|---|---|---|---|
| Monte K. Hurst | 28.3 | $520.00 | $14,716.00 |
| Kristen A. Brumbalow | 40.1 | $385.00 | $15,438.50 |
| Clayton S. Carter | 0.4 | $385.00 | $154.00 |

CRU expended a total of 24.4 hours in drafting this Application for Attorneys' Fees.  Ex. A, Hurst Aff. ¶ 53.  These hours are allocated among the persons performing the work reflected in the billing records as follows:

| Timekeeper | Hours Billed | Hourly Rate | Total |
|---|---|---|---|
| Monte K. Hurst | 5 | $625.00 | $3,125.00 |
| Ceicili S. Morales | 19.4 | $420.00 | $8,148.00 |

## II.
## ARGUMENTS & AUTHORITIES

**A.     CRU is Entitled to Recover Its Reasonable and Necessary Attorneys' Fees.**

If a motion to compel is granted, the court must require the opposing party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R.

Civ. P. 37(a)(5)(A); *CHU de Quebec - Universite Laval v. DreamScape Dev. Grp. Holdings, Inc.*, No. 4:21-CV-182-SDJ, 2023 WL 2746933, at *3 (E.D. Tex. Mar. 31, 2023).  The Court will not award attorneys' fees if: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii); *see also CHU de Quebec*, 2023 WL 2746933, at *3 (citing *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80-BAJ-RLB, 2016 WL 67253, at *3 (M.D. La. Jan. 5, 2016) ("Because the Court has granted Defendant's Motion to Compel and no exceptions apply, Defendant is entitled to an award of reasonable expenses, including attorney's fees.")).

Between September 2023 and February 2024, the parties' counsel exchanged several letters and e-mail messages and participated in numerous telephone conferences to discuss and attempt to resolve the discovery disputes presented in CRU's Emergency MTC and Amended MTC.  *See generally* Ex. A, Hurst Aff. ¶¶ 16–46.  CRU was left with no choice but to file each of their Motions to Compel, because Plaintiffs simply, and repeatedly, failed to produce the necessary and relevant discovery they had previously committed to producing.

On July 14, 2026, the Court granted in significant part CRU's Motions to Compel.  *See* Mem. Op. and Order (Dkt. # 78).  Having recognized CRU's entitlement to recover its reasonable attorneys' fees in connection with their having to pursue their Motions to Compel, the Court invited CRU to submit this Application for an Award of Attorneys' Fees.  *See id.*

**B.    CRU's Requested Attorneys' Fees Are Reasonable.**

Courts use a two-step method for determining proper attorneys' fees.  *Bourque v. C. Pepper Logistics, LLC*, No. 4:22-CV-698-SDJ, 2024 WL 2922400, at *1 (E.D. Tex. June 10, 2024); *CHU*

*de Quebec*, 2023 WL 2746933, at \*3.  The first step is to multiply the hours that the attorney worked by the attorney's hourly rate, yielding an amount that is referred to as the "lodestar."  *See Hobbs v. EVO Inc.*, 7 F.4th 241, 259 (5th Cir. 2021).  In calculating the lodestar, the Court places the burden on the party seeking attorneys' fees to prove the reasonableness of both the attorneys' hours and the hourly rate.  *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011); *Bourque*, 2024 WL 2922400, at \*1.

"The affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate.  *Natour v. Bank of Am., N.A.*, No. 4:21-CV-00331, 2022 WL 3581396, at \*3 (E.D. Tex. Aug. 19, 2022) (quoting *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012)).  "The trial court itself is also considered an expert as to the reasonableness of attorney's fees and therefore may exercise its own expertise and judgment in making an independent valuation of appropriate attorney fees."  *Natour*, 2022 WL 3581396, at \*3 (citing *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004)).  The party seeking attorneys' fees "bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence."  *Benham*, 2024 WL 3848530, at \*3 (quoting *Harrison v. Tyler Techs., Inc.*, No. 4:21–CV–607, 2024 WL 2338254, at \*2 (E.D. Tex. May 22, 2024)).  "Courts use these time records 'as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented.'"  *Id.*

As a demonstration of moderation, CRU only asks the Court to award the sum of reasonable and necessary attorneys' fees incurred by CRU in their counsel's (a) drafting Defendants' Motions to Compel, (b) preparing for and participating in the corresponding conferences, and (c) preparing Defendants' Application for Award of Attorneys' Fees Incurred in Making Their Motions to Compel.  Ex. A, Hurst Aff. ¶ 50; *see generally* Ex. A.9, Billing Records.  CRU incurred $63,978.00

in their counsel's (a) drafting Defendants' Motions to Compel, (b) preparing for and participating in the corresponding conferences, and (c) preparing Defendants' Application for Award of Attorneys' Fees Incurred in Making Their Motions to Compel.  Ex. A, Hurst Aff. ¶ 50; *see generally* Ex. A.9, Billing Records.  The time entries for (a) drafting Defendants' Motions to Compel, and (b) preparing for and participating in the corresponding conferences, are highlighted in <mark>yellow</mark>.  Ex. A, Hurst Aff. ¶ 51; *see generally* Ex. A.9, Billing Records.  CRU expended a total of 24.4 hours in drafting this Application for Attorneys' Fees.  Ex. A, Hurst Aff. ¶ 53.

### 1. *The hourly rates are reasonable.*

The first step in determining the lodestar amount is to evaluate the reasonableness of the applicant attorneys' hourly rates.  "The touchstone principle in evaluating the reasonableness of the rates charged is that the moving part must demonstrate—through 'satisfactory evidence'—that 'the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *CHU de Quebec*, 2023 WL 2746933, at *6 (quoting *McClain v. Lufkin Indus., Inc.*, 649 F. 3d 374, 381 (5th Cir. 2011)).  The "relevant market for the purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits."  *Id.* at *6 (quoting *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)).

Monte K. Hurst is a seasoned litigator and trial attorney with 30 years of experience in employment and commercial litigation matters similar to this one.  Ex. A, Hurst Aff. ¶¶ 3, 7.  Mr. Hurst explains in his Affidavit that the hourly rates billed in this case are within, or most likely below, those rates customarily charged by attorneys in the Dallas/Fort Worth area who possess the same or similar qualifications and who are handling the same or similar types of litigation.  *Id.* ¶ 56.

The rates billed by CRU's counsel are consistent with prevailing market rates in the Dallas-Fort Worth legal community. *See Benham v. Five Point Dental Specialists, Inc.*, No. 4:24-CV-484-SDJ, 2024 WL 3848530, at *2 (E.D. Tex. Aug. 16, 2024) (finding that rates of $550.00 and $455.00 per hour to be reasonable rates); *see also Natour*, 2022 WL 3581396, at *3–4 (finding a range of $385.00 to $425.00 per hour was a reasonable rate); *see also Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 906–07 (E.D. Tex. 2017) (finding a range from $450.00 to $860.00 per hour to be a reasonable rate to charge for attorneys).

### 2.    *The number of hours expended was reasonable.*

The second step in determining the lodestar amount is to evaluate the number of hours reasonably expended by the moving party. "[A] party seeking attorneys' fees may only recover for time spent in preparing and prosecuting the actual discovery motion—that is, the 'reasonable expenses incurred in making the motion, including attorney's fees.'" *Bourque v. C. Pepper Logistics, LLC*, No. 4:22-CV-698-SDJ, 2024 WL 2922400, at *2 (E.D. Tex. June 10, 2024) (quoting *Lohr v. Gilman*, No. 3:15-CV-1931-BN, 2018 WL 3993725, at *3 (N.D. Tex. Aug. 21, 2018)). "This includes time spent on additional briefing and any oral argument or hearing and can include 'fees on fees' for the time expended in filing a motion for attorneys' fees." *Bourque*, 2024 WL 2922400, at *2 (quoting *D.C. v. Dall. Indep. Sch. Dist.*, No. 3:17-CV-02981-E, 2020 WL 13429989, at *1 (N.D. Tex. July 23, 2020) (cleaned up)).

CRU's counsel expended a reasonable number of hours in connection with the Motions to Compel under the circumstances, as well as on pre-filing activities necessary to ripen those motions, such as drafting deficiency letters, meet-and-confer discussions, and discovery conferences. Mr. Hurst explains in his Affidavit that he exercised billing judgment in reviewing the billing entries to ensure that no excessive or redundant hours were billed. Ex. A, Hurst Aff. ¶

55.  Mr. Hurst explains that this case was staffed reasonably and appropriately given the nature of the claims and number of plaintiffs involved, and that the number of hours worked on tasks for which CRU seeks an award of attorneys' fees was reasonable under the circumstances.  *Id.*

### 3.    *The Johnson Factors*

After calculating the lodestar, the court may adjust the lodestar "upward or downward if the Johnson factors, not included in the reasonable fee analysis, warrant the adjustment."  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

> The twelve Johnson factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*CHU de Quebec*, 2023 WL 2746933, at *11 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).  However, because there is a strong presumption of reasonableness, the lodestar should only be modified in "exceptional cases."  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *see also Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (per curiam).  The *Johnson* factors do not require any adjustments to lodestar amount.

## PRAYER

For all of these reasons, CRU respectfully requests the Court award them $63,978.00 in reasonable and necessary attorneys' fees incurred in making the Motions to Compel.

Respectfully submitted,

MUNSCH, HARDT, KOPF & HARR, P.C.
500 North Akard Street, Suite 4000
Dallas, Texas 75201
214.855.7500
(f) 214.855.7584

By:    *Monte K. Hurst*
      Monte K. Hurst
      State Bar No. 00796802
      MHurst@munsch.com

      Kristen A. Laster
      State Bar No. 24076499
      KBrumbalow@munsch.com

      *Counsel for Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*

## CERTIFICATE OF CONFERENCE

CRU's counsel forwarded a draft of this Application for Attorneys' Fees in the evening of July 28, 2026. CRU's counsel did not hear back from Plaintiffs' counsel prior to filing this Application for Attorneys' Fees.

*Monte K. Hurst*
Monte K. Hurst

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 28, 2026, I served a copy of the foregoing document on Plaintiffs' counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Kerry O'Brien
O'BRIEN LAW FIRM
1011 Westlake Drive
Austin, Texas 78746
KO@obrienlawpc.com

Mr. Travis Gasper
GASPER LAW, PLLC
633 West Davis Street
Dallas, Texas 75208
Travis@travisgasper.com

*Monte K. Hurst*
Monte K. Hurst