

**EXHIBIT A.3**

**O'BRIEN LAW FIRM**

1011 WESTLAKE DRIVE
AUSTIN, TEXAS 78746
PHONE: 512.410.1960
FAX: 512.410.6171

KERRY V. O'BRIEN
TEXAS BAR NO. 24038469
KO@OBRIENLAWPC.COM
TEXASEMPLOYEES.COM

November 3, 2023

***via email transmission***
Monte K. Hurst
Hallett & Perrin, P.C.
1445 Ross Ave., Suite 2400 Dallas, Texas 75202
<monte.hurst@hallettperrin.com>

Re: *Collins, et al. , v. Catastrophe Response Unit, Inc., et al.,* No. 4:22-cv-1073-SDJ

Dear Monte,

I write in response to your letter of September 19, 2023, claiming that certain responses of Plaintiffs and Opt-Ins to Defendants' discovery requests were deficient. I believe that our response below appropriately addresses the concerns set out in your letter. I will make myself available for a call to discuss any of this in more detail if you request one. Given the self-imposed deadlines set out in my letter, below, and the substantial effort required to amend potentially 12-20 sets of discovery responses, we should have that call by November 8 if you feel that you need one to clarify or take issue with anything below.

**Conformance with *Heller***
With respect to your concern that some of our clients' responses do not conform to the *Heller* decision, we will review and potentially revise any responses that are not in conformance, with such amended RFP and interrogatory responses being served by November 13, 2023.

**Client résumés**
With respect to our clients' résumés, please advise if you have not been served with a résumé of one of our clients. Otherwise, I believe we have met our production obligations here.

**RFP No. 30 and Interrogatory No. 18 to Named Plaintiffs**
With respect to the responses to Request for Production No. 30 to Named Plaintiffs, we will amend to make clear that "statement" is being reasonably construed to mean a witness statement, where a witness's relevant recollections are prepared in writing by the witness or by someone on the witness's behalf, and such statement is subsequently signed or otherwise endorsed by the witness. With that understanding, we will amend those responses to state that there are no materials responsive to these requests.

With respect to the responses to Interrogatory No. 18 to Named Plaintiffs, we will remove the assertion of privilege and substantively respond by amendment.

**Interrogatory No. 13 to Named Plaintiffs and Interrogatory No. 9 to Opt-in Plaintiffs**
**RFP No. 10 to Named Plaintiffs and RFP No. 9 to Opt-in Plaintiffs**
**(other employment information)**

I would first note that your firm has extensively exercised its opportunity to ask about concurrent work in each individual's deposition. At the same time, your explanation of the relevance of other employment information is arguably only persuasive as to work performed outside of CRU while our client was simultaneously working for CRU. Therefore, we agree to supplement pursuant to that consideration, if there are additional materials to supplement.

We will ask each Plaintiff and Opt-In to supplement with responsive materials in their possession, custody, or control, *if any,* from work performed outside of CRU while simultaneously working for CRU, and will serve any supplemental materials by November 13. We will also amend such RFPs to identify when our client has no materials responsive to the request.

**RFPs Nos. 43 and 46-50 to Named Plaintiffs**
**RFPs Nos. 22 and 25 to Opt-ins**
**(extensive personal social media data, smartphone data, and email files)**

Plaintiffs and Opt-ins will not be producing the requested materials absent a court order, because, in relevant part, the Court has limited the scope of Phase I discovery to "issues directly relevant to the Section 216(b) motion, such as the number of proposed collective group members, their job descriptions and procedures, and wage and hour policies and training provided." This is not Phase I *Swales* discovery, and your attempt to tie it to Phase I discovery needs is far too strained to warrant this discovery at this time (or at all, as set out below). With that said, we stand by our objections as set out in the responses.

In addition, I would point out as suggested by the testimony of Adam Dickens, that the reason behind CRU's request is not even consistent with how CRU records compensable time for its desk adjusters who are paid on an hourly basis. Per Mr. Dickens, the desk adjusters self-report their compensable time, apparently based on the initial start and final stop times of their daily work shift, with perhaps an exclusion for a proper lunch period taken. CRU's own timekeeping practices do not involving deducting small pieces of compensable time based on scattered personal activities that occur throughout the workday. Controlling law does not support such a "stopwatch" timekeeping approach and CRU does not practice it.

**Interrogatory No. 12 to Named Plaintiffs and Interrogatory No. 8 to Opt-in**
**(childcare information)**

2

Although we stand on our objections, your firm has extensively exercised its opportunity to ask for this same information in each individual's deposition.

Sincerely,

Kerry V. O'Brien

3