**EXHIBIT A.6**

**HALLETT&PERRIN**

**MONTE K. HURST**
Board Certified – Labor and Employment Law
Texas Board of Legal Specialization
**D** 214.922.4111  **F** 214.922.4142
monte.hurst@hallettperrin.com

January 9, 2024

Mr. Kerry O'Brien                                 **Via e-mail: KO@obrienlawpc.com**
O'BRIEN LAW FIRM
1011 Westlake Drive
Austin, Texas 78746

Mr. Travis Gasper                                 **Via e-mail: Travis@travisgasper.com**
GASPER LAW, PLLC
1408 North Riverfront Boulevard, Suite 323
Dallas, Texas 75207

> **Re:**    **Civil Action No.: 4:22-cv-1073**
> **Our File No.: 39293/3**
> ***C.M. Collins, N.J. Lundy, and R.C.L. Mays, individually and on behalf of all others similarly situated vs. Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.***

Dear Kerry and Travis:

Happy New Year.  I am writing to address Plaintiff Ashley Ruise's failure to produce documents responsive to Catastrophe Response Unit USA, Inc.'s ("CRU USA") First Set of Requests for Production.  We hereby demand that Ms. Ruise supplement her deficient discovery responses and provide corresponding documents to comply with her discovery obligations, as explained in further detail below.

In Request for Production No. 13, CRU USA requests Ms. Ruise to produce "any and all federal income tax returns, W-2 and 1099 forms" that she filed for the past five years.  You initially objected to this Request and refused to produce responsive documents.  However, as part of an agreement between the parties to produce documents within the following week, you agreed to remove your objections and produce all of Plaintiffs' Forms W-2, 1099, and T4A-NR for 2019, 2020, 2021, and 2022.  The parties' agreement did not alleviate Ms. Ruise's obligation to comply with the full scope of CRU USA's request—to produce "*any and all federal income tax returns.*"  Additional federal income tax returns exist outside of W-2s and 1099s that are relevant and responsive to this Request.

We learned through the course of third-party discovery that Ms. Ruise previously filed a Schedule C (Form 1040 or 1040-SR), Profit or Loss from Business in 2019 for her business under the assumed name "Ashley Claims and More."  Ms. Ruise then used this Schedule C to apply for and obtain a Paycheck Protection Program loan.  The Internal Revenue Service ("IRS") requires sole proprietorships to file either a Form 1040, U.S. Individual Income Tax Return, or a Form 1040-SR, U.S. Tax Return for Seniors, in conjunction with a Schedule C (Form 1040 or

Mr. Kerry O'Brien
Mr. Travis Gasper
January 9, 2024
Page 2

1040-SR).[1]        *See*        https://www.irs.gov/businesses/small-businesses-self-employed/sole-proprietorships.    Missing from Ms. Ruise's filing is the accompanying 1040 showing her Individual Income Tax Return.

The tax filings discussed above would show what Ms. Ruise earned in 2019 on behalf of Ashley Claims and More. As you may recall, U.S. District Judge Sean Jordan made it clear that he believes that information relating to the Plaintiffs' prior earnings are relevant and discoverable during Phase 1 discovery. Consistent with this, Plaintiffs' earnings, particularly those earned as desk adjusters and/or independent contractors, as well as any business deductions they took, are relevant.

In light of Ms. Ruise's filing tax documents either in her name and/or on behalf of Ashley Claims and More that were not previously produced, please produce any and all additional federal income tax returns, including, but not limited to, Ms. Ruise's 1040 Form for the tax year of 2019. We need these items to review and consider for inclusion with Defendants' response brief. If we cannot secure from you at once a commitment to produce these items to us within seven days from today, please let us know when this week you can be available for a telephone conference in connection with our intention to file an emergency motion to compel with the Court.

Please let me hear from you.

Very truly yours,

*Monte K. Hurst*

Monte K. Hurst

MKH:cm

---

[1] Only individuals born before January 2, 1958, can utilize a 1040-SR and thus is not applicable to Ruise.