EXHIBIT

A.7

# HALLETT&PERRIN

**MONTE K. HURST**
Board Certified – Labor and Employment Law
Texas Board of Legal Specialization
D 214.922.4111  F 214.922.4142
monte.hurst@hallettperrin.com

January 24, 2024

Mr. Kerry O'Brien                                              **Via e-mail: KO@obrienlawpc.com**
O'BRIEN LAW FIRM
1011 Westlake Drive
Austin, Texas 78746

Mr. Travis Gasper                                              **Via e-mail: Travis@travisgasper.com**
GASPER LAW, PLLC
1408 North Riverfront Boulevard, Suite 323
Dallas, Texas 75207

> **Re:** **Civil Action No. 4:22-cv-1073**
> **Our File No.: 39293/3**
> ***C.M. Collins, N.J. Lundy, and R.C.L. Mays, individually and on behalf of all others similarly situated vs. Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.***

Dear Kerry and Travis:

I am writing to respond to your e-mail message of yesterday pertaining to our ongoing discovery dispute regarding Ashley Ruise's tax records, and to discuss our concerns regarding other Plaintiffs' failures to provide their tax records and regarding several other deficiencies in Plaintiffs' responses to written discovery requests of Defendants Catastrophe Response Unit, Inc. ("CRU") and Catastrophe Response Unit USA, Inc. ("CRU USA").[1]

### *Plaintiffs' Tax Records*

As you know, CRU USA requests each Plaintiff on whom discovery was served to produce all federal income tax returns, W-2 and 1099 forms for the past five years.[2]  To be clear, we are entitled to discover *all* of the Plaintiffs' federal income tax returns, W-2 and 1099 forms for the past five years, and we are perturbed that our receipt of these important pieces of evidence continues to be delayed.

---

[1] For purposes of this letter, the term "Plaintiffs" refers to each party-plaintiff who either initiated this lawsuit or subsequently filed a notice of consent to join the lawsuit.

[2] For the following Plaintiffs, this request was Request for Production No. 18: C.M. Collins; N.J. Lundy; and R.C.L. Mays.  For the following Plaintiffs, this request was Request for Production No. 13: Pamela Ann Marie James; Jill Mansfield; Sheena Nickleberry; Basil Leo Riley, III; Ashley Ruise; and Tammy Russell-Brown.

Mr. Kerry O'Brien
Mr. Travis Gasper
January 24, 2024
Page 2

As you recall, U.S. District Judge Sean Jordan made it clear that he believes that information relating to the Plaintiffs' prior earnings are relevant and discoverable during Phase 1 discovery. Consistent with this, Plaintiffs' earnings, particularly those earned as desk adjusters and/or independent contractors, as well as any business deductions they took, are relevant. As such, we demand that you remove your objections to CRU USA's written discovery request seeking production of *all* of Plaintiffs' federal income tax returns, W-2 and 1099 forms for the past five years, and produce these items to us at once. With regard to each Plaintiff's W-2 and/or 1099 forms, I would remind you of the parties' agreement in early December 2023, in which you committed to (a) removing your objections to CRU USA's Request for Production No. 18 to Mses. Collins, Lundy, and Mays, and to CRU USA's Request for Production No. 13 as to the other of the Plaintiffs, and (b) employing your best efforts to produce to us by December 8, 2023, all of the Plaintiffs' W-2 and 1099 forms over the last five years. This has still not been done.

In light of the Plaintiffs' obligations to produce to us, without further delay, their federal income tax returns, W-2 and 1099 forms for the past five years, your production of the tax return transcript for Ms. Ruise does not alleviate or reduce her or any other Plaintiff's obligation to provide to us *all* of his/her federal income tax returns, W-2 and 1099 forms for the past five years. Same is true with regard to your production of a wage and income transcript for several other Plaintiffs. Obviously, an individual cannot produce his/her tax return for a year in which he/she did not file a tax return. In each of those instances, we would accept an official verification of non-filing of a tax return in lieu of a tax return (as you produced yesterday on behalf of Ms. Ruise for Y2021 and Y2022). But, that Plaintiff would still have, and thus be responsible for producing, W-2 and/or 1099 forms even for a year in which he/she did not file a tax return.

If any one of the Plaintiffs, on whom these discovery requests were served months ago, was not able to locate or retrieve *all* of his/her federal income tax returns, W-2 and 1099 forms over the last five years, then that Plaintiff should have ordered any such missing items directly from the Internal Revenue Service, and we should have been informed that the Plaintiff was diligently attempting to comply with discovery in this manner. If any one of the Plaintiffs *both* is still not able to locate or retrieve all of his/her federal income tax returns, W-2 and 1099 forms over the last five years, *and* has still not ordered any such missing items directly from the IRS, then we would demand that Plaintiff order any such missing items from the IRS at once, and you continue to keep us apprised of when we can expect to receive these items.[3] In the case of Ms. Ruise, please confirm that she has actually ordered all of her allegedly missing tax documents from the IRS, and that you did not simply send the order form to this Plaintiff whom we have already found to be uncooperative. With regard to each of the other Plaintiffs, please confirm that he/she has already ordered all of her allegedly missing tax documents from the IRS, or that he/she will do so by no later than Friday, January 26, 2024.

Frustratingly, it is not lost on us that, even if this letter inspires all of the Plaintiffs to order missing tax records from the IRS today, we would almost certainly not receive those records until well after the Defendants' response brief deadline. That is quite unfortunate for Defendants, as

---

[3] The cost of each request for a copy of a tax return is $30.00. We would be happy to pay this fee for each of the Plaintiff's tax returns ordered to be sent to us consistent with this letter.

Mr. Kerry O'Brien
Mr. Travis Gasper
January 24, 2024
Page 3

we have long been communicating to you how relevant and critical we believe the Plaintiffs' tax records are to the issues presented in Plaintiffs' Motion for Notice. We would thus ask that, while we continue to wait on any of the Plaintiffs' tax records that are ordered from the IRS, we be immediately provided with all of the Plaintiffs' tax records over the last five years that they do have in their possession or are able to retrieve now, including, but not limited to, the following: (a) each Plaintiff's tax return transcripts for the current year and each of the last three years, all of which can be obtained online, (b) each Plaintiff's W-2 and/or 1099 forms that can be obtained directly from the business for which he/she provided services that year, and (c) any other proof of income a Plaintiff received that year.

We feel compelled to mention that we expect all of the tax records produced in this case to be unredacted. While we do not recognize what tax information you could legitimately claim as privileged and/or exempt from discovery, I would remind you of the Court's Protective Order, which should alleviate any concerns.

### Plaintiffs' Résumés

In its Request for Production No. 7 to each of the Plaintiffs, CRU requests production of all résumés that the Plaintiff has used in the last three years that he/she had not already produced, including but not limited to, résumés that he/she submitted when applying for jobs outside of the insurance adjusting industry. In his/her December 14, 2023, discovery responses, you did not object to this Request, and each Plaintiff responded by stating that he/she "is reviewing [his/her] records for responsive materials and will supplement with responsive materials, if any, within 14 days." More than a month has passed since the Plaintiffs represented that they were reviewing their records for responsive materials and committing to supplement within 14 days. Please produce the requested résumés at once, and modify any Plaintiff's discovery response where necessary. For any Plaintiff who claims that an additional résumé does not exist, please amend his/her response accordingly.

### Ms. Mays' Response to CRU's Request for Admission No. 2

You communicated to us in an e-mail message on December 11, 2023, that you have not been able to contact Ms. Mays in order to produce responsive tax documents. However, on December 14, 2023, you served Defendants with "All Plaintiffs' and Opt-Ins' Responses to CRU, Inc.'s 1st Request for Admissions," in which Ms. Mays denied CRU's Request for Admission No. 2 (using a mouse moving device or software program while working for either CRU or CRU USA). You would have had to have communicated with Ms. Mays in order to provide the response you provided on her behalf. If you have, in fact, been in communication with Ms. Mays, then your supposedly not being able to reach her can no longer be an excuse as to why she has not produced any of her tax documents we requested. We would thus re-assert our demand that you produce Ms. Mays' tax documents at once (please see above). If you have not been in communication with Ms. Mays, then you would have not had the information with which to respond to CRU's Request for Admission No. 2, and would thus need to amend her response accordingly.

Mr. Kerry O'Brien
Mr. Travis Gasper
January 24, 2024
Page 4

### *Mr. Riley's Response to CRU's Request for Production No. 8*

Mr. Riley testified in his deposition on October 18, 2023, that he worked for both CRU and Progressive during one of his deployments.  You then represented to the Court on November 21, 2023, the following: (a) Mr. Riley stated in both his interrogatory responses and deposition testimony that he had continued to work for another company during his approximately first two months with CRU; (b) you agree that those records may concern the claims and defenses in this case; and (c) you were working with Mr. Riley to promptly produce any tax forms and pay stubs in his possession, custody, or control that concern that concurrent employment.  Even after all of this, you objected to CRU's Request for Production No. 8 to Mr. Riley (seeking production of all "records sufficient to identify the number of hours that [he] reported to have worked for an employer or company other than CRU from July 1, 2021 – September 30, 2022," and specifically referencing Mr. Riley's time worked that he reported to Progressive from July 1, 2021 through September 30, 2022).  Further, no documents were produced.  Over one month has elapsed since we received these discovery responses on December 14, 2023, and over two months has elapsed since your representation to the Court.  You have still not removed your objection to this Request and we have still not received any documents responsive to this Request.

We would demand that you remove your objection to CRU's Request for Production No. 8 to Mr. Riley, and that documents responsive be produced at once.  To ensure that we receive all of Progressive's personnel and payroll information regarding Mr. Riley over the subject time period, please find attached a personnel and payroll authorization.  Please let me know at once whether Mr. Riley will agree to sign this authorization, so that we can obtain the personnel and payroll records directly from Progressive.  Even if Mr. Riley agrees to sign the attached authorization, such agreement would not alleviate his obligation to produce documents responsive to CRU's Request for Production No. 8 that are in his possession, custody, or control.

We seem to be going back and forth on many of these issues, which has continued to delay our receipt of these critical pieces of evidence.  The above items are needed for our review and consideration for inclusion with Defendants' response brief.  Again, please let us know when this week you can be available for a telephone conference so that we satisfy the "Meet and Confer" requirement before seeking the Court's intervention on these issues.  We would ask that the parties reserve at least 30-45 minutes for the conference.

Please let me hear from you.

Very truly yours,

*Monte K. Hurst*

Monte K. Hurst

MKH:cm
Attachment

## <u>AUTHORIZATION FOR RELEASE OF PERSONNEL AND PAYROLL RECORDS</u>

**TO:    CUSTODIAN OF RECORDS FOR EMPLOYERS OF BASIL LEO RILEY, III FROM JULY 1, 2021 TO SEPTEMBER 30, 2022 .**

You are hereby authorized and directed by the undersigned to release and provide to

**HALLETT & PERRIN, P.C., 1445 Ross Avenue, Suite 2400, Dallas, Texas 75202**, its agents, representatives or employees, all information in your records relative to personnel and payroll records you may have including but not limited to applications for employment, notes from interviews, pre-employment screening tests, employment related physicals, reference checks, hiring records, personnel information forms, job descriptions, employees handbook and/or policies and procedures, drug test results, safety instructions, reports relating to on-the-job injuries, medical records, workers compensation records, disciplinary records, absenteeism records, termination records, attendance records, performance evaluations, salary reviews, wage information, W-2's, W-4's, correspondence, DOT qualification file documents, and any other document in your possession, custody and control pertaining to **BASIL LEO RILEY, III**.

This will further authorize any employer, or their representatives, to deliver to the above-named attorneys, or their agents, representatives or employees, any written data pertaining to my employment that is requested by said attorneys.

This Authorization is for use in the investigation, evaluation and defense of a pending civil action in which the undersigned, **BASIL LEO RILEY, III** is a party.

**DATED this _____ day of _____, 2024**.


_____

**BASIL LEO RILEY, III**

**Social Security No.:**_____

**Date of Birth:**_____