**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **C. M. COLLINS, N. J. LUNDY and R. C. L. MAYS,** ***individually and on behalf of all others similarly situated,*** | § | |
| ***Plaintiffs,*** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:22-cv-1073** |
| **CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC.,** | § | |
| ***Defendants.*** | § | |

## DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE EXHIBITS WITH THEIR REPLY IN SUPPORT OF THEIR APPLICATION FOR AWARD OF ATTORNEYS' FEES INCURRED IN MAKING THEIR MOTIONS TO COMPEL

**TO THE HONORABLE U.S. DISTRICT JUDGE SEAN JORDAN:**

Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc. (collectively, "CRU") hereby file this Opposed Motion for Leave to File Exhibits with Their Reply in Support of their Application for Award of Attorneys' Fees Incurred in Making Their Motions to Compel, pursuant to LR CV-7(k) of the Local Rules of the U.S. District Court for the Eastern District of Texas.

1. On July 14, 2026, the Court granted in significant part Defendants' Emergency Motion to Compel Discovery and to Extend Deadline to File Response in Opposition to Plaintiffs' Motion for Notice (Dkt. #45) ("Emergency MTC") and Defendants' Amended Motion to Compel Discovery (Dkt. #53) (collectively, "Motions to Compel"). *See* Memorandum Opinion and Order (Dkt. #78). Having recognized CRU's entitlement to recover its reasonable

attorneys' fees in connection with its having to pursue the Motions to Compel, the Court invited CRU to submit this Application for an Award of Attorneys' Fees. *See id.*

2. On July 28, 2026, CRU filed its Application for Award of Attorneys' Fees Incurred in Making their Motions to Compel ("Application for Attorneys' Fees"). *See generally* Dkt. 81. In the Application for Attorneys' Fees, CRU requests the Court award $63,978.00 in reasonable and necessary attorneys' fees incurred in making the Motions to Compel. *See generally id.*

3. On August 11, 2026, Plaintiffs filed their Response in Opposition to Defendants' Application for Award of Attorney[s'] Fees ("Response"). *See* Pls.' Resp. (Dkt. #84). In their Response, Plaintiffs present numerous factual inaccuracies. *See generally id.*

4. CRU respectfully requests leave of court to submit evidence with its reply in support of its Application for Attorneys' Fees, to illustrate an accurate timeline of events raised by Plaintiffs' Response. This accurate timeline will provide the Court with the complete picture to make the relevant determinations promptly.

5. Courts have broad discretion to control their docket, and the decision to consider additional evidence is within the sound discretion of the court. *Royal Ten Cate USA, Inc. v. TT Invs., Ltd.*, 562 F. App'x 187, 191 (5th Cir. 2014); *Est. of Noble v. Bollin*, No. 4:23-CV-716, 2025 WL 890458, at *7 (E.D. Tex. Mar. 21, 2025).

6. Below is a chart demonstrating each of Plaintiffs' arguments that the attached evidence would resolve, and the evidentiary item disproving Plaintiffs' arguments:

| Plaintiffs' Argument | Evidence |
|---|---|
| Plaintiffs misrepresent to the Court that CRU did not follow the Court's pre-motion procedures before filing Defendants' Amended Motion to Compel Discovery ("Amended MTC") seeking to compel Plaintiffs to produce their tax returns. *See* Pls.' Resp. (Dkt. #84) at 5–7. | CRU absolutely followed the Court's pre-motion procedures before filing its Amended MTC, as proven by the correspondence among the Court and the parties. *See* E-mail exchange between Monte K. Hurst and Lori Munoz (Feb. 5–6, 2024). |
| Plaintiffs argue that CRU's inclusion of their failures to respond to Request for Production No. 7 in the Amended MTC was unnecessary because Plaintiffs had already produced résumés in response to other requests for production. *See* Pls.' Resp. (Dkt. #84) at 3. | On February 23, 2024 (two weeks after CRU filed its Amended MTC), eight of the Plaintiffs amended their discovery responses to CRU's Second Request for Production No. 7 to represent that their production in response to this request was complete. *See* Ex. A.2, Pls.' Am. Resp. to CRU's Second Req. for Produc. No. 7. Five of those eight Plaintiffs produced additional résumés in response to this request. *See id.* |
| Plaintiffs argue that CRU is not entitled to recover its attorneys' fees with respect to the Amended MTC as it relates to its request for all of Riley's paystubs from July 1, 2021 to September 30, 2022, because the Court denied this request as moot. *See* Pls.' Resp. (Dkt. #84) at 2–3. | On February 23, 2024 (again, two weeks after CRU filed its Amended MTC), Riley amended his discovery response to CRU's Request for Production No. 8 to represent that his production in response to this request was complete. Riley also produced documents in response to this request. *See* Ex. A.2, Riley's Amended Response to CRU's Second Req. for Produc. No. 8. |
| Plaintiffs remain insistent that they produced Nickelberry's 2020 Wage and Income Transcripts to CRU in 2023. *See* Pls.' Resp. (Dkt. #84) at 3. | On August 14, 2026, CRU received, for the first time, Nickelberry's Wage and Income Transcript for the year 2020. *See* Ex. A.3, E-mail message from Kerry O'Brien to Mr. Hurst (Aug. 14, 2026). |
| Plaintiffs remain insistent that they produced Mansfield's 2022 Wage and Income Transcripts to CRU in 2023. *See* Pls.' Resp. (Dkt. #84) at 3. | On August 15, 2026, Plaintiffs' counsel finally admitted that they do not have, and therefore have not produced, Mansfield's Wage and Income Transcript for 2022. *See* Ex. A.4, E-mail message from Mr. O'Brien to Mr. Hurst (Aug. 15, 2026). |

7. Plaintiffs are opposed to the relief sought in this Motion. However, it would seem that the only reason Plaintiffs would oppose CRU's request for leave is because they do not want the Court to see the actual exchanges that they claim did not exist.

**PRAYER**

For all these reasons, CRU respectfully requests permission to file relevant and new evidence with their Reply, which is being filed immediately following this Motion, in accordance with LR CV-7(k).

Respectfully submitted,

MUNSCH, HARDT, KOPF & HARR, P.C.
500 North Akard Street, Suite 4000
Dallas, Texas 75201
214.855.7500
(f) 214.855.7584

By: Monte K. Hurst
Monte K. Hurst
State Bar No. 00796802
MHurst@munsch.com

Kristen A. Laster
State Bar No. 24076499
KBrumbalow@munsch.com

Ceicili S. Morales
State Bar No. 24141648
CMorales@munsch.com

*Counsel for Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*

**CERTIFICATE OF CONFERENCE**

On August 12, 2026, I discussed the relief sought herein with Plaintiffs' counsel. Plaintiffs' counsel communicated that Plaintiffs are opposed to the relief sought herein.

Monte K. Hurst
Monte K. Hurst

**CERTIFICATE OF SERVICE**

I certify that on August 18, 2026, I served a copy of the foregoing document on Plaintiffs' counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Kerry O'Brien
O'BRIEN LAW FIRM
1011 Westlake Drive
Austin, Texas 78746
KO@obrienlawpc.com

Mr. Travis Gasper
GASPER LAW, PLLC
633 West Davis Street
Dallas, Texas 75208
Travis@travisgasper.com

Monte K. Hurst
Monte K. Hurst