EXHIBIT
A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **C. M. COLLINS, N. J. LUNDY and R. C. L. MAYS,** ***individually and on behalf of all others similarly situated,*** | § | |
| ***Plaintiffs,*** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:22-cv-1073** |
| **CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC.,** | § | |
| ***Defendants.*** | § | |

# DECLARATION OF MONTE K. HURST

I, Monte K. Hurst, declare that the following statements are true and correct, and based on my personal knowledge.

1. My name is Monte K. Hurst. I am over the age of 18 years, have never been convicted of a crime involving moral turpitude, and am fully competent to make this Declaration. I affirm that the facts stated herein are true and correct and are based on my personal knowledge.

2. I am lead counsel for Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc. (collectively, "CRU") in this case. I offer this Declaration to supplement my Affidavit included as Exhibit A to Defendants' Application for Award of Attorneys' Fees Incurred in Making Their Motions to Compel, which was filed with the Court on July 28, 2026. My primary objective in submitting this supplemental Declaration is to authenticate documents that we believe disprove what we consider to be factual inaccuracies included in Plaintiffs' Response in Opposition to Defendants' Application for Award of Attorney[s'] Fees, which was filed with the Court on August 11, 2026.[1]

[1] The term "Plaintiffs" refers to the group comprised of the three individuals who initiated this lawsuit (Carla Collins; Nikki Lundy; and Rasheedah Mays) as well as the individuals who subsequently filed consents to join this lawsuit and on whom CRU served written discovery requests (Pamela James); Jill Mansfield ("Mansfield"); Sheena Nickelberry ("Nickelberry"); Basil Leo Riley, III ("Riley"); Ashley Ruise; and Tammy Russell-Brown).

3. On February 5, 2024, I sent an extensive e-mail message to the Court's Judicial Assistant, identifying and summarizing discovery issues in dispute as a preface to a potential motion to compel. Attached hereto as Exhibit A.1 is a true and correct copy of the e-mail message exchange between Lori Munoz and myself on February 5 and 6, 2024.

4. On February 6, 2024, the Court's Judicial Assistant responded as follows via e-mail:

> This is the same, or very similar, to the previous discovery dispute presented to the Court with a now pending Motion to Compel. For that reason, the Court does not think it would be productive to have a call regarding overlapping issues that stem from the same discovery dispute. The parties are free to file a motion to compel or an amended motion to compel.

Ex. A.1, E-mail message from L. Munoz to M. Hurst (Feb. 6, 2024).

5. With the Court's blessing, CRU prepared Defendants' Amended Motion to Compel Discovery ("Amended MTC") and filed it with the Court on February 9, 2024. *See* Defs.' Am. MTC (Dkt. #61).

6. On February 23, 2024 (two weeks after CRU filed its Amended MTC), eight of the Plaintiffs amended their discovery responses to CRU's Second Request for Production No. 7 to represent that their production in response to this request was complete. Five of those eight Plaintiffs produced additional résumés in response to this request. Attached hereto as Exhibit A.2 are true and correct copies of Plaintiffs' Amended Responses to CRU's Second Request for Production No. 7.

7. Also on February 23, 2024 (again, two weeks after CRU filed its Amended MTC), Riley amended his discovery response to CRU's Request for Production No. 8 to represent that his production in response to this request was complete. Riley also produced documents in response to this request. *See* Ex. A.2, Riley's Am. Resp. to CRU's Second Req. for Prod. No. 8.

8. On August 14, 2026, Plaintiffs produced some documents in response to the Court's Memorandum Opinion and Order issued on July 14, 2024 (Dkt. #78). Included in this production was Nickelberry's Wage and Income Transcript for 2020. Attached hereto as Exhibit A.3 is a true and correct copy of an e-mail message from Kerry O'Brien to me on August 14, 2026.

9. Plaintiffs' production of Nickelberry's Wage and Income Transcript for 2020 on August 14, 2026, was the first time CRU had received it.

10. In Plaintiffs' Advisory to the Court filed on August 14, 2026, Plaintiffs represented that Mansfield's Wage and Income Transcript for the year 2022 had been produced to CRU in 2023. *See* Pls.' Advisory to the Ct. (Dkt. #85) at 4–5. This representation was inaccurate.

11. On August 15, 2026, I sent an e-mail message to Plaintiffs' counsel informing them that we had not received Mansfield's 2022 Wage and Income Transcript, and demanding that Plaintiffs immediately produce what they said they had already produced. Attached hereto as Exhibit A.4 is a true and correct copy of an e-mail exchange between K. O'Brien and me of August 15, 2026.

12. Later that evening, Plaintiffs' counsel responded by confirming that, as we had stated, Mansfield's 2022 Wage and Income Transcript had not been produced to us. *See id.*

My name is Monte K. Hurst.

My date of birth is May 13, 1971.

My address is 500 North Akard Street, Suite 4000

Dallas, Texas 75201.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED in Dallas, County, State of Texas, on this 18th day of August 2026.

Monte K. Hurst

MONTE K. HURST