**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **C. M. COLLINS, N. J. LUNDY, and R. C. L. MAYS,** ***individually and on behalf of all others similarly situated,*** | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 4:22-cv-01073-SDJ** |
| **v.** | § | |
| **CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC.,** | § | **Collective Action under 29 U.S.C. § 216(b)** |
| | § | **JURY DEMANDED** |
| **Defendants.** | § | |

**PLAINTIFFS' ADVISORY TO THE COURT RE:**
**WITHDRAWAL OF OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE**

COMES NOW, Plaintiffs, who hereby **withdraw** their objection to Defendants' Motion for Leave.[1] (Dkt. No. 87.)

1. On August 11, 2026, Plaintiffs filed their Response to Defendants' Application for Fees (Dkt. No. 84), which in relevant part alleged that Defendants had failed to follow the Court's procedures before submitting the issue of compelling the production of tax returns to the Court by motion. Defendants' Motion for Leave (Dkt. No. 87) and their Reply (Dkt. No. 88) point out that there was an email exchange with the Court in February 2024 that concerns conferencing with the Court about that issue. That is correct, and on that basis, Plaintiffs withdraw their opposition to Defendants' Motion for Leave.

---

[1] For purposes of this Advisory, "Plaintiffs" continues to refer to the 9 Plaintiffs to whom this discovery dispute applies. See Dkt. No. 84, FN 1.

2. An explanation to the Court on this issue seems warranted. The representation in Plaintiffs' Response to the contrary was an unintentional oversight. Accordingly, Plaintiffs withdraw the contention in Paragraph 11 of their Response (Dkt. No. 84) that Defendants failed to contact the Court's chambers before filing their Amended Motion to Compel. The undersigned counsel for Plaintiffs take very seriously their obligations of accuracy and candor, not just with the Court, but also with counsel for opposing parties.

3. With that said, these discovery issues had remained effectively dormant for two-and-a-half years while the discovery motions remained pending. Plaintiffs' counsel did not recall the February 2024 emails when recently preparing Plaintiffs' Response. Counsel did specifically recall that the only pre-motion discovery call with the Court, held on November 27, 2023, did not address tax returns, and that the Court's minute entry confirmed the parties had "met the Court's conference requirement for the discovery disputes discussed during the call." (Dkt. No. 38.) Defendants' counsel first demanded production of all Plaintiffs' tax returns over Plaintiffs' objections two months later. (Dkt. No. 84, Exhs. 2-3.) As the Court observed, Defendants "'never raised an issue concerning tax returns' in [their] original motion to compel or at the telephone conference with the Court," and Defendants "offer[ed] little explanation for why [they] did not raise the issue of tax returns earlier." (Dkt. No. 78 at 8.) Indeed, the Court recognized that Defendants "may have been dilatory in raising the issue of Plaintiffs' tax returns." (*Id.*)

4. On August 12, 2026, Defendants' counsel conferred by email about their intent to add new evidence to Defendants' Application, but did not disclose the February 2024 emails or this issue as a basis for that need. While this does not take away from Plaintiffs' original error, had Defendants' counsel done so, Plaintiffs would have promptly filed a corrected Response with a footnote candidly acknowledging the unintentional oversight. This would have avoided the need

for Defendants' briefing, this Advisory, and the Court's subsequent consideration of both. Plaintiffs' first refresher on the February 2024 email exchange occurred when reviewing Defendants' Motion for Leave after it was filed with the Court.

5. Plaintiffs continue to urge their other arguments in opposition to Defendants' Fee Application, and will timely file a Surreply in response to Defendants' Reply.

Respectfully submitted,

**Kerry V. O'Brien**
Texas Bar No. 24038469

O'BRIEN LAW FIRM
TEXASEMPLOYEES.COM

1011 Westlake Drive
Austin, Texas 78746
phone: (512) 410-1960
fax: (512) 410-6171
email: ko@obrienlawpc.com

**LEAD COUNSEL FOR PLAINTIFFS**

and

*/s/ Travis Gasper*
**Travis Gasper**
Texas Bar No. 24096881

GASPER LAW, PLLC
633 West Davis Street
Dallas, Texas 75208
phone: (469) 694-1800
fax: (833) 957-2957
email: travis@gasperplan.com

**CO-COUNSEL FOR PLAINTIFFS**