**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **C. M. COLLINS, N. J. LUNDY, and R. C. L. MAYS, *individually and on behalf of all others similarly situated,*** | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 4:22-cv-01073-SDJ** |
| **v.** | § | |
| | § | **Collective Action under 29 U.S.C. § 216(b)** |
| **CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC.,** | § | **JURY DEMANDED** |
| **Defendants.** | § | |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO**
**<u>DEFENDANTS' APPLICATION FOR AWARD OF ATTORNEY FEES</u>**

Nine Plaintiffs file this Sur-Reply in further opposition to Defendants' Application for Attorneys' Fees (Dkt. No. 81), responding to Defendants' Reply (Dkt. No. 88) and the exhibits to their Motion for Leave (Dkt. No. 87), which the Court granted (Dkt. No. 91).

## I. PLAINTIFFS' ADVISORY RESOLVES THE PRE-MOTION-CONFERENCE POINT.

1. By their Advisory (Dkt. No. 90), Plaintiffs withdrew their opposition to Defendants' Motion for Leave and the contention in Paragraph 11 of their Response (Dkt. No. 84) that Defendants failed to contact chambers before filing their Amended Motion to Compel, and they stand on that withdrawal. What remains rests on the Court's own findings: the only pre-motion conference covered "the discovery disputes discussed during the call" of November 27, 2023 (Dkt. No. 38), and Defendants "never raised an issue concerning tax returns" in their original motion or at that conference and "may have been dilatory in raising the issue of Plaintiffs' tax returns." (Dkt.

No. 78, p. 8.) Chambers' February 2024 advice that Defendants could file an amended motion (Dkt. No. 87, Ex. A.1) does not alter those findings.

## II. THE "LACK OF CANDOR" RHETORIC IS NO BASIS TO SHIFT FEES TO COUNSEL.

2. Defendants' Reply asks the Court to visit their fees upon Plaintiffs' counsel personally, invoking *Simmons* and accusing counsel of a lack of candor. As the Advisory explains, these disputes had been dormant for two-and-a-half years; counsel did not recall the February 2024 email exchange when preparing the Response, and counsel's first refresher on it came upon reviewing Defendants' Motion for Leave after it was filed. (Dkt. No. 90.) Plaintiffs promptly corrected the record, withdrew the statement, and acknowledged the oversight. (Id.) That is not a lack of candor, and Rule 37(a)(5) directs any award at the conduct that necessitated the motions, not at counsel who corrected an error once it was brought back to their attention.

## III. DEFENDANTS' "96% SUCCESS" CLAIM MISSTATES THE COURT'S RULINGS.

3. Defendants' Reply asserts a "96%" success rate. That arithmetic treats each plaintiff-request pairing as an equally weighted, binary unit, converting partial relief, conditional relief, and post-motion production into full "wins" while ignoring the work actually devoted to each issue. The Court granted the tax-return request only in part, conditioned on each Plaintiff's reasonable ability to obtain the documents; conditioned the Facebook ruling on Plaintiff Collins's reasonable ability to access and download the data; denied the W-2/1099 request in part because Wage and Income Transcripts containing the same information had been produced; and denied the résumé request (except as to Mays) and the Riley paystub request as moot. (Dkt. No. 78.) Post-motion production does not convert mixed and conditional relief into near-total success or relieve Defendants of their burden to tie the fees sought to the issues on which relief was obtained, the

parties whose conduct required it, and the fees that conduct caused. *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 416 (5th Cir. 2022); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

## IV. A SELF-SELECTED "VOLUNTARY REDUCTION" IS NOT APPORTIONMENT.

4. Defendants answer the segregation problem by pointing to the reduction they applied before filing, from $97,616.00 incurred to $63,978.00 sought. (Dkt. No. 81, pp. 4–5.) A discount chosen unilaterally by the applicant is not apportionment; it identifies no issue and no Plaintiff. The Court's invitation to seek fees under Rule 37(a)(5) does not answer amount: the motions were granted in part and denied in part, subsection (C) authorizes apportionment, and subsection (A) still excepts substantially justified positions and unjust awards. Defendants seek the full $63,978.00 without allocating it among the particular Plaintiffs, counsel, or discovery issues whose conduct allegedly necessitated it.

## V. THE APPLICATION'S OWN RECORDS CANNOT SUPPORT THE AWARD SOUGHT.

5. Defendants' own Application, affidavit, and billing records show that a reduction is warranted:

a. **The fee-application hours are claimed at elevated rates.** The 24.4 hours spent preparing the Application are claimed at $625.00 and $420.00 per hour (Dkt. No. 81, p. 5), above the $520.00 at which Mr. Hurst's motion work was billed and far above the $180.00 at which Ms. Morales's 2023–2024 time was billed. (Ex. A, Hurst Aff. ¶ 56.) The most recent authorities Defendants themselves cite found rates of $385.00 to $550.00 reasonable in this District. *Benham v. Five Point Dental Specialists, Inc.*, No. 4:24-CV-484-SDJ, 2024 WL 3848530, at *2 (E.D. Tex. Aug. 16, 2024); *Natour v. Bank of Am.,*

*N.A.*, No. 4:21-CV-00331, 2022 WL 3581396, at *3–4 (E.D. Tex. Aug. 19, 2022). Beyond Mr. Hurst's general opinion on customary rates, Defendants offer no evidence specific to Ms. Morales explaining that increase. (Ex. 1, ¶ 9.)

b. **The November 27, 2023 conference.** For a conference lasting one hour and twenty-two minutes, the claimed entries include 4.5 attorney-hours ($1,935.00) attending and 11.1 hours ($5,124.00) preparing. Mr. O'Brien's declaration allows Mr. Hurst 1.4 hours of attendance and 2.0 hours of preparation ($1,768.00) and treats the remaining $5,291.00 as excessive. (Ex. 1, ¶ 6.)

c. **The fees-on-fees request has no time entries behind it.** The $11,273.00 claimed for 24.4 hours preparing the Application rests on no contemporaneous time records: the highlighted entries in Exhibit A.9 cover only the motion and conference work (Dkt. No. 81, p. 4), and the application hours appear solely in the affidavit's summary allocation. Plaintiffs do not contend that fees-on-fees are categorically unavailable, but Defendants' own authority places the burden on the applicant to establish its hours "through the presentation of adequately recorded time records," *Benham*, 2024 WL 3848530, at *3, and a summary allocation does not permit the Court to test necessity, duplication, or billing judgment for that $11,273.00.

## VI. THE O'BRIEN DECLARATION ADDRESSES DEFENDANTS' COMPLAINTS.

6. Defendants fault Plaintiffs for opposing without a declaration. Plaintiffs submit the Declaration of Kerry V. O'Brien (Ex. 1), covering his qualifications, his review of Defendants' billing records, the figures in Section V, and the rates claimed for the fee-application work.

7. The Declaration also offers what Defendants' filings never do: a concrete framework. Excluding the $11,273.00 unsupported by any time entries and the $5,291.00 of

excessive conference time yields, before any apportionment, a ceiling of $47,414.00. (Ex. 1, ¶¶ 6, 10.) Apportioning that remainder to the issues on which relief was granted and the Plaintiffs responsible reduces it further; that exercise is the applicant's burden, not Plaintiffs' (contra Dkt. No. 88, pp. 11–12), and Defendants have not attempted it. That framework, not an unallocated demand for the whole, is what Rule 37(a)(5)(C) contemplates. Plaintiffs offer it in the alternative and without waiver of their primary position that no award should issue.

## CONCLUSION AND PRAYER

For these reasons and those stated in their Response (Dkt. No. 84), as clarified by their Advisory (Dkt. No. 90), Plaintiffs respectfully request that the Court deny Defendants' Application in its entirety or, alternatively, apportion any award under Rule 37(a)(5)(C) to the specific issue and Plaintiff responsible and reduce it to the fees Defendants' own records support, consistent with Exhibit 1, and grant all other relief to which Plaintiffs are entitled.

Respectfully submitted,

Kerry V. O'Brien
Texas Bar No. 24038469
O'BRIEN LAW, P.C.
1011 Westlake Drive
Austin, Texas 78746
phone: (512) 410-1960
fax: (512) 410-6171
email: ko@obrienlawpc.com

LEAD COUNSEL FOR PLAINTIFFS

Travis Gasper
Texas Bar No. 24096881
GASPER LAW PLLC
633 West Davis Street
Dallas, Texas 75208
phone: (469) 694-1800
fax: (833) 957-2957
email: travis@gasperplan.com

CO-COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on August 25, 2026, this document was filed via the Court's CM/ECF system, which will serve a copy on all counsel of record.

Kerry V. O'Brien