**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **C. M. COLLINS, N. J. LUNDY, and R. C. L. MAYS,** ***individually and on behalf of all others similarly situated,*** | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 4:22-cv-01073-SDJ** |
| **v.** | § | |
| **CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC. ,** | § | **Collective Action under 29 U.S.C. § 216(b)** |
| | § | **JURY DEMANDED** |
| **Defendants.** | § | |

**DECLARATION OF KERRY V. O'BRIEN**
**IN SUPPORT OF PLAINTIFFS' SUR-REPLY IN OPPOSITION**
**TO DEFENDANTS' APPLICATION FOR ATTORNEY FEES (DKT. 81)**

Pursuant to 28 U.S.C. § 1746, I, Kerry V. O'Brien, declare as follows:

**Background and Qualifications**

1. My name is Kerry V. O'Brien. I am over the age of eighteen, of sound mind, and fully competent to make this declaration. The facts stated here are within my personal knowledge and are true and correct. I am the principal of the O'Brien Law Firm, P.C. in Austin, Texas, and lead counsel for Plaintiffs in this action.

2. I earned my J.D. from The University of Texas School of Law in 2002 and have been licensed to practice law in Texas since 2002. I am admitted to practice before the United States District Courts for the Eastern, Northern, Southern, and Western Districts of Texas and the United States Court of Appeals for the Fifth Circuit.

3. Before founding my firm in 2008, I served as an Assistant Attorney General for the Office of the Attorney General of Texas, as a hearing officer for the Texas Workforce Commission,

and as a city prosecutor and assistant city attorney for municipalities in the Austin area. Since 2008, my practice has been devoted to representing employees, executives, and independent contractors in Texas compensation disputes, including unpaid overtime claims under the Fair Labor Standards Act. I am Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization and have been selected to the Texas Super Lawyers list for 2023 through 2026.

**Review of Defendants' Application and Billing Records**

4. I have carefully reviewed Defendants' Application for Award of Attorneys' Fees (Dkt. No. 81), the Affidavit of Monte K. Hurst submitted as Exhibit A, and the billing records submitted as Exhibit A.9 (Dkt. No. 81-10).

5. By the Application's own allocation tables, Defendants claim 51.3 hours for drafting the Emergency Motion to Compel and preparing for and participating in two corresponding conferences ($22,396.50, at $520.00 per hour for Mr. Hurst and $385.00 per hour for three other timekeepers), and 68.8 hours for the Amended Motion to Compel and corresponding conference ($30,308.50, at the same rates), which is a total of 120.1 hours and $52,705.00 for the underlying motion and conference work. (Dkt. No. 81, p. 5.) Defendants separately claim 24.4 hours for preparing the Application itself, allocated at $625.00 per hour for Mr. Hurst (5.0 hours) and $420.00 per hour for Ms. Morales (19.4 hours), totaling $11,273.00. (Id.) Those components together account for the $63,978.00 sought in the Application's prayer.

6. The claimed entries include time that is excessive or duplicative on the face of the records. For the November 27, 2023 telephone conference with the Court, which lasted one hour and twenty-two minutes, the claimed entries include 4.5 attorney-hours ($1,935.00) attending the conference and another 11.1 hours ($5,124.00) preparing for it (for a total of $7,059.00). It is my

opinion that the time for actual attendance at the conference by Defendants' lead counsel Mr. Hurst (1.4 hours at $520/hour = $728.00) as well as 2.0 hours for preparation for the conference by Mr. Hurst (2.0 hours at $520/hour = $1,040.00) would constitute reasonable fees totaling $1,768.00 for those time entries combined. That would constitute a reduction of $5,291.00 for those combined entries. And the Application states a request of $62,103.00 on its first page while praying for $63,978.00, which is an internal inconsistency the Application does not explain.

7. No contemporaneous time entries support the 24.4 hours claimed for preparing the Application. The Application states that the highlighted entries in Exhibit A.9 cover the motion and conference work (Dkt. No. 81, p. 4); the application hours appear only in the affidavit's summary allocation. Without itemized entries, it is not possible to test the necessity of those hours, the allocation of tasks between the two timekeepers, or the billing judgment applied to them.

**Opinion on the Rates Claimed for the Fee-Application Work**

8. Through my own practice, my review of fee applications and fee awards, and my consultation with other employment litigators, I am familiar with the hourly rates customarily charged by attorneys handling employment litigation in the Eastern District of Texas and the Dallas–Fort Worth market.

9. In my opinion, the $625.00 hourly rate claimed for Mr. Hurst's fee-application work is excessive. Mr. Hurst billed $520.00 per hour for the substantive discovery-motion work for which Defendants seek fees, but increased his rate to $625.00 per hour for preparation of the fee application itself. The more recent authorities cited by Defendants found hourly rates of $550.00 and $455.00 reasonable in *Benham v. Five Point Dental Specialists, Inc.,* No. 4:24-CV-484-SDJ, 2024 WL 3848530, at *2 (E.D. Tex. Aug. 16, 2024), and rates of $385.00 to $425.00 reasonable in *Natour v. Bank of America, N.A.,* No. 4:21-CV-00331, 2022 WL 3581396, at 3–4

(E.D. Tex. Aug. 19, 2022). In addition, the Application claims Ms. Morales's 19.4 hours at $420.00 per hour although her time in this matter was billed at $180.00 per hour during the underlying discovery disputes. (Ex. A, Hurst Aff. ¶ 56.) Beyond Mr. Hurst's general opinion regarding customary rates, the Application offers no evidence specific to Ms. Morales's experience, qualifications, or comparable market rates explaining that increase.

**Proposed Apportionment**

10. The Court's July 14, 2026 order (Dkt. No. 78) granted Defendants' motions to compel in part and denied them in part. In my opinion, a principled computation of the fees at issue would (a) exclude the $11,273.00 in application work unsupported by any time entries; (b) remove the excessive and duplicative entries identified above, including an excessive $5,291.00 for the November 27, 2023 conference and preparation for it; and (c) apportion the remainder to reflect the requests on which relief was denied or granted only conditionally, and the fact that the conduct at issue was attributable to a subset of the individual Plaintiffs. Applying steps (a) and (b) produces $47,414.00. That figure is a ceiling: it does not reflect the apportionment described in step (c), which I have not attempted, and it is offered in the alternative and without waiver of Plaintiffs' position that no award should issue.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2026, in City of Austin, State of Texas.

Kerry O'Brien

Kerry V. O'Brien

xodo sign
by apryse

# Audit Trail

## Document Details

| | |
|---|---|
| **Title** | O'Brien Declaration 08-25-2026 |
| **File Name** | 2026-08-25 O'Brien Declaration (Final v2).pdf |
| **Document ID** | e6fc4c1caf3b4134a1f1dbf741ac6ad2 |
| **Fingerprint** | 1d951cc86974adc772544a7ae0f4ce3e |
| **Status** | Completed |

## Document History

| | | |
|---|---|---|
| **Document Created** | Document Created by Kerry O'Brien (ko@obrienlawpc.com)<br>Fingerprint: 04df25dc88005f502acbf2a9f840bf48 | Aug 25 2026<br>10:52PM<br>UTC |
| **Document Signed** | Document Signed by Kerry O'Brien (ko@obrienlawpc.com)<br>IP: 173.175.86.157<br> | Aug 25 2026<br>10:52PM<br>UTC |
| **Document Completed** | This document has been completed.<br>Fingerprint: 1d951cc86974adc772544a7ae0f4ce3e | Aug 25 2026<br>10:52PM<br>UTC |