UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CARLA M. COLLINS, ET AL., *individually and on behalf of all others similarly situated* | § | |
| v. | § | CIVIL NO. 4:22-CV-1073-SDJ |
| CATASTROPHE RESPONSE UNIT USA, INC., ET AL. | § | |

# ORDER

Before the Court is counsel for Plaintiff Rasheedah C.L. Mays's Motion to Withdraw as Counsel. (Dkt. #62). Having considered the motion, the Court concludes that the motion should be **GRANTED**. The Court further concludes that Plaintiff Mays's claims should be **DISMISSED without prejudice** pursuant to Rule 41(b).

## I. Background

Travis Andrew Gasper, of Gasper Law Firm PLLC, and Kerry Vincent O'Brien, of O'Brien Law Firm PC (together, "Mays's Counsel"), seek to withdraw from their representation of Plaintiff Mays, citing Mays's lack of communication. (Dkt. #62 at 1). Defendants are opposed only as to the language of the proposed order. (Dkt. #65 at 1). On July 14, 2026, the Court entered an order that, among other things, warned that if Mays did not comply with her discovery obligations, "the Court may dismiss her claims under Federal Rule of Civil Procedure 41(b) and grant counsel's motion to withdraw." (Dkt. #78 at 13–14). Mays's Counsel supplemented their motion to withdraw advising the Court of their further attempts to contact Mays on August 31, 2026. (Dkt. #95).

## II. Motion to Withdraw

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (quoting *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)). "The matter of attorney withdrawal is entrusted to the sound discretion of the court," and depends upon the facts and circumstances of each case. *Id.* (quoting *In re Wynn*, 889 F.2d at 646 (cleaned up)); *see also Augustson v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658, 663 (5th Cir. 1996). As stated in Local Rule AT-2(a), this Court looks to "the Rules Governing the State Bar of Texas . . . as a guide governing the obligations and responsibilities of all attorneys" appearing before the Court. *See IntelliGender, LLC v. Soriano*, No. 2:10-CV-125-JRG, 2012 WL 1118820, at *1 (E.D. Tex. Apr. 3, 2012). Under those rules, a lawyer may withdraw from representing a client if "good cause for withdrawal exists." Tex. Discip. Rules of Prof'l Conduct R. 1.16(b)(7).

Mays's Counsel cites their reason for withdrawal as her "complete lack of communication and cooperation with her counsel." (Dkt. #62 at 1). As a result, her counsel further states: "The attorney-client relationship has broken down entirely, and continued representation is unreasonably difficult." (Dkt. #95 at 4).

Mays's Counsel's filings underscore their diligent efforts to communicate with Mays and confirm that they have not been able to contact or confer with Mays since November 13, 2023. (Dkt. #62 at 2). Since then, Mays's Counsel have attempted numerous communications, including by phone, text, email, registered mail,

Registered Email,[1] and a private process sever. (Dkt. #62 at 2–4). After filing their motion to withdraw, Mays's Counsel again tried to contact Mays. They engaged another process server, obtained an updated address for Mays via a LexisNexis skip-tracing report, and attempted to contact her by certified mail, email, phone, and text message. (Dkt. #95 at 2–4). All these efforts were unsuccessful. (Dkt. #95 at 2-4). At this time, Mays's Counsel "do not know her specific whereabouts." (Dkt. #62 at 3).

An attorney cannot represent a client who will not communicate with her counsel let alone one that will not participate in her case. Therefore, the Court finds good cause for Mays's Counsel's withdrawal from the representation of Mays.

## III. Dismissal Under Rule 41(b)

Fed. R. Civ. P. 41(b) allows a district court to sua sponte dismiss an action for a plaintiff's failure to prosecute its claims or comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citation omitted). A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

Mays has both failed to prosecute her case and comply with a court order. Having refused to communicate with her attorneys for nearly three years, the Court finds that Mays has failed to prosecute her case. The Court has also issued an order requiring Mays to produce documents in response to Defendants' requests for

[1] Mays's Counsel notes that Registered Email is a "certified electronic delivery service" (Dkt. #95 at 2). The service allows the user to confirm the receipt and opening of an email. (Dkt. #62 at 2). Mays's Counsel represent that Registered Mail confirmed Mays opened an email from them detailing Mays's litigation obligations and warning her that they would be forced to withdraw as her counsel, but she did not respond. (Dkt. #62 at 2–3).

production. (Dkt. #78 at 13–14). She has not produced the requested documents. (Dkt. #86 at 2). Accordingly, the Court finds Mays' claims should be dismissed without prejudice pursuant to Rule 41(b).

* * *

It is therefore **ORDERED** that Travis Andrew Gasper and Kerry Vincent O'Brien are withdrawn as counsel of record for Plaintiff Mays.

It is further **ORDERED** that all Plaintiff Mays's claims against Defendants are **DISMISSED without prejudice**.

**So ORDERED and SIGNED this 3rd day of September, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE