**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **C. M. COLLINS, N. J. LUNDY and R. C. L. MAYS,** ***individually and on behalf of all others similarly situated,*** | § | |
| ***Plaintiffs,*** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:22-cv-01073-SDJ** |
| **CATASTROPHE RESPONSE UNIT, INC. and CATASTROPHE RESPONSE UNIT USA, INC.,** | § | |
| ***Defendants.*** | § | |

# DEFENDANTS' ADVISORY TO THE COURT IDENTIFYING AND EXPLAINING OUTSTANDING PHASE-1 DISCOVERY

Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc. (collectively, "CRU") file this Advisory to the Court to identify and explain the discovery that (i) the Court ordered in its Memorandum Opinion and Order issued on July 14, 2026 (Dkt. #78) ("Order"), and (ii) remains outstanding even after the August 14, 2026 deadline by which such discovery was to be provided to CRU. CRU must secure this outstanding discovery—that the Court has already found to be relevant in phase-1 discovery in this proposed collective action under the Fair Labor Standards Act—to effectively respond to Plaintiffs' Motion for Notice (Dkt. #40).

## I.
## BACKGROUND FACTS

This lawsuit was initiated by Plaintiffs Carla Collins ("Collins"), Rasheedah Mays ("Mays"), and Nikki Lundy. Thereafter, between April 24, 2023 and November 9, 2023, the following individuals filed consents to join this lawsuit: Plaintiffs Pamela James ("James"); Jill Mansfield ("Mansfield"); Sheena Nickelberry ("Nickelberry"); Basil Leo Riley, III ("Riley"); Ashley Ruise ("Ruise"); and Tammy Russell-Brown ("Russell-Brown"). CRU served phase-1 written discovery requests on the three Plaintiffs who initiated this lawsuit and the six Plaintiffs identified above who filed consents to join this lawsuit.[1]

On July 14, 2026, the Court issued the Order granting in part and denying in part CRU's Emergency Motion to Compel Discovery and to Extend Deadline to File Response in Opposition to Plaintiffs' Motion for Notice (Dkt. #45) and CRU's Amended Motion to Compel Discovery (Dkt. #53). *See* Order (Dkt. 78). The Court ordered particular discovery to be completed by Plaintiffs by August 14, 2026. *See id.*

On September 3, 2026, the Court issued an Order granting the request of Kerry O'Brien and Travis Gasper to withdraw as Mays' counsel and dismissing Mays' claims without prejudice.

## II.
## ADVISORY

CRU hereby identifies and explains the discovery that (i) the Court ordered in the Order (Dkt. #78), and (ii) remains outstanding even after the August 14, 2026 deadline by which such discovery was to be provided to CRU.

[1] Other individuals filed consents to join this lawsuit after November 9, 2023, two of whom withdrew their consents thereafter.

## A. Rasheedah Mays

In its Order, the Court ordered Mays to produce the following by August 14, 2026:

- Her tax return or tax return transcript for the year 2022;
- Her tax returns or tax return transcripts for the years 2019–2021 (to the extent she is reasonably able to locate or obtain them);
- Her Forms W-2 and 1099 for the years 2019–2022 (to the extent she is reasonably able to locate or obtain them);
- Her Wage and Income Transcripts for the years 2019–2022 (to the extent that she had not done so yet); and
- Her résumé.

Mays failed to produce any of these materials by the August 14, 2026 deadline, and failed to produce any of these materials by the time of this filing.

Additionally, in its Order, the Court invited CRU to send Mays interrogatories seeking additional information regarding Mays' prior discovery responses. *See* Order (Dkt. #78) at 13. Therefore, CRU sent Mays on July 30, 2026, a set of interrogatories limited to such information. Mays failed to serve answers to these interrogatories by the August 31, 2026 deadline, and failed to serve answers by the time of this filing.

In light of such blatant non-compliance with a court order, CRU re-urges its request for permission to file a motion for order to show cause why Mays is not in civil contempt, motion for contempt, and motion for sanctions. Although the Court has already dismissed Mays' claims without prejudice, CRU needs these materials because they will help show, in varying ways, that the members of Plaintiffs' proposed collective are not similarly situated. CRU would be significantly prejudiced in its opposition to the proposed collective as well as its defense to many of these claims on the merits if it were deprived of the discovery that Mays simply refuses to

produce. She must be ordered to show cause as to why she should not be held in civil contempt, and if necessary, held in civil contempt until she complies with the Court's Order.

**B. Jill Mansfield**

In its Order, the Court ordered Mansfield to produce the following by August 14, 2026:

- Her tax return or tax return transcript for the year 2022;
- Her tax returns or tax return transcripts for the years 2019–2021 (to the extent she is reasonably able to locate or obtain them);
- Her Forms W-2 and 1099 for the year 2022 (to the extent she is reasonably able to locate or obtain them); and
- Her Wage and Income Transcripts for the year 2022 (to the extent that she had not done so yet).

Mansfield failed to produce any of these materials by the August 14, 2026 deadline, and failed to produce any of these materials by the time of this filing.

In light of such blatant non-compliance with a court order, CRU re-urges its request for permission to file a motion for order to show cause why Mansfield is not in civil contempt, motion for contempt, and motion for sanctions. Plaintiffs' counsel advised CRU's counsel on August 15, 2026, that they do not anticipate being able to secure Mansfield's tax records voluntarily. *See* Defs.' Mot. for Leave, Ex. A.4, E-mail message from Kerry O'Brien to Monte K. Hurst (Aug. 15, 2026) (Dkt. #87-5). Plaintiffs' counsel advised in Plaintiffs' 1st Amended Advisory to the Court, filed on August 16, 2026, that Mansfield was unwilling to comply with the Court's Order. *See* Pls.' 1st Am. Advisory to Ct. (Dkt. #86) at 5–6.

CRU needs these materials because they will help show, in varying ways, that the members of Plaintiffs' proposed collective are not similarly situated. Specifically, Mansfield testified in her deposition that she claimed various business expenses on her taxes. *See* Ex. A.4, Oral Videotaped Deposition of Jill Mansfield (Oct. 29, 2023), at 127:23–128:24. CRU would be significantly

prejudiced in its opposition to the proposed collective as well as its defense to many of these claims on the merits if it were deprived of the discovery that Mansfield simply refuses to produce. She must be ordered to show cause as to why she should not be held in civil contempt, and if necessary, held in civil contempt until she complies with the Court's Order.

**C. Tammy Russell-Brown**

In its Order, the Court ordered Russell-Brown to produce the following by August 14, 2026:

- Her tax return or tax return transcript for the year 2022;
- Her tax returns or tax return transcripts for the years 2019–2021 (to the extent she is reasonably able to locate or obtain them);
- Her Forms W-2 and 1099 for the years 2019–2022 (to the extent she is reasonably able to locate or obtain them); and
- Her Wage and Income Transcripts for the years 2019–2022 (to the extent that she had not done so yet).

Russell-Brown failed to produce any of these materials by the August 14, 2026 deadline, and failed to produce any of these materials by the time of this filing.

In light of such blatant non-compliance with a court order, CRU re-urges its request for permission to file a motion for order to show cause why Russell-Brown is not in civil contempt, motion for contempt, and motion for sanctions. Plaintiffs' counsel advised in Plaintiffs' 1st Amended Advisory to the Court, filed on August 16, 2026, that Russell-Brown was unwilling to comply with the Court's Order. *See* Pls.' 1st Am. Advisory to Ct. (Dkt. #86) at 6.

CRU needs these materials because they will help show, in varying ways, that the members of Plaintiffs' proposed collective are not similarly situated. CRU would be significantly prejudiced in its opposition to the proposed collective as well as its defense to many of these claims on the merits if it were deprived of the discovery that Russell-Brown simply refuses to produce. She

must be ordered to show cause as to why she should not be held in civil contempt, and if necessary, held in civil contempt until she complies with the Court's Order.

**D. Sheena Nickelberry**

In its Order, the Court ordered Nickelberry to produce by August 14, 2026, her tax return or tax return transcript for the year 2020 (to the extent she is reasonably able to locate or obtain it). CRU did not receive Nickelberry's tax return or tax return transcript for the year 2020 by the August 14, 2026 deadline, and has not received either as of the time of this filing. In their Response in Opposition to Defendants' Application for Award of Attorney[s'] Fees ("Response"), filed on August 11, 2026, Plaintiffs represent that they will order from the Internal Revenue Service (IRS), by August 14, 2026, the tax return transcript for any year among 2019, 2020 and 2021 for which a "cooperating" Plaintiff was not able to locate the tax return. *See* Pls.' Resp. (Dkt. #84) at 3 n.3. The IRS allots 5 to 10 calendar days for delivery. *See* https://www.irs.gov/individuals/transcript-types-for-individuals-and-ways-to-order-them (last visited on Sept. 5, 2026).

**E. Ashley Ruise**

In its Order, the Court ordered Ruise to produce by August 14, 2026, her tax return or tax return transcript for the years 2019 and 2020 (to the extent she is reasonably able to locate or obtain them). CRU did not receive Ruise's tax return or tax return transcript for the years 2019 and 2020, and has not received them as of the time of this filing. In their Response, filed on August 11, 2026, Plaintiffs represent that they will order from the IRS, by August 14, 2026, the tax return transcript for any year among 2019, 2020 and 2021 for which a "cooperating" Plaintiff was not able to locate the tax return. *See* Pls.' Resp. (Dkt. #84) at 3 n.3. The IRS allots 5 to 10 calendar days for delivery. *See* https://www.irs.gov/individuals/transcript-types-for-individuals-and-ways-to-order-them (last visited on Sept. 5, 2026).

**F. Basil Leo Riley III**

In its Order, the Court ordered Riley to produce by August 14, 2026, his tax return or tax return transcript for the years 2019–2021 (to the extent he is reasonably able to locate or obtain them). CRU did not receive Riley's tax return or tax return transcript for the years 2019–2021 by the August 14, 2026 deadline, and has not received them as of the time of this filing. In their Response, filed on August 11, 2026, Plaintiffs represent that they will order from the IRS, by August 14, 2026, the tax return transcript for any year among 2019, 2020 and 2021 for which a "cooperating" Plaintiff was not able to locate the tax return. *See* Pls.' Resp. (Dkt. #84) at 3 n.3. The IRS allots 5 to 10 calendar days for delivery. *See* https://www.irs.gov/individuals/transcript-types-for-individuals-and-ways-to-order-them (last visited on Sept. 5, 2026).

**G. Pamela James**

In its Order, the Court ordered James to produce by August 14, 2026, her tax return or tax return transcript for the year 2019 (to the extent she is reasonably able to locate or obtain it). CRU did not receive James' tax return or tax return transcript for the year 2019 by the August 14, 2026 deadline, and has not received either as of the time of this filing. In their Response, filed on August 11, 2026, Plaintiffs represent that they will order from the IRS, by August 14, 2026, the tax return transcript for any year among 2019, 2020 and 2021 for which a "cooperating" Plaintiff was not able to locate the tax return. *See* Pls.' Resp. (Dkt. #84) at 3 n.3. The IRS allots 5 to 10 calendar days for delivery. *See* https://www.irs.gov/individuals/transcript-types-for-individuals-and-ways-to-order-them (last visited on Sept. 5, 2026).

**H. Carla Collins**

In its Order, the Court ordered Collins to, by August 14, 2026, (i) produce, for each Facebook account Collins was managing on a day when she claims to have been working for CRU,

all of the items in each of the folders in her Facebook Activity Log (including posts, messages, comments and reactions, stories, groups, pages, events, and other activity) ("Facebook Data"), that she is reasonably able to access and download, and, (ii) to the extent she is not able to reasonably access or download any of the requested Facebook Data, be prepared to explain, in detail, the steps taken to access or download her Facebook Data and the reasons she was unable to do so. *See* Order (Dkt. #78) at 12. In August 2026, Collins produced data from a *single* Facebook account (formerly "Carla Collins"; currently "Carla Moore"). As explained below, Collins had been (and may still be) operating *multiple* Facebook accounts and therefore disregarded the Court's Order by not producing data from *all* of the Facebook accounts she was managing on a day when she claims to have been working for CRU. If Collins can now only access one of her many Facebook accounts (as her counsel represents), then Collins must show that to be the case, by demonstrating attempts to access her Facebook accounts with all of her e-mail addresses and all of her phone numbers.

CRU needs all of the Facebook Data materials because it will help show, in varying ways, that the members of Plaintiffs' proposed collective are not similarly situated. CRU would be significantly prejudiced in its opposition to the proposed collective as well as its defense to many of these claims on the merits if it were deprived of the discovery that Collins has failed to produce.

Plaintiffs attached a declaration from Collins to their 1st Amended Advisory to the Court, wherein Collins testifies that there are only two e-mail addresses that have been associated with Facebook accounts created or managed by her over the last 10 years: carlamcollins@yahoo.com; askshesus@yahoo.com. *See* Pls.' 1st Am. Advisory to Ct., Ex. 1, Declaration of Carla Moore ("Moore Decl.") (Dkt. #86-1) ¶ 3. However, this representation is unlikely in light of the following:

- A screenshot that Plaintiffs' counsel Travis Gasper attached to his declaration, filed on December 19, 2023, shows that Collins had at least *four* Facebook accounts at the time the screenshot was taken in December 2023: "Carla Collins" (Collins has since changed the name of this account to "Carla Moore"); "Marie Collins"; "Ask Shesus"; and "Shesus Christiana". *See* Pls.' Resp. to Defs.' Em. Mot. to Compel, Ex. 1, Declaration of Travis Gasper ("Gasper Decl.") (Dkt. #47-1) ¶ 7, Fig. 5. It is a violation of Facebook policy for a user to maintain more than one personal account.[2] Therefore, a user cannot create multiple Facebook accounts from the same e-mail address or phone number. For Collins to have (had) at least four Facebook accounts, she would have (had) to use a separate e-mail address/phone number to create each of these four accounts.

- Again, Collins testifies in her declaration that there are only two e-mail addresses that have been associated with Facebook accounts created or managed by her in the last 10 years: carlamcollins@yahoo.com; askshesus@yahoo.com. *See* Pls.' 1st Am. Advisory to Ct., Ex. 1, Moore Decl. (Dkt. #86-1) ¶ 3. However, Collins testified in her deposition on October 19, 2023, that she had used only the following three e-mail addresses over the preceding three years: mswhodatnation00@gmail.com; mscarlamarie@icloud.com; carlamcollins@yahoo.com. Ex. A.3, Oral and Videotaped Deposition of Carla Collins ("Collins Dep.") (Oct. 19, 2023), 38:18–19; 38:24–39:1; 39:24–40:16.

- Again, Collins produced in August 2026, Facebook data from a single Facebook account (formerly "Carla Collins"; currently "Carla Moore"). Facebook messages from the produced Facebook data reveals that Collins had two previously undisclosed e-mail accounts [redacted] that are different than (i) the two e-mail addresses that Collins testified in her declaration are the only two e-mail addresses that have been associated with Facebook accounts created or managed by her over the last 10 years (carlamcollins@yahoo.com; askshesus@yahoo.com), and (ii) the three e-mail addresses that Collins testified in her deposition were the only e-mail addresses she had used over the preceding three years: mswhodatnation00@gmail.com; mscarlamarie@icloud.com; carlamcollins@yahoo.com. Ex. A.1, Facebook message from C. Collins (Aug. 26, 2021); Ex. A.2, Facebook message from C. Collins (May 18, 2022); Ex. A.3, Collins Dep., 38:18–19; 38:24–39:1; 39:24–40:16. The Facebook data produced by Collins in August 2026, also reveals that she had two cellphone numbers [redacted] that are different than the phone number in the screenshot that Mr. Gasper says Collins entered to try to access her Facebook profiles/accounts (ending in **18), and found that it is not associated with any Facebook account. *See* Ex. A.2, Facebook message from C. Collins (May 18, 2022); Pls.' Resp. to Defs.' Em. Mot. to Compel, Ex. 1, Gasper Decl. (Dkt. #47-1) ¶ 7, Fig. 7.

[2] *See* Facebook, https://www.facebook.com/help/975828035803295/?helpref=uf_share (last visited Sept. 3, 2026).

- CRU believes that Collins has been, or had been, able to access more of her Facebook accounts than the one she now claims is the only one she can access, and thus failed to abide by the Court's Order by producing data from a single Facebook account. For example, Collins' "Marie Collins" Facebook account shows that the profile was "updated two years ago," which would have been in 2024, after the date on which Plaintiffs represented that Collins could no longer access that account. *See* Ex. A.5, screenshot of Collins' "Marie Collins" Facebook account; Pls.' Resp. to Defs.' Em. Mot. to Compel (Dkt. #47) at 5.

Here is a table illustrating Collins' inconsistencies:

| E-mail Address | Declaration: Only e-mail addresses used for FB accounts | Deposition: Only e-mail addresses used in 2021–23 | Undisclosed e-mail addresses in 2021–22 FB messages |
|---|---|---|---|
| carlamcollins@yahoo.com | Yes | Yes | n/a |
| askshesus@yahoo.com | Yes | No | n/a |
| [redacted] | No | No | Yes |
| [redacted] | No | No | Yes |
| mswhodatnation00@gmail.com | No | Yes | n/a |
| mscarlamarie@icloud.com | No | Yes | n/a |

The important information that CRU seeks in Collins' Facebook Data cannot be obtained through a third-party subpoena because Facebook (Meta) will not produce private messages, timeline posts, or photos in response to a third-party subpoena.[3] Therefore, CRU can only obtain this information from Collins.

Collins must now take the following steps to provide the Facebook Data from all of the Facebook accounts that she can access using all of her e-mail addresses and phone numbers, or to demonstrate her attempts to access all of her Facebook accounts using all of her e-mail addresses and all of her phone numbers:

- Access each of her Facebook accounts using every e-mail address and phone number she has used—including, at minimum, carlamcollins@yahoo.com, askshesus@yahoo.com, [redacted], [redacted], mswhodatnation00@gmail.com, and mscarlamarie@icloud.com, and the phone numbers ending in **18, [redacted], and [redacted].

[3] *See* Facebook, https://www.facebook.com/help/messenger-app/133221086752707/?helpref=uf_share (last visited Sept. 3, 2026).

- Take screenshots evidencing each access attempt and the result of each attempt (whether successful or unsuccessful).

- Identify any additional e-mail addresses or phone numbers she has used to create or access Facebook accounts in the last 10 years that are not listed above.

We believe these steps are the minimum necessary to satisfy the Court's directive that Collins "explain, in detail, the steps taken to access or download" her Facebook Data.

Respectfully submitted,

MUNSCH, HARDT, KOPF & HARR, P.C.
500 North Akard Street, Suite 4000
Dallas, Texas 75201
214.855.7500
(f) 214.855.7584

By: Monte K. Hurst
Monte K. Hurst
State Bar No. 00796802
MHurst@munsch.com

Kristen A. Laster
State Bar No. 24076499
KBrumbalow@munsch.com

Ceicili S. Morales
State Bar No. 24141648
CMorales@munsch.com

*Counsel for Defendants Catastrophe Response Unit, Inc. and Catastrophe Response Unit USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 5, 2026, I served a copy of the foregoing document on Plaintiffs' counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Kerry O'Brien
O'BRIEN LAW FIRM
1011 Westlake Drive
Austin, Texas 78746
KO@obrienlawpc.com

Mr. Travis Gasper
GASPER LAW, PLLC
633 West Davis Street
Dallas, Texas 75208
Travis@travisgasper.com

Monte K. Hurst
Monte K. Hurst